UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 22  3 03 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P., | : |
| Plaintiff, | : CIVIL ACTION NO.<br>: 3:01CV896(MRK) |
| v. | : |
| BENJAMIN SCHILBERG, et al., | : |
| | : OCTOBER 21, 2003 |
| Defendants. | : |

### DEFENDANT BENJAMIN SCHILBERG'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Benjamin Schilberg ("Schilberg") hereby responds to Plaintiff CadleRock Properties Joint Venture, L.P.'s ("CadleRock") November 30, 2001 Amended Complaint by asserting his answer and affirmative defenses as follows:

### ANSWER

#### JURISDICTION AND VENUE

1. Schilberg leaves CadleRock to its proof.

2. Schilberg denies that CadleRock has suffered damage. Schilberg admits that the subject property is located in Connecticut. Except as stated above, Schilberg leaves CadleRock to its proof.

#### PARTIES

3. Schilberg leaves CadleRock to its proof.

4. Admitted.

5-28. Schilberg need not respond to these paragraphs.

FIRST COUNT (42 U.S.C. § 9613)

1-28. Schilberg hereby incorporates his responses to Paragraphs 1 through 28 above as if fully set forth herein.

29. Schilberg leaves CadleRock to its proof.

30. Schilberg need not respond to this paragraph.

31. Schilberg need not respond to this paragraph.

32. Schilberg leaves CadleRock to its proof. Schilberg further denies that CadleRock is entitled to claim all of the allegations in this paragraph in that CadleRock admitted in its memorandum of law dated March 20, 2002 that CadleRock could not claim petroleum contamination under CERCLA.

33-45. Schilberg need not respond to these paragraphs.

46. Schilberg admits that, for a very limited time and in a very limited area of the Site, Schilberg reclaimed copper from certain wire with the use of certain accelerants. Schilberg denies each and every other allegation contained in this paragraph.

47. Schilberg admits that the above-described activities were undertaken by him in his capacity as an individual d/b/a Schilberg Iron & Metal. Schilberg denies each and every other allegation contained in this paragraph.

48. Denied.

49. Schilberg need not respond to this paragraph.

50. Schilberg need not respond to this paragraph.

51. Schilberg need not respond to this paragraph.

2

52. Schilberg need not respond to this paragraph.

53. Schilberg leaves CadleRock to its proof.

54. Schilberg leaves CadleRock to its proof.

55. Denied. Schilberg further denies this paragraph in that CadleRock admitted in its memorandum of law dated March 20, 2002 that CadleRock is not entitled to claim joint and several liability.

56. Denied to the extent CadleRock is alleging that it suffered any damages or will continue to incur any costs as a result of any conduct of Schilberg. Except as stated above, Schilberg leaves CadleRock to its proof.

57. Denied. Schilberg further denies this paragraph in that CadleRock admitted in its memorandum of law dated March 20, 2002 that CadleRock is not entitled to recover for any diminution in value of the Site.

58. Denied. Schilberg further denies this paragraph in that CadleRock admitted in its memorandum of law dated March 20, 2002 that it is not entitled to claim economic loss under CERCLA.

59. Schilberg leaves CadleRock to its proof.

60. Schilberg leaves CadleRock to its proof.

61. Denied.

62. Denied.

63. Denied. Schilberg further denies this paragraph in that CadleRock admitted in its memorandum of law dated March 20, 2002 that CadleRock was not entitled to pursue a claim under 42 U.S.C. § 9607(a).

3

SECOND COUNT (As To The Controllers)

    1-67.    Schilberg need not respond to these paragraphs.

THIRD COUNT (42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201)

    1-67.    Schilberg hereby incorporates his responses to Paragraphs 1 through 67 above as if fully set forth herein.

    68.    Schilberg leaves CadleRock to its proof.

    69.    Denied.

    70.    Schilberg need not respond to this paragraph.

    71.    Denied. Schilberg further denies this paragraph in that CadleRock admitted in its memorandum of law dated March 20, 2002 that CadleRock was not entitled to pursue a claim under 42 U.S.C. § 9607(a).

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

    CadleRock's claims are barred, in whole or in part, by its failure to comply with the National Contingency Plan.

SECOND AFFIRMATIVE DEFENSE

    CadleRock's claims are barred, in whole or in part, under the equitable doctrine of unclean hands.

THIRD AFFIRMATIVE DEFENSE

    CadleRock's claims are barred, in whole or in part, under the doctrine of laches and other time-barring doctrines.

## FOURTH AFFIRMATIVE DEFENSE

CadleRock's claims are barred, in whole or in part, by the statute of limitations set forth under 42 U.S.C. § 9613.

## FIFTH AFFIRMATIVE DEFENSE

CadleRock's claims are barred, in whole or in part, because it failed to mitigate damages, including, but not limited to, upon information and belief, taking title to the Site with knowledge of its alleged environmental condition, failing to obtain available pollution liability insurance, failing to resell the Site, and failing to timely investigate and remediate any alleged environmental conditions to the extent any damages allegedly have been suffered, in part or in whole, by the passage of time.

## SIXTH SPECIAL DEFENSE

Any alleged release or threat of release of any hazardous substance and any damages allegedly resulting therefrom were caused solely by the acts or omissions of third parties other than employees or agents of Schilberg, or other than those whose acts or omissions occurred in connection with a contractual relationship with Schilberg, and Schilberg exercised due care with respect to the hazardous substances allegedly concerned and Schilberg took precautions against foreseeable acts or omissions of any such third parties and the consequences that could foreseeably result from such acts or omissions.

## SEVENTH AFFIRMATIVE DEFENSE

CadleRock fails to state a cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

CadleRock's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, estoppel or similar doctrines due to the manner in which title in the Site allegedly came to be held by CadleRock.

## NINTH AFFIRMATIVE DEFENSE

Schilberg's contribution, if any, to any alleged contamination at the Site was de minimus, at most.

## TENTH AFFIRMATIVE DEFENSE

Any affirmative defense raised by any other Defendant which is not specific to that defendant.

DEFENDANT BENJAMIN SCHILBERG

By: _____
Brian P. Daniels (ct11863)
John R. Bashaw (ct15612)
BRENNER, SALTZMAN & WALLMAN LLP
His Attorneys
271 Whitney Avenue
New Haven, CT 06511
Tel. (203) 772-2600

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 21st day of October, 2003, upon

Jill Hartley, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street - Suite 202
Hartford, CT  06103
Counsel for Plaintiff

Joseph F. Depaolo, Jr., Esq.
16 Cornerstone Court
Plantsville, CT  06479-1551
Counsel for Defendant Dennis V. Lovely

Thomas M. Armstrong, Esq.
Dominic Fulco, III, Esq.
Lauren R. Greenspoon, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT  06103
Counsel for Defendant Anthony M. Milo

Thomas S. Luby, Esq.
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT  06450-1695
Counsel for Defendants Thomas Stanton, Jr.
  and Christian R. Brayfield

John David Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT  06518
Counsel for Defendant Jean G. Martin

Steven Berglass, Esq.
Sloan W. Farrell, Esq.
John W. Sullivan, Esq.
Seeley & Berglass
121 Whitney Avenue
New Haven, CT  06510
Counsel for Defendant David W. Florian

Thomas Nigro, Pro Se
7 Howard Road
Ashford, CT  06278

_____
Brian P. Daniels (ct11863)

756734.doc

7