UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CadleRock Properties Joint Venture, L.P., | : |
| Plaintiff, | : NO.    3:01cv896 (MRK) |
| v. | : |
| Benjamin Schilberg, et al., | : |
| Defendants. | : |

### ORDER

Plaintiff CadleRock moves to strike the affirmative defenses and counterclaims of Defendants Lovley, Milo, Stanton, Brayfield, Nigro, and Florian [docs. #128, 149]. Before ruling on those motions, the Court GRANTS Defendant Florian's Motion to Join in Defendant Milo's Opposition to the Motion to Strike [doc. #155]. For the reasons stated below, the Court DENIES both of Plaintiff's Motions to Strike.

On a Motion to Strike pursuant to Rule 12(f), the Court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court has held that "[m]otions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *United States v. New Hill Homes Assocs., Ltd. P'ship*, 2000 U.S. Dist. LEXIS 4248 (D. Conn. Feb. 29, 2000) (quoting *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D. Conn. 1979)). At the same time, "[a]n affirmative defense should not be stricken on a Rule 12(f) motion, 'unless it can be

1

shown that no evidence in support of the allegation would be admissible," i.e., that the defense is totally insufficient as a matter of law.'" *Id.* (Quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

Here, the parties dispute whether these affirmative defenses can be considered at this stage of the proceedings. Nonetheless, even the proponent of the motion to strike acknowledges that the asserted defenses will be relevant later in the proceedings, during the contribution phase. Furthermore, the only reason adduced for striking the counterclaims is that they would be redundant. The Plaintiff has demonstrated no prejudice that would result from leaving these defenses and counterclaims in this case for the moment, and there is no indication that any party will be confused or that the defenses or counterclaims will necessitate any unnecessary discovery. Given these considerations, the Court is not prepared to strike the affirmative defenses or counterclaims at this stage. There will be ample opportunity at the dispositive motion stage or in preparation for the trial to sort through all these issues and determine which defenses appropriately apply to which stage of the proceedings. *See Buffalo Color Corp. v. Alliedsignal, Inc.*, 139 F. Supp. 2d 409, 426-27 (W.D.N.Y. 2001); *New York v. Almy Bros., Inc.*, 971 F. Supp. 69, 73 (N.D.N.Y. 1997).

IT IS SO ORDERED.

/s/      Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: December 19, 2003