UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------x

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : CIVIL ACTION NO.<br>: 301CV896(MRK) |
| Plaintiff, | : |
| VS. | : |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS CORP.; THOMAS NIGRO; ASHFORD DEVELOPMENT CO.; DENNIS V. LOVELY; ANTHONY M. MILO; JAMES A. STEVENS; WILSON MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD; CHARLES HILLS; AND SUBURBAN EXCAVATORS INC. | : |
| Defendants. | : MAY 24, 2004 |

------------------------------------------------------------------x

## DEFENDANT DAVID W. FLORIAN'S MEMORANDUM IN SUPPORT OF DAVID W. FLORIAN'S MOTION FOR SUMMARY JUDGMENT

Defendant David W. Forian ("Defendant Florian") respectfully files this Memorandum in support of Defendant Florian's Motion for Summary Judgment. Defendant Florian respectfully requests summary judgment on plaintiff's first count of the amended complaint, as there is no genuine issue of material fact with respect to defendant Florian's liability under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §9601 et seq. Plaintiff alleges that defendant Florian is liable under CERCLA for alleged environmental contamination as an operator of a facility. Defendant Florian was a minority shareholder in defendant Ashford Development Corporation ("Ashford"), the corporation that held title to the property located at 392 and 460 Squaw Hallow Road in Ashford and Willington, Connecticut ("the property") where alleged contamination occurred that

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

is the subject of plaintiff's action.[1] Defendant Florian is not liable for any alleged contamination, as defendant Florian did not manage, direct, or conduct any operations with respect to hazardous waste disposal at the property as is required under well-settled CERCLA precedent.

Defendant Florian respectfully requests summary judgment on plaintiff's second count with respect to derivative liability based on piercing the corporate veil. Plaintiff has produced no evidence that Defendant Florian controlled or dominated defendant Ashford, as would be required to pierce the corporate veil of defendant Ashford corporation. Defendant Florian was a minority shareholder and did not dominate or control the corporation, let alone abuse the corporate form to accomplish illegitimate goals.

Finally, there is no genuine issue of material fact on defendant Florian's fifth counterclaim for specific performance on delivery on a general release. In a prior action involving the same property, plaintiff had agreed to deliver to defendant Florian a general release for all causes of actions relating to the property, in return for substantial consideration from defendant Florian to plaintiff. However, plaintiff has not delivered the general release and defendant Florian is entitled to specific performance for the delivery of a general release. Under the general release, the instant action cannot be maintained. Accordingly, plaintiff's action is also barred under defendant Florian's sixth affirmative defense relating to release and discharge.[2]

I.  Defendant Florian is Entitled to Summary Judgment on Plaintiff's First Count

   A.  Relevant Undisputed Facts Support Summary Judgment on Plaintiff's First Count

---

[1] Plaintiff received title to the property in 1995 by way of plaintiff's agreement to accept ownership of the property as settlement of plaintiff predecessor's prior action against numerous parties including defendant Florian.

[2] Defendant Florian respectfully requests permission to amend this Motion for Summary Judgment after plaintiff fully complies with the discovery required to be produced by the Court Order of December 11, 2002, which compliance is as of yet not complete.

David W. Florian was a minority shareholder in defendant Ashford, a corporation created for the development of the property at issue in plaintiff's action. (Defendant Florian's Affidavit ("Affidavit"), ¶ 4). Defendant Florian had little to do with the management of defendant Ashford. (Affidavit, ¶¶ 4-11). The shareholders as a group had been asked for their input on whether certain buildings, then containing ongoing businesses, should be razed in preparation for development of the property. Defendant Florian indicated that for income potential purposes he believed the buildings should not be razed. Despite defendant Florian's opposition, the other shareholders decided that the structures should be razed. (Affidavit, ¶¶ 7-9). Defendant Florian did not participate in the operation involving the razing of the buildings or the disposal of the remains of the structures. (Affidavit, ¶ 10).

Plaintiff inaccurately alleges that defendant Florian elected to bury the remains at the property. Plaintiff's Amended Complaint ¶ 41. However, plaintiff has not produced any material facts supporting that allegation to create a genuine issue of material fact.

Further, plaintiff has not produced any evidence that defendant Florian managed, conducted or directed hazardous waste disposal operations for defendant Ashford. To the contrary, defendant Florian did not manage, conduct or direct environmental activities at the property. (Affidavit, ¶¶ 5-10).

Plaintiff's amended complaint contains no other allegations that defendant Florian contributed to the alleged environmental contamination at the property except for plaintiff's inaccurate allegations of involvement in the razing and disposal of the buildings.

B.   Standard for Summary Judgment

Under the Federal Rules of Civil Procedure, a party moving for summary judgment is entitled to judgment, if "the pleadings, depositions, answers to interrogations, and admissions on

3

file, together with the affidavits if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. Pro. R. 56(c). The moving party has the initial burden of establishing there is an absence of any material of fact. Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). All reasonable inferences and any ambiguities are drawn in favor of the non-moving party. Id. See also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden of proof then shifts to the non-moving party to demonstrate that there are issues of material fact that must be decided by the trier of fact. Thompson, at 720. The non-moving party is not permitted to rely on its pleadings but must produce evidence that demonstrates a material issue for trial. See Fed. R. Civ. Pro. R. 56(e); First Nat. Bank of Ariz v. Cities Services Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 589 (1968). The moving party is entitled to summary judgment unless the Court finds that the trier of fact could reasonably return a verdict for the nonmoving party. Schiavone v. Pearce, 77 F. Supp. 2d 284 (D. Conn. 1999).

  C. Relevant Facts and Law Entitle Defendant Florian to Summary Judgment on Plaintiff's First Count

CERCLA imposes liability on, "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a) et seq.[3] In the leading case of United States v. Bestfoods, 524 U.S. 51, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998), a unanimous United States Supreme Court established the benchmark definition for an operator under CERCLA. Bestfoods, supra, in finding that a parent company was not liable as an operator under the statute for the actions of its subsidiary, held:

> [U]nder CERCLA, an operator is simply someone who directs the workings of, manages, or conducts the affairs of a facility. To sharpen the definition for purposes of CERCLA's concern with environmental contamination, an operator must manage, direct, or conduct operations specifically related to pollution, that is, operations having to do with

---

[3] Plaintiff does not allege defendant Florian was an owner of the facility, i.e. the property. See plaintiff's Amended Complaint ¶¶ 17, 30, and 31.

    leakage or disposal of hazardous waste, or decisions about compliance
    with environmental regulations.
    Bestfoods, at 542 U.S. 66-67

As the decision's broad language indicates, this definition of operator is not limited to the parent-subsidiary corporation context. See U.S. v. Green, 33 F.Supp. 2d 203, 216-218 (W.D.N.Y. 1998).

Defendant Florian did not manage, direct or conduct operations involving the disposal of hazardous waste.

Plaintiff's only relevant allegation (which allegation is inaccurate) supporting potential liability under CERCLA and Bestfoods is that defendant Florian elected to bury the debris from the razed buildings. Plaintiff's Amended Complaint ¶ 41.[4] Plaintiff has not produced any material facts that support that allegation. Further, plaintiff has not produced any evidence that Defendant Florian *operated* environmental matters for defendant Ashford, as required under CERCLA and Bestfoods. Defendant Florian did not manage waste disposal at the property, nor did he participate in the operation razing the structures or disposing of the remains of the buildings. (Affidavit, ¶¶ 5-10).[5]

II. <u>Defendant Florian is Entitled to Summary Judgment on Plaintiff's Second Count</u>

---

[4] Plaintiff may argue that CERCLA liability attaches because defendant Florian had general input into corporate affairs or that he had authority to prevent contamination. Defendant Florian denies these facts, and in any event the Court should reject plaintiff's position as inapposite as it is incompatible with CERCLA and Bestfoods. See Schiavone v. Pearce, 77 F.Supp. 2d. 284, 293 (D. Conn. 1999).

[5] George Richards has been recently deposed in this action. Richards was another investor in Ashford. Richards was involved with defendant Suburban Excavators Inc., a corporation that is also a defendant in this action. Defendant Suburban Excavators or an affiliate company was delegated the task of razing the buildings at the property. At the deposition, Richards indicated that an unknown number of shareholders, whose names he could not recall, elected to burn the remains of the razed buildings. Defendant Florian did not participate in any meeting involving a determination on how to dispose of the debris. (Affidavit, ¶ 10) Even if the Court were to find an issue of fact that Defendant Florian, in the absence of appropriate evidence, attended such a meeting and voted to burn the debris, this would not present a material of issue of fact that Defendant Florian managed, directed, or conducted environmental operations at the property.

A.   Relevant Undisputed Facts in Support of Summary Judgment on Plaintiff's Second Count

Defendant Florian was a minority shareholder in defendant Ashford, owning a proportionate share of the stock along with the other investors in the corporation. Defendant Florian did not control Ashford, and defendant Florian did not dominate its affairs or direct its course. (Affidavit, ¶¶ 4-10). Defendant Florian therefore could not use the corporation to accomplish illegitimate or illegal goals. Plaintiff's allegations to the contrary are unsupported by any evidence. See Plaintiff's Amended Complaint ¶ 64.[6]

B.   Relevant Facts and Law Entitle Defendant Florian to Summary Judgment on Plaintiff's Second Count

Piercing the corporate veil is an equitable doctrine that is used sparingly. KLM Industries, Inc. v. Tylutki, 75 Conn. App. 27, 33, 815 A.2d 688 (2003), Joslyn Mfg. Co. v. T.C. Jones & Co., Inc., 813 F.2d 80, 83-84 (5th Cir. 1990). Under Connecticut law the corporate veil may be pierced under either the instrumentality theory or identity theory.[7] The instrumentality theory allows a Court to disregard the corporate form and reach individual shareholders, officers and/or directors when the individual so controls and dominates the corporation that the corporation has no separate will, mind, or existence. KLM Industries, Inc. v. Tylutki, 75 Conn. App. 27, 33, 815 A.2d 688 (2003); Hersey v. Lonrho Inc., 73 Conn. App. 78, 807 A.2d 1009 (2003), citing Zaist v. Olson 154 Conn. 563, 227 A.2d 552 (1967). Federal law will consider piercing the corporate veil by reviewing similar factors. See In Re Acushnet River and New Bedford Harbor Proceed, 675 F. Supp. 22, 33 (D. Mass 1987).

---

[6] Allegations in plaintiff's complaint regarding corporate irregularities do not create a genuine issue of material fact especially against Defendant Florian who did not control or dominate the corporation or control the corporate books and records. (Affidavit, ¶ 4-11).

6

Defendant Florian did not control or dominate defendant Ashford corporation. Defendant Florian was a minority shareholder with limited input into corporate affairs and did not manage defendant Ashford with regard to environmental operations. (Affidavit, ¶¶ 5-11). Given defendant Florian's limited role in the corporation especially with regard to environmental concerns, there is no basis to pierce the corporate veil as against defendant Florian. Defendant Florian is entitled to summary judgment on plaintiff's second count.

III.   **Defendant Florian is Entitled to Summary Judgment on Defendant Florian's Fifth Counterclaim and Sixth Affirmative Defense**

    A.   **Relevant Undisputed Facts in Support of Summary Judgment on Defendant Florian's Fifth Counterclaim and Sixth Affirmative Defense**

Plaintiff's predecessor, the Cadle Company of Connecticut Inc. and/or The Cadle Company ("Cadle"), had previously commenced an action against numerous defendants, including defendant Florian, for damages in relation to a mortgage and a note on the property at issue. (Affidavit, ¶ 12). Eventually, Cadle and defendant Florian agreed that the action would be withdrawn by payment of certain monies to plaintiff, with defendant Florian forwarding $217,500.00.[8] In connection with the withdrawal, Cadle drafted and forwarded the form of release for defendant Florian to sign and forwarded the release to the attorney representing defendant Florian in the previous action. Attached to the release that Cadle itself had drafted, Cadle forwarded a letter representing that, among other things: "Once we [Cadle] receive the signed *release*..... we [Cadle] will send you [defendant Florian] a *release*" (emphasis added). Exhibit A.

---

[7] Plaintiff appears to be relying on the instrumentality theory in plaintiff's amended complaint. See ¶ 64. The identity theory is usually applied in situations involving two corporations, a circumstance not present in this action.

[8] In a prior 1995 action by plaintiff's predecessor against numerous parties, including defendant Florian, plaintiff had agreed by way of settlement to accept title to the property in question, and therefore the ownership title to the property was conveyed to plaintiff in 1995.

The release that Cadle drafted and required defendant Florian to execute required defendant Florian to release Cadle from:

> [A]ny and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise ... whether known or unknown, now existing or arising hereafter this Release being intended and understood to release all present and future claims of any kind which obligor(s) and those on whose behalf obligor(s) ... might have against those hereby released, arising from or growing out of any act or omission occurring prior to the date of this Release.

Based upon plaintiff predecessor's representations to deliver a mutual release to defendant Florian, defendant Florian signed and delivered the release and the monies, the parties settled the litigation, and Cadle withdrew its action, Exhibit B.

Defendant Florian understood the settlement and withdrawal was to end all disputes and litigation in connection with the property. (Affidavit, ¶¶ 13-17).

B.   Relevant Facts and Law Support Granting Summary Judgment on
     Defendant Florian's Fifth Counterclaim and Sixth Affirmative Defense

A release is a contract to be interpreted like any other contract. Tallmadge Brothers, Inc. v. Iroquois Gas Transmissions System, 252 Conn. 479, 746 A2d 1277 (2000). Under Connecticut law a contract, where the language is definite and unambiguous, is interpreted as a matter of law. Id. See also Levine v. Massey, 232 Conn. 272, 277, 654 A.2d 737 (1995). The parties' agreement is definite and unambiguous, entitling Defendant Florian to summary judgment on his fifth counterclaim and sixth affirmative defense.

Plaintiff's predecessor Cadle, and Defendant Florian, agreed to exchange mutual releases for all potential causes of action. Cadle required defendant Florian to execute a general release (drafted by Cadle) and in exchange Cadle represented that defendant Florian would receive a corresponding general release. Cadle's correspondence represented: "Once we receive the signed *release....* we will send .... a *release*" (emphasis added). Exhibit A.

8

The plain language contained in the correspondence, taken together with the plain language of the release, leaves no doubt that Cadle and defendant Florian agreed to exchange mutual releases. Exhibits A and B.

Defendant Florian executed and delivered the general release drafted and required by Cadle, but plaintiff's predecessor did not deliver to defendant Florian the release as required. As a definite agreement was reached, defendant Florian is entitled to the delivery of the release. Once the release is delivered, plaintiff's instant action cannot be maintained.

Specific performance is appropriate under these circumstances. See Ismert and Associates v. New England Mut. Life Ins., 801 F.2d 536, 542-543 (1st Cir. 1986); Read v. Baker, 438 F. Supp. 732 (D. Del 1977). Defendant Florian is entitled to the release, as no other relief is adequate. Defendant Florian should not be required to litigate for years an action that plaintiff is not entitled to pursue.

Plaintiff's action is also barred under general principles of release and discharge. Associated Const. Co. v. Camp Dresser and McKee, 646 F. Supp. 1524, 1580-81 (D.Conn. 1986). As there is no genuine issue as to material fact on defendant Florian's fifth counterclaim and sixth affirmative defense, summary judgment is appropriate and defendant Florian respectfully requests that the Court should dismiss plaintiff's action against defendant Florian.

IV. Conclusion

Based on the foregoing, defendant Florian respectfully requests that the Court grant defendant Florian's Motion for Summary Judgment on the first count of plaintiff's amended complaint, the second count of plaintiff's amended complaint, and on defendant Florian's fifth counterclaim and sixth affirmative defense.

Respectfully submitted,

THE DEFENDANT
DAVID W. FLORIAN

By: _____
Steven Berglass, Esq.
Federal ID No.: ct06030
John W. Sullivan, Esq.
Federal ID No.: ct22947
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510
Telephone No.: (203) 562-5888

10

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed by first class mail, postage prepaid, to the following counsel of record this 25 day of May 2004:

Jill Hartley, Esq.
Sabia & Hartley
190 Trumbull Street
Suite 2002
Hartford, CT 06103

Joseph B. Sappington, Esq.
Levy & Drony, P.C.
75 Batterson Park Road
Farmington, CT 06034

Joseph F. Depaolo, Jr., Esq.
132 Main Street
P O Box 554
Southington, CT 06489

Thomas M. Armstrong, Esq.
Lawrence H. Lissitzyn Esq.
Reid & Riege, P.C.
One State Street
Hartford, CT 06103

Thomas S. Luby, Esq.
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

John D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

This is to certify that a copy of the foregoing has been mailed by first class mail, postage prepaid, to the following parties this 25 day of May 2004:

Thomas Nigro
7 Howard Road
Ashford, CT 06278

_____
Steven Berglass
John W. Sullivan