UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x

CADLEROCK PROPERTIES JOINT VENTURE, L.P.    :    CIVIL ACTION NO.
                                            :    301CV896(MRK)
            Plaintiff,                      :
                                            :
VS.                                         :
                                            :
BENJAMIN SCHILBERG; SCHILBERG INTEGRATED    :
METALS CORP.; THOMAS NIGRO; ASHFORD         :
DEVELOPMENT CO.; DENNIS V. LOVELY;          :
ANTHONY M. MILO; JAMES A. STEVENS; WILSON   :
MORIN; JEAN G. MARTIN; DAVID W. FLORIAN;    :
THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD :
CHARLES HILLS; AND SUBURBAN EXCAVATORS      :
INC.                                        :
                                            :
            Defendants.                     :    MAY 24, 2004
-----------------------------------------------------------------x

DEFENDANT DAVID W. FLORIAN'S LOCAL RULE 56 (a)(1) STATEMENT

Defendant David W. Florian ("Defendant Florian") contends that there is no genuine issue

to be tried as the following material facts:

As to the First Count of Plaintiff's Amended Complaint:

1.    Defendant Florian was a minority shareholder in Defendant Ashford Development

Corporation ("Ashford"). (Defendant Florian's Affidavit ("Affidavit"), ¶ 4). The corporation owned

392 and 460 Squaw Hallow Road in Ashford and Willington, Connecticut, ("the property") that is

the subject of plaintiff's action. (Affidavit, ¶ 4).

2.    Defendant Florian did not control, dominate or operate Ashford. (Affidavit, ¶ 5).

3.      Plaintiff's only relevant allegation against Defendant Florian with respect to his liability under CERCLA is plaintiff's allegation that Defendant David W. Florian elected to bury debris at the property. Amended Complaint ¶ 41.

4.      Defendant Florian did not mange Defendant Ashford's operations with respect to environmental concerns. (Affidavit, ¶ 6).

5.      The shareholders as a group had been asked for input on whether certain buildings then used by existing businesses should be razed at the property. (Affidavit, ¶ 7)

6.      Defendant Florian indicated that he believed that the structures should remain to collect income from the on going businesses. (Affidavit, ¶ 8)

7.      Despite Defendant Florian's opposition, the remaining shareholders decided that the buildings should be razed. (Affidavit, ¶ 9).

8.      Defendant Florian did not participate in the operations involving the razing of the structures and Defendant Florian did not participate in the operation disposing of the razed remains. (Affidavit, ¶ 10).

9.      Plaintiff does not allege Defendant Florian is an owner of the property. Amended Complaint ¶¶ 17, 30, and 31.


As to the Second Count of Plaintiff's Amended Complaint:

10.     Defendant Florian was a minority shareholder in Defendant Ashford. (Affidavit, ¶ 4).

11.     Defendant Florian did not control, dominate or operate Ashford. (Affidavit, ¶ 5).

12.     Defendant Florian did not manage Ashford's operations with respect to environmental concerns. (Affidavit, ¶ 6).

2

13.    Defendant Florian did not have control over the corporate books and records of Ashford. (Affidavit, ¶ 11).

As to Defendant David W. Florian's Fifth Counterclaim and Sixth Affirmative Defense:

14.    In a prior 1995 action commenced by plaintiff's predecessor against numerous defendants including Defendant Florian, plaintiff's predecessor agreed to accept as settlement title to the property in question, and therefore ownership to the property in question was transferred to plaintiff's predecessor in 1995.

15.    Plaintiff's predecessor, Cadle Company of Connecticut Inc. and/or The Cadle Company, had previously commenced another action against numerous parties including Defendant Florian in relation to a mortgage and a note on the property. (Affidavit, ¶ 12).

16.    As a condition to withdrawing and settling that dispute, plaintiff's predecessor required Defendant Florian to execute a general release drafted by plaintiff's predecessor, for all potential actions as well as forward a sum in the amount of $217,500.00. (Exhibit A, Affidavit, ¶ 13).

17.    Plaintiff's predecessor also agreed to execute and deliver a corresponding mutual release to Defendant Florian for all potential claims and actions. (Exhibit A, Affidavit, ¶ 14).

18.    After reviewing the settlement terms, Defendant Florian signed the release, which was drafted and forwarded by plaintiff's predecessor, paid the sum, and plaintiff's predecessor withdrew its action. (Exhibit B, Affidavit, ¶ 15). The release provided:

[A]ny and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise . . . whether known or unknown, now existing or arising hereafter this Release being intended and understood to release all present and future claims of any kind which obligor(s) and those on whose behalf obligor(s) . . . might have against those hereby released, arising from or growing out of any act or omission occurring prior to the date of this Release.

3

19.    Defendant Florian did not receive the signed general release from plaintiff's predecessor, as represented. (Affidavit, ¶ 16).

20.    Defendant Florian considered the settlement and withdrawal of the previous litigation to be the end of all disputes and litigation involving the property among plaintiff's predecessor, plaintiff and Defendant Florian. (Affidavit, ¶ 17).

Respectfully submitted,

DEFENDANT
DAVID W. FLORIAN


By:_____
Steven Berglass, Esq.
Federal ID No.: ct06030
John W. Sullivan, Esq.
Federal ID No.: ct22947
Seeley & Berglass
121 Whitney Avenue
New Haven, CT  06510
Telephone No.:  (203) 562-5888

4

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed by first class mail, postage prepaid, to the following counsel of record this _25_ day of May 2004:

Jill Hartley, Esq.
Sabia & Hartley
190 Trumbull Street
Suite 2002
Hartford, CT  06103

Joseph B. Sappington, Esq.
Levy & Drony, P.C.
75 Batterson Park Road
Farmington, CT 06034

Joseph F. Depaolo, Jr., Esq.
132 Main Street
P O Box 554
Southington, CT 06489

Thomas M. Armstrong, Esq.
Lawrence H. Lissitzyn Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103

Thomas S. Luby, Esq.
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

John D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

This is to certify that a copy of the foregoing has been mailed by certified mail, return receipt requested and first class mail, postage prepaid, to the following pro se party this _25_ day of May 2004:

Thomas Nigro
7 Howard Road
Ashford, CT 06278

_____
Steven Berglass
John W. Sullivan

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------x

CADLEROCK PROPERTIES JOINT VENTURE, L.P.    : CIVIL ACTION NO.
                                            : 301CV896(MRK)

        Plaintiff,

VS.                                         :

BENJAMIN SCHILBERG; SCHILBERG INTEGRATED :
METALS CORP.; THOMAS NIGRO; ASHFORD          :
DEVELOPMENT CO.; DENNIS V. LOVELY;           :
ANTHONY M. MILO; JAMES A. STEVENS; WILSON    :
MORIN; JEAN G. MARTIN; DAVID W. FLORIAN;     :
THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD :
CHARLES HILLS; AND SUBURBAN EXCAVATORS       :
INC.                                         :
                                            :
        Defendant.                          : MAY 24, 2004
-----------------------------------------------------------------------x

## DEFENDANT DAVID W. FLORIAN'S NOTICE OF MANUAL FILING

Please take notice that defendant David W. Florian has manually filed the following document:

EXHIBITS A & B TO DEFENDANT DAVID W. FLORIAN MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT, LOCAL RULE 56(a)(1) STATEMENT, AND AFFIFDAVIT OF DAVID W. FLORIAN

This document has not been filed electronically because:

[X]    the document cannot be converted to an electronic format
[ ]    the electronic file size of the document exceeds 1.5 megabytes
[ ]    the document is filed under seal pursuant to Local Rule of Civil Procedure 5(d) or Local Rule of Criminal Procedure 57(b)
[ ]    Plaintiff/Defendant is excused from filing this document or thing by Court order

The document has been manually served on all parties.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

Respectfully submitted,

DEFENDANT DAVID W. FLORIAN

By: _____

Steven Berglass
Federal Bar No. ct06030
John W. Sullivan
Federal Bar No. ct22947
Seeley & Berglass
121 Whitney Avenue
New Haven, CT  06510
Telephone No.: (203) 562-5888

2

CERTIFICATION

This is to certify that a copy of the foregoing has been mailed by first class mail, postage prepaid, to the following counsel of record this _25_ day of May 2004:

Jill Hartley, Esq.
Sabia & Hartley
190 Trumbull Street
Suite 2002
Hartford, CT  06103

Joseph B. Sappington, Esq.
Levy & Drony, P.C.
75 Batterson Park Road
Farmington, CT 06034

Joseph F. Depaolo, Jr., Esq.
132 Main Street
P O Box 554
Southington, CT 06489

Thomas M. Armstrong, Esq.
Lawrence H. Lissitzyn Esq.
Reid & Riege, P.C.
One State Street
Hartford, CT 06103

Thomas S. Luby, Esq.
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

John D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

This is to certify that a copy of the foregoing has been mailed by certified mail, return receipt requested and first class mail, postage prepaid, to the following pro se party this _25_ day of May 2004:

Thomas Nigro
7 Howard Road
Ashford, CT 06278

Steven Berglass
John W. Sullivan

3