UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : CIVIL ACTION NO.<br>: 301CV896(MRK) |
| Plaintiff, | : |
| VS. | : |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS CORP.; THOMAS NIGRO; ASHFORD DEVELOPMENT CO.; DENNIS V. LOVELY; ANTHONY M. MILO; JAMES A. STEVENS; WILSON MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD CHARLES HILLS; AND SUBURBAN EXCAVATORS INC. | : |
| Defendants. | : MAY 18, 2004 |

---------------------------------------------------------------x

### DEFENDANT DAVID W. FLORIAN'S AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF CONNECTICUT   )
                       )  ss:  New Haven        May 18th, 2004
COUNTY OF New Haven    )

David W. Florian, being duly sworn, deposes and states:

1. I am over the age of eighteen and believe in the obligations of an oath.

2. This affidavit is based on personal knowledge.

3. I am one of the defendants in this action.

4. I was a minority shareholder in Defendant Ashford Development Corporation ("Ashford"), a corporation that owned 392 and 460 Squaw Hallow Road in Ashford and Willington, Connecticut ("the property"), the property that is the subject of plaintiff's action.

5. I did not control, dominate, or operate Defendant Ashford.

6. I did not manage Defendant Ashford's operations with respect to environmental concerns.

7. The shareholders as a group had been asked for input on whether certain buildings then used by existing businesses should be razed at the property.

8. I indicated that I believed that the structures should remain to collect income from the on going businesses.

9. Despite my opposition, the remaining shareholders decided that the buildings should be razed.

10. I did not participate in the operation involving the razing of the structures and I did not participate in the operation disposing of the razed remains.

11. I did not have control over the corporate books and records of Defendant Ashford.

12. In a prior 1995 action commenced by plaintiff's predecessors against numerous defendants including me, plaintiff's predecessor agreed to accept as settlement title to the property in question, and therefore ownership to the property in question was conveyed to plaintiff's predecessor in 1995.

13. Plaintiff's predecessor, Cadle Company of Connecticut Inc. and/or The Cadle Company, had previously commenced another action against numerous parties, including me, in relation to a mortgage and a note on the property. The action was settled in 1997.

14. As a condition to settlement and withdrawal of that dispute, plaintiff's predecessor required that I execute a general release drafted by plaintiff's predecessor for all potential actions as well as forward the sum of $217,500.00. See <u>Exhibit A</u>.

15. Plaintiff's predecessor also agreed to execute and deliver to me a corresponding mutual release for all potential claims and actions. See <u>Exhibit A.</u>

2

16. I reviewed the settlement terms, signed the general release drafted by plaintiff's predecessor, forwarded the sum, and plaintiff's predecessor withdrew its action. See <u>Exhibit B</u>. The release provided:

> [A]ny and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise . . . whether known or unknown, now existing or arising hereafter this Release being intended and understood to release all present and future claims of any kind which obligor(s) and those on whose behalf obligor(s) . . . might have against those hereby released, arising from or growing out of any act or omission occurring prior to the date of this Release.

17. I did not receive the signed mutual release from plaintiff's predecessor, as represented.

18. I considered the settlement and withdrawal of the previous litigation to be the end of all disputes and litigation involving the property among plaintiff's predecessor, plaintiff and myself.

_____
David W. Florian

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 18th day of May, 2004, to certify which, witness my hand and seal of office.

_____
Notary Public
~~My Commission Expires:~~
Commissioner of the Superior Court

3

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed by first class mail, postage prepaid, to the following counsel of record this ___ day of May 2004:

Jill Hartley, Esq.
Sabia & Hartley
190 Trumbull Street
Suite 2002
Hartford, CT 06103

Joseph B. Sappington, Esq.
Levy & Drony, P.C.
75 Batterson Park Road
Farmington, CT 06034

Joseph F. Depaolo, Jr., Esq.
132 Main Street
P O Box 554
Southington, CT 06489

Thomas M. Armstrong, Esq.
Lawrence H. Lissitzyn Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103

Thomas S. Luby, Esq.
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

John D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

This is to certify that a copy of the foregoing has been mailed by certified mail, return receipt requested and first class mail, postage prepaid, to the following pro se party this 25 day of May 2004:

Thomas Nigro
7 Howard Road
Ashford, CT 06278

_____
Steven Berglass
John W. Sullivan