UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------------X
:
CADLEROCK PROPERTIES JOINT VENTURE, L.P.    :    CIVIL ACTION NO.
:    301CV896(MRK)
    Plaintiff,    :
:
VS.    :
:
BENJAMIN SCHILBERG; SCHILBERG INTEGRATED  :
METALS CORP.; THOMAS NIGRO; ASHFORD    :
DEVELOPMENT CO.; DENNIS V. LOVLEY;    :
ANTHONY M. MILO; JAMES A. STEVENS; WILSON  :
MORIN; JEAN G. MARTIN; DAVID W. FLORIAN    :
THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD :
CHARLES HILLS; AND SUBURBAN EXCAVATORS    :
INC.    :
:
    Defendants.    :
-----------------------------------------------------------------------X

DEFENDANT ANTHONY M. MILO'S AFFIDAVIT IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

STATE OF CONNECTICUT    )
    )    ss.    Southington    June 30, 2004
COUNTY OF HARTFORD    )

    Anthony M. Milo, being duly sworn, deposes and states:

    1.    I am over the age of eighteen and believe in the obligations of an oath.

    2.    This affidavit is based on personal knowledge.

    3.    I am one of the defendants in this action.

17086.001/363491.1

4.  Defendant Ashford Development Corporation ("Ashford") owned 392 and 460 Squaw Hallow Road in Ashford and Willington, Connecticut ("the property"), the property that is the subject of the Plaintiff's action.

5.  I am aware that the Plaintiff alleges a barn, restaurant and house at the property was razed and the debris burned and buried some time after August 23, 1988 (the date Defendant Ashford purchased the property) and May 3, 1990 (the date of an overflight) used by Plaintiff's designated expert ("the relevant time period").

6.  I was a minority shareholder, owning approximately ten percent (10%) of the stock in Defendant Ashford during the relevant time period and remained a minority shareholder after that date.

7.  I was not an owner of the property during or after the relevant time period.

8.  I did not control, dominate, or operate Defendant Ashford during or after the relevant time period.

9.  I did not manage the day-to-day operations of Defendant Ashford during or after the relevant time period.

10. I did not manage, direct or conduct operations of Defendant Ashford related to environmental matters or operations specifically related to pollution, that is, operations having to do with leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations after or during the relevant time period.

11. My participation in Defendant Ashford increased after the relevant time period in light of more frequent discussions with Ashford's lender.

17086.001/363491.1

12. All the shareholders as a group were formally consulted on matters requiring financial expenditures by Defendant Ashford..

13. I did not participate in and did not observe any operations involving the razing of the structures or the disposing of the razed remains including the burning and burial of the debris as alleged by the Plaintiff.

14. Subsequent to 1988, the Plaintiff's predecessors commenced a foreclosure action on the mortgage against numerous defendants including me. The Plaintiff's predecessor agreed to accept and did accept as settlement title to the property and, therefore, ownership to the property was conveyed to the Plaintiff's predecessor.

15. Plaintiff's predecessor, Cadle Company of Connecticut Inc. and/or The Cadle Company, also commenced another action against numerous parties, including me, in relation to the alleged deficiency on the note on the property, which action was settled as to me in 1997.

16. As a condition to settlement and withdrawal of that dispute, Plaintiff's predecessor required that I execute a general release drafted by Plaintiff's predecessor for all potential actions as well as pay the sum of $217,500, which I did provide to the Plaintiff's predecessor. See Exhibit A.

17. Plaintiff's predecessor also agreed to execute and deliver to me a corresponding mutual release for all potential claims and actions. See Exhibit B.

18. In lieu of a release, the Plaintiff's predecessor provided a Satisfaction of Judgment. See Exhibit C.

17086.001/363491.1

19. The general release drafted by Plaintiff's predecessor provided:

[A]ny and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise...whether known or unknown, now existing or arising hereafter this Release being intended and understood to release all present and future claims of any kind which obligor(s) and those on whose behalf obligor(s)...might have against those hereby released, arising from or growing out of any act or omission occurring prior to the date of this Release.

20. I did not receive the signed mutual release from Plaintiff's predecessor as represented.

21. I considered the settlement and withdrawal of the previous litigation to be the end of all disputes and litigation involving the property with the Plaintiff's predecessor and its successors in interest (including the Plaintiff) and myself.

_____
Anthony M. Milo

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 30th day of June, 2004, to certify which, witness my hand and seal of office.

_____
Notary Public  MCE: 11-30-2007
~~Commissioner of the Superior Court~~

4

17086.001/363491.1

DEC-05-97 FRI 17:21  THE CADLE COMPANY  FAX NO. 3306721830

EXHIBIT A

**RECEIVED**

**DEC 09 1997**

RELEASE                                            THE CADLE COMPANY

The undersigned, was/were Debtor(s), Surety(ies) and Guarantor(s), Obligor(s), as the appropriate case may be, of Shawmut Bank, N.A. ("BANK"). The Bank sold Notes evidencing said indebtedness, together with all Collateral and Security Instruments to THE CADLE COMPANY OF CONNECTICUT, INC. who has now agreed to renew, extend, renegotiate, compromise, settle, or release, as the appropriate case may be, the following identified Note(s)/or Loans(s):

| Note/Loan Number | Original Principal Amount | Date | Obligor(s) |
|---|---|---|---|
| OT010003 | $ 2,030,987.34 | July 17, 1997 | Anthony Milo |

As consideration therefor, the undersigned agrees to execute this Release in favor of the Bank and THE CADLE COMPANY OF CONNECTICUT, INC., as Assignee of the Bank ("Released Parties"), as third-party beneficiaries. Obligor(s), his/their, heirs and assigns, for itself, its successors and assigns (as the appropriate case may be), hereby releases, acquits and forever discharges the Bank and THE CADLE COMPANY OF CONNECTICUT, INC., their agents, servants and employees, and all persons and entities in privity with them or any of them, from any and all claims or causes of action of any kind whatsoever, at common law, statutory or otherwise, which Obligor(s) and those on whose behalf Obligor(s) signs has or might have, whether known or unknown, now existing or arising hereafter, directly, indirectly, or remotely attributable or related to the above described Note(s) or Loan(s), this Release being intended and understood to release all present and future claims of any kind which Obligor(s) and those on whose behalf Obligor(s) sign(s) might have against those hereby released, arising from or growing out of any act or omission occurring prior to the date of this Release.

Date of this Release 12/8/97

_____
(Obligor or Duly Authorized Representative of Obligor)

The Cadle Company
100 North Center Street
Newton Falls, OH 44444
(330) 872-0918
(888) 462-2353 (888-GOCADLE)
FAX (330) 872-5367

December 5, 1997

Anthony DeNorfia, Esq.
133 Main Street
Southington, CT 06489

    RE:    Ashford
             Our File No. 0T010003

Dear Mr. DeNorfia:

    This lettter is to confirm our conversation of December 5, 1997, regarding settlement of the judgement against your clients Anthony Milo, Jean Martin, and David Florian.

    As we have agreed, The Cadle Company of Connecticut, Inc. will accept two hundred seventeen thousand five hundred dollars ($217,500.00) from each of these judgement debtors as settlement in full of their individual obligations in this matter as long as the transaction has been consummated on or before December 12, 1997.

    Enclosed with this letter is a release in favor of The Cadle Company of Connecticut, Inc. for each of the aforementioned debtors. The signed release must be received by The Cadle Company, with the certified funds as above, or in any event before we will be able to release the judgement pertaining to these individuals. Once we receive the signed release and the certified funds, we will send you a release for each of your clients to record.

    As I am sure you understand, this payment of six hundred fifty-two thousand five hundred dollars ($652,500.00) will only release the abovementioned debtors from the judgement. The other debtors who are part of this matter will still be held liable for their full portion of the debt as outlined by the court and settlement with them on an individual basis is in no way to be misconstrued or implied by this agreement to settle with your clients.

    If you have any questions, please do not hesitate to contact me. I can be reached at the above telephone number between the hours of 8:30 a.m. and 5:00 p.m. Monday through Friday.

                                    Yours very truly,

                                      Alan C. Adams
                                    Account Officer

ACA:LA
Enclosures
By fax (860)-276-1047

53414

Rec'd/CADLE
MAY 30 1998

| | |
|---|---|
| NO. CV-94-0056277 S | : SUPERIOR COURT |
| THE CADLE COMPANY OF CONNECTICUT, INC. | : JUDICIAL DISTRICT OF <br> : TOLLAND |
| VS. | : AT ROCKVILLE |
| ASHFORD DEVELOPMENT CO., ET AL. | : MAY 28, 1998 |

## SATISFACTION OF JUDGMENT

This certifies that the Judgment entered by the Court dated August 15, 1997 on Plaintiff's Complaint in the above-captioned action has been satisfied as to the following Defendants only:

> DAVID FLORIAN
> JEAN G. MARTIN
> ANTHONY M. MILO

> PLAINTIFF,
> THE CADLE COMPANY OF
> CONNECTICUT, INC.
>
> By: *Jill Hartley*
> Jill Hartley
> Sabia & Hartley, LLC
> 100 Constitution Plaza, Suite 600
> Hartford, CT 06103
> (860)541-2077
> Its Attorneys
> Juris No. 412905

53679

## CERTIFICATION

I hereby certify that a copy of the foregoing Satisfaction of Judgment has been sent postage prepaid, this 28th day of May, 1998 to:

Mr. Robert M. Axelrod
204 East Main Street
P.O. Box 2404
Meriden, CT 06450

Guy R. DeFrances, Jr., Esq.
Luby Olson Mango Gaffney et al.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450-1695

Anthony A. Denorfia, Esq.
Denorfia & Foti, LLC
133 Main Street
P.O. Box 597
Southington, CT 06489

_____
Jill Hartley

I:\WPDOCS\CADLE\ASHFORD\Satisfaction of Judgment.wpd

- 2 -

536630