Get a Document - by Citation - 1997 Conn. Super. LEXIS 2783	Page 1 of 7

Service: Get by LEXSEE®
Citation: **1997 Conn. Super Lexis 2783**

Case 3:01-cv-00896-MRK   Document 228-20   Filed 07/02/2004   Page 1 of 7

EXHIBIT S

*1997 Conn. Super. LEXIS 2783, \**

BRE, Inc. v. Superior Block & Supply Co.

CV 95380707

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW HAVEN AT NEW HAVEN

1997 Conn. Super. LEXIS 2783

October 16, 1997, Decided
October 17, 1997, Filed

**NOTICE:**   [\*1]   THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Plaintiff's motion to dismiss denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Defendant tenant filed a motion to dismiss in plaintiff mortgagee's action to recover damages arising from the tenant's use and occupation of the mortgaged premises.

**OVERVIEW:** The mortgagee claimed that the tenant, through its occupation and use of the subject property, diminished the value of the property and that it failed to pay rent, taxes, water charges, and license fees. The tenant filed a motion to dismiss, claiming that the mortgagee lacked standing and, therefore, that the court lacked subject matter jurisdiction. The court denied the motion, holding (1) the mortgagee was arguably entitled to collect unpaid rent, and the court thus had jurisdiction over its claim for unpaid rent, because the mortgagee filed a foreclosure action against the mortgagor and it applied therein for the appointment of a receiver to, inter alia, collect rent from the tenant, (2) the court had jurisdiction over the mortgagee's waste claims because the mortgagee alleged a colorable claim that its security interest in the property was impaired the tenant's occupation and use thereof, (3) the tenant improperly challenged the merits of the mortgagee's negligence claim in its motion to dismiss rather than addressing the jurisdictional issue, and (4) the tenant improperly challenge the merits of the mortgagee's claim that it was entitled to certain license payments.

**OUTCOME:** The court denied the tenant's motion to dismiss.

**CORE TERMS:** mortgagee, mortgage, waste, mortgagor, rent, motion to dismiss, mortgaged property, fixture, ownership, quotation, severed, tenant, subject matter jurisdiction, failure to pay, letter agreement, colorable claim, failing to pay, assigned, package, lease, jurisdiction to adjudicate, standing to assert, judicial district, cause of action, affirmative act, unpaid rent, prejudgment, predecessor, vindicate, asserting

### LexisNexis (TM) HEADNOTES - Core Concepts -   ◆ Hide Concepts

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action
*HN1* ⊕ Once the question of lack of jurisdiction is raised, the court must immediately resolve it before proceeding further with the case.   More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action
Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss

Get a Document - by Citation - 1997 Conn. Super. LEXIS 2783    Page 2 of 7

Case 3:01-cv-00896-MRK    Document 228-20    Filed 07/02/2004    Page 2 of 7

**HN2**± A motion to dismiss attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.  More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action

**HN3**± Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy.  More Like This Headnote

Civil Procedure > Justiciability > Standing
Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action

**HN4**± In the absence of standing, a court lacks subject matter jurisdiction to determine the merits of the case.  More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action

**HN5**± Every presumption is to be indulged in favor of jurisdiction.  More Like This Headnote

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Action

**HN6**± Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy provides the requisite assurance of concrete adverseness and diligent advocacy.  More Like This Headnote

Real & Personal Property Law > Mortgages & Other Security Interests

**HN7**± A mortgagee has the right to rentals paid by the tenant after it has taken possession or, if the mortgage so provides, after notice to the tenant that the rent should be paid to the mortgagee. Even if rents and profits are specially pledged in the mortgage as security, the mortgagee has no right to them before the taking of possession by him, or before the taking of some action on his part to reduce the rents and profits to possession; before such time the rents and profits belong to a mortgagor, who may dispose of them according to his own desire without being liable to account therefore to the mortgagee. The rationale behind this rule is that there is no privity between the tenant and the mortgagee until an affirmative act is taken.  More Like This Headnote

Real & Personal Property Law > Mortgages & Other Security Interests > Nature & Types of Mortgages

**HN8**± Connecticut adheres to the title theory of mortgages. It is undisputed that a mortgagee in Connecticut, both by common-law rule and by statute, is deemed to have taken legal title upon the execution of a mortgage on real property. At the same time, however, the law of mortgages is built primarily on a series of legal fictions as a convenient means of defining the various estates to which conveyances may give rise. Despite the title theory of mortgages, in substance and effect, and except for a very limited purpose, the mortgage is regarded as mere security and the mortgagor is for most purposes regarded as the sole owner of the land. The mortgagee has title and ownership enough to make his security available, but for substantially all other purposes he is not regarded as owner, but the mortgagor is so regarded, always subject of course to the mortgage.  More Like This Headnote

Get a Document - by Citation - 1997 Conn. Super. LEXIS 2783    Page 3 of 7

Case 3:01-cv-00896-MRK    Document 228-20    Filed 07/02/2004    Page 3 of 7

Real & Personal Property Law > Mortgages & Other Security Interests
**HN9** A mortgagee may maintain an action against a stranger to recover damages for the impairment of his security by the destruction, injury, or removal of a part of the mortgaged property. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss
**HN10** A motion to dismiss is properly denied where the motion challenges the merits of the complaint rather than the jurisdiction of the court. More Like This Headnote

**JUDGES:** Frank S. Meadow, Judge Trial Referee

**OPINIONBY:** Frank S. Meadow

**OPINION:** Memorandum of Decision Re: Motion to Dismiss

This is an action by the plaintiff, BRE, Inc., against the defendant, Superior Block & Supply Co., for damages arising from the defendant's use and occupation of property known as 99 Stoddard Avenue, North Haven, Connecticut (the property). The plaintiff is the holder of a mortgage on the property. n1 The defendant occupies the property. n2 The mortgagor, Plasticrete Block & Supply Corp., is insolvent and is not a party to this action. n3 The present complaint sounds in eight counts. n4 The gravamen of the complaint is that the defendant has used and occupied the property to its benefit while diminishing the value of the property and failing to pay rent, taxes, water charges and license fees.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 On May 29, 1987, Plasticrete Block & Supply Corp. (Plasticrete) executed a mortgage in favor of The Connecticut Bank & Trust (CBT). In June 1991, the Federal Deposit Insurance Corporation (FDIC) succeeded to CBT's rights under this mortgage following CBT's dissolution and the appointment of the FDIC as Receiver for CBT. On July 25, 1995, the FDIC assigned this mortgage to Loan Acceptance Corporation (LAC). On September 20, 1995, LAC assigned this mortgage to the plaintiff. [*2]

n2 On June 13, 1990, Plasticrete executed a mortgage in favor of Fidelcor Business Credit Corporation (Fidelcor). On January 23, 1991, Fidelcor assigned this mortgage to CIT Group/Credit Finance, Inc. (CIT).

Thereafter, CIT obtained relief from the automatic stay of Plasticrete's bankruptcy proceeding and sold Plasticrete's equipment, accounts receivable and other assets to the defendant. Included in this "package purchase" of assets was the June 13, 1990 mortgage given by Plasticrete to Fidelcor. This package purchase occurred on October 14, 1992.

Attendant to this package purchase, the defendant negotiated a lease of the property with the bankruptcy trustee. Due to the existence of the proposed lease, the trustee allowed the defendant to take possession of the property. However, the Bankruptcy Court disapproved the proposed lease. The defendant remains in possession of the property.

n3 On September 16, 1994, in a separate action, the court, Celotto, J., entered judgment of strict foreclosure against Plasticrete on this mortgage. The law days have been extended several times and are now set for January 1998.

n4 Count one alleges failure to pay rent; count two alleges unjust enrichment; count three alleges waste; count four alleges negligence; count five alleges willful failure to pay tax liens; count six



alleges failure to pay water charges; count seven alleges failure to pay a license fee; and count eight alleges indemnification.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*3]**

By motion dated September 3, 1997, the defendant moved to dismiss the present complaint on the ground that the plaintiff lacks standing, and the court therefore, lacks subject matter jurisdiction. On September 30, 1997, this court, Meadow, J., heard argument and testimony regarding the instant motion to dismiss. n5

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 Prior to the defendant's filing the instant motion to dismiss, the plaintiff filed an application for prejudgment remedy. However, *HN1* once the question of lack of jurisdiction is raised, the court must immediately resolve it before proceeding further with the case. Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245, 558 A.2d 986 (1989). Accordingly, the plaintiff's application for a prejudgment remedy must await the resolution of this motion to dismiss.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -*HN2* "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation **[*4]** marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). The motion to dismiss shall be used to assert lack of subject matter jurisdiction. Sadloski v. Manchester, 235 Conn. 637, 645-46 n.13, 668 A.2d 1314 (1995). *HN3* "Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy . . ." (Brackets omitted; internal quotation marks omitted.) Figueroa v. C&S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). *HN4* In the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case. State v. Anonymous, 237 Conn. 501, 510, 680 A.2d 956 (1996). *HN5* "Every presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, supra, 218 Conn. 543.

*HN6* "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, **[*5]** title or interest in the subject matter of the controversy . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted.) Weidenbacher v. Duclos, 234 Conn. 51, 62, 661 A.2d 988 (1995); see Gay & Lesbian Law Students Ass'n v. Board of Trustees, 236 Conn. 453, 673 A.2d 484 (1996) ("Standing requires no more than a colorable claim of injury; a plaintiff ordinarily establishes his standing by *allegations* of injury. Similarly, standing exists to attempt to vindicate **[*6]** 'arguably' protected interests").

A. Counts One & Two

In count one, the plaintiff claims that the defendant, though in possession of the property, has failed to pay rent. In count two, the plaintiff claims that the defendant's failure to pay rent has unjustly enriched the defendant.

The defendant argues that the plaintiff has no standing to assert claims predicated on unpaid rent because only an owner of property can claim unpaid rent and the plaintiff is a mere mortgagee. **HN7** "A mortgagee has the right to rentals paid by the tenant after it has taken possession or, if the mortgage so provides, after notice to the tenant that the rent should be paid to the mortgagee . . . Even if rents and profits are specially pledged in the mortgage as security, the mortgagee has no right to them before the taking of possession by him, or before the taking of some action on his part to reduce the rents and profits to possession; before such time the rents and profits belong to a mortgagor, who may dispose of them according to his own desire without being liable to account therefore to the mortgagee . . . The rationale behind this rule is that there is no privity between the tenant and the **[*7]** mortgagee until an affirmative act is taken." (Brackets omitted; citations omitted; internal quotation marks omitted.) *108 Old Kings Highway v. Opticare Health Center, P.C.*, Superior Court, judicial district of Stamford/Norwalk at Stamford, 1994 Conn. Super. LEXIS 687, Docket No. 125252 (March 17, 1994) (Lewis, J.). In the plaintiff's foreclosure action against Plasticrete, the plaintiff, by application dated September 22, 1995, applied for the appointment of a receiver to, inter alia, collect rents from the defendant. The plaintiff has taken an affirmative act such that it is arguably entitled to rents. The court has jurisdiction to adjudicate the plaintiff's claims for unpaid rents. n6

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 The issue of whether the plaintiff is entitled to rents accruing before the plaintiff sought a receiver is not now before the court.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

B. Counts Three, Five & Six

Count three alleges that the defendant committed waste by spilling 5000 gallons of oil on the property. Count five alleges that the defendant committed waste by failing to pay property **[*8]** taxes because the resultant tax liens placed on the property take priority over the plaintiff's mortgage. Count six alleges that the defendant committed waste by failing to pay water use charges because the resultant liens decrease the value of the property. The defendant argues that only an owner of the property can maintain an action for waste.

**HN8** "Connecticut adheres to the title theory of mortgages. It is undisputed that a mortgagee in Connecticut, both by common-law rule and by statute, is deemed to have taken legal title upon the execution of a mortgage on real property . . . At the same time, however, we have recognized that the law of mortgages is built primarily on a series of legal fictions as a convenient means of defining the various estates to which conveyances may give rise . . . Despite our title theory of mortgages, in substance and effect . . . and except for a very limited purpose, the mortgage is regarded as mere security . . . and the mortgagor is for most purposes regarded as the sole owner of the land . . . The mortgagee has title and ownership enough to make his security available, but for substantially all other purposes he is not regarded as owner, but the **[*9]** mortgagor is so regarded, always subject of course to the mortgage." (Brackets omitted; citations omitted; internal quotation marks omitted.) *Red Rooster Construction Co. v. River Associates, Inc.*, 224 Conn. 563, 568, 620 A.2d 118 (1993).

In *McKelvey v. Creevey*, 72 Conn. 464, 45 A. 4 (1900), an out of possession mortgagee brought a replevin action, seeking the return of a fixture severed from the mortgaged property by the mortgagor in possession. The court deemed the issue as whether the ownership of the severed fixture attached to the mortgagee or to the mortgagor. *Id.*, 468. The court held that the ownership of severed fixtures attached to the mortgagor in possession. *Id.* 469; see *Cooper v. Davis*, 15 Conn. 556, 560-61 (1843) (Where fixtures are severed, the mortgagor in possession, not the mortgagee, can maintain a trover action). The *McKelvey* court went on to state that "the adoption of the opposite result [where the mortgagee could maintain a replevin action] would work serious inconvenience and annoyance to mortgagors in possession, and those dealing with them. It would in effect make the mortgagor liable to an action at law for waste, while under **[*10]** our law



heretofore, it has not been regarded as liable at law for waste." *McKelvey v. Creevey, supra,* 72 Conn. 471-72. n7

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n7 Generally, a mortgagee's remedy for waste is via injunction. McKelvey v. Creevey, supra, 72 Conn. 470; Cooper v. Davis, supra, 15 Conn. 560-61.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -The instant case is distinguishable from *McKelvey v. Creevey* because *McKelvey* dealt with the situation where the mortgagor was in possession of the mortgaged property. Conversely, in the instant case, the mortgagor is not only out of possession, but is insolvent as well. Moreover, the *McKelvey* court concluded that "it may be that the mortgagee could recover damages for the intentional removal of fixtures whereby the value of the security is impaired to his detriment, but that question is not before us here and is not decided." *McKelvey v. Creevey, supra,* 72 Conn. 471.

The plaintiff principally relies on *McCorristin v. Salmon Signs,* 244 N.J. Super. 503, 582 A.2d 1271, 1273 (1990), wherein the court stated that **[*11]** "there is little reason in logic or equity to preclude a mortgagee lawfully in possession from asserting a claim for waste or damage to the mortgaged property against the party that has caused the waste or damage, whether the owner, a tenant or a third party. Even if the mortgagee is not in possession, if the waste or damage to the mortgaged property threatens to impair the mortgagee's security, and the mortgagor has failed or refused either to pursue the claim or to take other steps to avoid prejudicing the mortgagee's interest, the mortgagee has the right to protect his interest by pursuing the claim." *HN9* "A mortgagee may maintain an action against a stranger to recover damages for the impairment of his security by the destruction, injury, or removal of a part of the mortgaged property." C.J.S. 2d 338. See also C.J.S. 2d 334 (Mortgagor liable for waste); C.J.S. 2d 336 (Mortgagee liable for waste). Indeed, "the mortgagee has ownership enough to make his security available . . ." Red Rooster Construction Co. v. River Associates, Inc., supra, 224 Conn. 568.

Under the facts of this case, the plaintiff asserts colorable claims of waste and arguably protected interests. This **[*12]** court has jurisdiction to adjudicate the plaintiff's claims of waste.

C. Count Four

Count four alleges that the defendant negligently spilled 5000 gallons oil on the property thereby damaging the property. Count four alleges that the defendant owed a duty of care to the plaintiff. The defendant claims that it owes no duty to the plaintiff. Duty is an essential element of negligence. *RK Constructors v. Fusco Corp.,* 231 Conn. 381, 650 A.2d 153 (1994). *HN10* "A motion to dismiss is properly denied where the motion challenges the merits of the complaint rather than the jurisdiction of the court. Burritt Mutual Savings Bank of New Britain v. Tucker, 183 Conn. 369, 372, 439 A.2d 396 (1981). "The fundamental aspect of standing . . . is that it focuses on the party seeking to get his complaint before the court and not on the issues he wishes to have adjudicated." (Brackets omitted.) *Gay & Lesbian Law Students Ass'n v. Board of Trustees, supra,* 236 Conn. 463. The defendant's challenge to count four improperly attacks the merits of the negligence claim asserted therein. The plaintiff has alleged a colorable claim of negligence and the court therefore has jurisdiction.

D. Counts **[*13]** Seven & Eight

Count seven alleges that pursuant to a letter agreement entered into by Fidelcor, the defendant's predecessor in interest, and CBT, the plaintiff's predecessor in interest, the defendant is liable for certain license payments. Count eight alleges that pursuant to said letter agreement the defendant must indemnify the plaintiff. The defendant further argues that the plaintiff lacks standing to assert counts seven and eight because the defendant never agreed to, saw, or even knew about such letter

Case 3:01-cv-00896-MRK   Document 228-20   Filed 07/02/2004   Page 7 of 7

agreement. The defendant improperly challenges the merits of counts seven and eight rather than the court's ability to hear them. See *Gay & Lesbian Law Students Ass'n v. Board of Trustees, supra*, 236 Conn. 463; *Burritt Mutual Savings Bank of New Britain v. Tucker, supra*, 183 Conn. 372. *Daly & Sons v. City of West Haven*, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053211 (February 13, 1997). The court has jurisdiction to entertain counts seven and eight.

Based upon the foregoing reasoning, the court DENIES the plaintiff's motion to dismiss.

Frank S. Meadow

Judge Trial Referee

Service: **Get by LEXSEE®**
Citation: **1997 Conn. Super Lexis 2783**
View: Full
Date/Time: Wednesday, June 9, 2004 - 9:25 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.