LEXSEE 1995 CONN.SUPER.LEXIS 1294

UNION TRUST COMPANY v. PRECAST INCORPORATED, ET AL.

CV 94 0064387

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF LITCHFIELD

*1995 Conn. Super. LEXIS 1294*

April 20, 1995, Decided
April 24, 1995, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**LexisNexis(R) Headnotes**

**JUDGES:** HON. RICHARD A. WALSH, J.

**OPINIONBY:** HON. RICHARD A. WALSH

**OPINION: MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISSOLVE OR MODIFY PREJUDGMENT REMEDY, AND MOTION TO COMPEL THE PLAINTIFF TO POST A BOND; ON PLAINTIFF'S MOTION FOR PREJUDGMENT DISCLOSURE OF PROPERTY AND ASSETS; AND ON PLAINTIFF'S MOTION TO MODIFY PREJUDGMENT REMEDY BY INCREASING ATTACHMENTS AND GARNISHMENTS.**

FACTS

The plaintiff, Union Trust Company, commenced this action against the defendants to foreclose on a mortgage, to recover under two notes, and to recover damages for the breach of warranties and agreements contained in the mortgage. The plaintiff issued a summons and writ of attachment and garnishment against the defendants Katherine E. Walker and G. Peter Walker under *General Statutes Sec. 52-278f*, which permits ex parte attachments in actions based on a commercial transaction where the defendant has waived the right to notice and a hearing. Katherine E. Walker now moves to dissolve or modify the prejudgment remedy of a $ [*2] 270,000 attachment against her property. The plaintiff moves for the disclosure of Katherine Walker's assets, and to modify the prejudgment attachment to increase its amount.

This action arises from a series of commercial transactions between the plaintiff and the defendants Precast, Inc., G. Peter Walker, and Katherine Walker. In September of 1987 and 1988, Precast executed two notes, each in the amount of $ 400,000, in favor of the plaintiff. In January 1990, Katherine Walker executed a limited guaranty of these notes, which unconditionally guaranteed the payment and performance of any and all obligations of Precast to the plaintiff. In order to secure the obligations under this guaranty, Katherine Walker mortgaged to the plaintiff two parcels of land with improvements located in Winchester, Connecticut. The plaintiff alleges that amounts due under the notes and guaranty have not been paid and that Katherine Walker is now in default.

The first count of the complaint seeks a foreclosure of the mortgage. The second count of the complaint seeks to recover from G. Peter Walker under the terms of a continuing guaranty agreement executed in September 1987. The third count of the complaint [*3] seeks to recover damages from Katherine Walker for the breach of warranties contained in the mortgage. The fourth count of the complaint seeks to recover money damages from Katherine Walker for the breach of an indemnification agreement also contained in the mortgage. The plaintiff secured its prejudgment remedy against Katherine Walker on the basis of the damages claimed in the third and fourth counts of the complaint.

Katherine Walker moves for dissolution or modification of the attachment for the following reasons: (1) the plaintiff cannot demonstrate probable cause that judgment will be rendered against her; (2) even if the plaintiff can establish probable cause, it cannot establish that such judgment will be in the amount of $ 270,000; and (3) the plaintiff's prejudgment remedy is barred because it failed to comply with *General Statutes 52-578b*. In support of her motion, she filed a memorandum of law. The plaintiff also filed a memorandum of law in opposition to the motion for dissolution. In addition, the parties submitted a stipulation of facts, as well as presented evidence at a hearing.

### I. Compliance With *General Statutes Sec. 52-278f*

The defendant argues that the [*4] plaintiff failed to comply with *Gen. Stat. Sec. 52-278b* n1 in the following ways: (1) because this is not a commercial transaction for which the defendant executed a waiver as required by *Gen. Stat. Sec. 52-278f*; (2) the plaintiff failed to file an affidavit setting forth sufficient facts to showing probable cause to sustain the claim; and (3) the plaintiff failed to file an affidavit showing that there is probable cause that a judgment in the amount of $ 270,000 can be obtained against the defendant Katherine E. Walker.

> n1 "Notwithstanding any provision of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive, except an action upon a commercial transaction wherein the defendant has executed a waiver as provided in section 52-278f, or (2) the garnishment of earnings as defined in subdivision (5) of section 52-350a." *General Statutes Sec. 52-578b*.

The plaintiff [*5] filed its writ of attachment and garnishment pursuant to *General Statutes Sec. 52-278f*. This statute provides that "in an action upon a commercial transaction . . . wherein the defendant has waived his right to notice and hearing... the attorney for the plaintiff shall issue a writ for prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver; (2) the plaintiff shall file an affidavit. . . setting forth. . . facts sufficient to show that there is probable cause" to sustain the validity of the plaintiff's claim; "and (3) the plaintiff shall include in the process served on the defendant a notice satisfying the requirements of subsections (b) and (c) of section 52-278e." *General Statutes Sec. 52-278f*.

The plaintiff's attachment and garnishment complies with the technical requirements of Sec. 52-278f. Paragraph eight of the first count of the plaintiff's complaint, which is incorporated by reference into the third and fourth counts, states that the mortgage contains the following provision:

> The Borrower represents, warrants and acknowledges that the transaction of which this mortgage is a part of is a "commercial transaction" [*6] as defined by the Statutes of the State of Connecticut. Monies now or in the future to be advanced to or on behalf of the borrower are not and will not be used for personal, family or household purposes. THE BORROWER HEREBY WAIVES ALL RIGHTS TO NOTICE AND PRIOR COURT HEARING OR COURT ORDER UNDER *CONNECTICUT GENERAL STATUTES SECTIONS 52-278A* ET. SEQ. AS AMENDED OR UNDER ANY OTHER STATE OR FEDERAL LAW WITH RESPECT TO ANY AND ALL PREJUDGMENT REMEDIES THE LENDER MAY DESIRE TO EMPLOY TO ENFORCE ITS RIGHTS AND REMEDIES HEREUNDER.

The plaintiff has complied with Sec. 52-278f by including this provision of the mortgage in his complaint. This provision clearly indicates that the defendant waived any rights to notice and a prior court hearing, and, furthermore, it stipulates that this transaction is a "commercial transaction." In addition, the plaintiff submitted an affidavit purporting to state probable cause for the issuance of the prejudgment remedy. Therefore, the plaintiff has complied with the technical requirements of Sec. 52-278f.

### II. Probable Cause

In considering whether to dissolve the plaintiff's prejudgment remedy, the court must determine whether or not there exists [*7] "probable cause to sustain the validity of the plaintiff's claim." *McCahill v. Town and Country Associates, 185 Conn. 37, 38, 440 A.2d 801 (1981)*. The concern is "whether and to what extent the plaintiff is entitled to have the property of the defendant held in the custody of law pending' adjudication of the merits of that action." *E.J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 629-30, 356 A.2d 893 (1975); New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098 (1990)*. The plaintiff is not required to establish its case by a fair preponderance of the

evidence, but need only show the probable validity of its claim. *McCahill v. Town and Country Associates, supra, 185 Conn. 39.* "Civil probable cause" such as will justify resort to a prejudgment remedy constitutes a bona fide belief in the existence of facts essential under law for the action and as would warrant men of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. *One Fawcett Place Ltd. Partnership v. Diaminidis Communications, Inc., 24 Conn. App. 524, 589 A.2d 892 (1991).*

The task of the trial court is essentially one of weighing probabilities; that [*8] task requires the exercise of broad discretion. *Dow & Condon, Inc. v. Anderson, 203 Conn. 475, 479, 525 A.2d 935 (1987).* "This weighing process applies to both legal and factual issues." *Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 156, 595 A.2d 872 (1991); Blakeslee Arpaia Chapman, Inc. v. E.I. Contractors, Inc., 32 Conn. App. 118, 126, 628 A.2d 601 (1993).* In ruling on whether there is probable cause to sustain a prejudgment remedy, the court must evaluate not only the plaintiff's claims, but also any defenses raised by the defendant. *Haxhi v. Moss, 25 Conn. App. 16, 591 A.2d 1275 (1991).*

The defendant argues that there is no probable cause for the prejudgment remedy for the following reasons. First, the defendant contends that the claim is barred by *General Statutes Sec. 49-1,* Sec. 49-28, the express terms of the mortgage and the express terms of the limited guaranty. Second, the defendant argues that the claim of breach of warranty is premature, and accordingly the claim fails to state a cause of action against the defendant Katherine Walker. Finally, the defendant argues that as a matter of law there was insufficient consideration given by the [*9] plaintiff in exchange for the limited guaranty and mortgage, and thus any claim for breach of any warranty in the mortgage must fail.

The plaintiff contends that there is probable cause for the prejudgment remedy for the following reasons. First, the plaintiff argues that it has full recourse under the mortgage to bring an action against the defendant Katherine Walker. Second, the plaintiff argues that contamination exists at both parcels, and that the contamination affects the condition and value of the improved lot, thereby resulting in damage to the plaintiff. Third, the plaintiff argues that the mortgage is supported by adequate consideration, and that it clearly allocated the risk of environmental contamination to the defendant Katherine Walker.

The Connecticut Appellate Court has held that "as a matter of law, a mortgagee may obtain additional security for a mortgage debt by means of a prejudgment remedy, if there is probable cause to believe a deficiency judgment will be rendered and the court can make an educated prediction as to the probable amount of the deficiency." *People's Bank v. Bilmor Building Corporation, 28 Conn. App. 809, 823, 614 A.2d 456 (1992).* In Bilmor, [*10] the court noted that at the commencement of a foreclosure action, a cause of action for a deficiency judgment exists. *Id., 816.* The court stated that it is well settled that a mortgagee has two separate and distinct causes of action against a defaulting mortgagor: an action at law for the underlying obligation, such as a note, or an action seeking a remedy in equity to foreclose on the mortgage. *Id., 816-17,* citing *Hartford National Bank & Trust Co. v. Kotkin, 185 Conn. 579, 581, 441 A.2d 593 (1981).* Both of these remedies may be pursued simultaneously in one foreclosure suit. *Peoples Bank v. Bilmor Building Corporation, supra.* A mortgagee who elects to pursue the right of foreclosure and the right of payment of the underlying obligation, also has a right to seek a deficiency judgment, where the plaintiff may recover the difference between the amount due on the underlying debt and the amount received upon foreclosure. *Id.*

In this case, the plaintiff seeks not only to pursue his equitable remedy of foreclosure on the mortgage, but also to recover at law for damages for the alleged breach of covenants in the mortgage deed. Unlike *People's Bank v. Bilmor Building Corp.,* [*11] *supra,* the plaintiff does not seek to obtain a prejudgment remedy on the basis of a potential deficiency judgment, but instead seeks this remedy on the basis of the breach of covenants in the mortgage itself. Additionally, the plaintiff is not attempting to recover damages at law for default under the limited guaranty. The simple reason that the plaintiff does not seek to recover a deficiency judgment or damages against Katherine Walker under the limited guaranty, is because that document clearly and unambiguously provides: that Katherine Walker granted the mortgage as security for the guaranty; that no action would be brought against her for recovery of the her obligations "except . . . as may be necessary for realization by the Lender from the mortgaged property;" and that no deficiency judgment would be obtained against her. The limited guaranty clearly states that the purpose of these provisions is that "[Union Trust] shall look only to the collateral granted by [Katherine Walker] and not to [her] directly or personally for payment of the Obligations of Borrower (Precast) to [Union Trust]." The issue before the court, therefore, is whether a mortgagee can simultaneously [*12] pursue its equitable remedy of foreclosure on the mortgage and an action at law for damages for the breach of, not the underlying obligation, but instead, the same mortgage.

The third and fourth counts of the complaint allege that Katherine Walker breached warranties and agreements contained in the mortgage deed. The third

count alleges that Katherine Walker breached a warranty in the mortgage which provided that the property was free from environmental contamination because the property contained hazardous waste. The fourth count alleges that she breached an agreement in the mortgage to indemnify and hold the plaintiff harmless for damages arising from environmental contamination. The mortgage itself clearly provides that these claims are "events of default" for which the mortgage provides remedies. For example, the mortgage provides that "events of default" include: "the failure ... to contain, remove or mitigate any spill, or the . . . failure to immediately upon request reimburse . . . the Lender for any amounts expended by them with respect to any spill;" and "the material impairment of the value of any part of the Property by condemnation or casualty." The claims made in the [*13] third and fourth counts of the complaint, therefore, are "events of default" under the mortgage. Among the remedies provided for such events of default are acceleration of the mortgage debt, foreclosure, immediate possession of the premises, and appointment of a receiver. The mortgage nowhere provides that a remedy for default of the mortgage gives rise to an action at law for damages under the mortgage. Instead, any action at law for damages would arise from the breach of the underlying obligation that the mortgage secures, in this case the limited guaranty. See, *People's Bank v. Bilmor Building Corporation, supra, 28 Conn. App. 816-17*. While a mortgagee has two separate and distinct causes of action against the defaulting mortgagor, neither of these include an action at law for damages under the mortgage itself. Id.

Additionally, the mortgage provides that "all amounts due the Lender (Union Trust) by the Borrower (Katherine Walker) under [the guaranty and the mortgage] shall be secured by the lien of this Mortgage and shall hereinafter be referred to as the 'Mortgage Debt.'" The damages claimed in the third and fourth counts of the complaint constitute part of the mortgage [*14] debt, since the plaintiff alleges that the damages arise from warranties and agreements contained in the mortgage. These damages, therefore, are "amounts due... under the mortgage." Under *General Statutes Sec. 49-1*, "the foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof. . . ." Additionally, *Gen. Stat. Sec. 49-28* provides that "all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate." Since the damages that the plaintiff seeks under the third and fourth counts of the complaint constitute a part of the mortgage debt as defined in the mortgage, under these statutes they cannot be recovered against her during the pendency of the foreclosure action, or once a judgment of foreclosure is entered.

Finally, a deficiency judgment is the "'only means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole.'" *People's Bank v. Bilmor Building Corporation, supra, 28 Conn.* [*15] *App. 822,* quoting *Eichman v. J & J Building Co., 216 Conn. 443, 449, 582 A.2d 182 (1990)*. The plaintiff is attempting to satisfy its mortgage debt through its claims in the third and fourth counts, since it bargained away its right to a deficiency judgment against Katherine Walker in the limited guaranty. An action at law for damages under the mortgage itself, however, is not an appropriate means for a foreclosing plaintiff to satisfy the mortgage debt when the security is inadequate.

For these reasons, the court finds that there is no probable cause to sustain the validity of the plaintiff's claims under the third and fourth counts of the complaint. n2 Since the court does not believe that there is probable cause to sustain the validity of the plaintiff's claims for damages at law on the mortgage, the defendant Katherine Walker's motion for dissolution of the prejudgment remedy is granted. As a result of this decision, the plaintiff's motion for modification of the prejudgment remedy is denied, and the plaintiff's motion for disclosure of the defendant Katherine Walker's assets is also denied.

> n2 Since the court finds there is a lack of probable cause on these grounds, it need not address the additional grounds asserted by the defendant Katherine Walker.

[*16]

HON. RICHARD A. WALSH, J.