EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CADLEROCK PROPERTIES JOINT VENTURE, L.P. ) CASE NO: 3:01ev896(sru)

VS

BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS, CORP; THOMAS NIGRO; ASHFORD DEVELOPMENT, CO; DENNIS LOVELY; ANTHONY M. MILO; JAMES A STEVENS; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR; CHRISTIAN R. BRAYFIELD; CHARLES HILL; AND SUBURBAN EXCAVATORS, INC.

DEPOSITION OF: JON GLUCKNER
DATE TAKEN: SEPTEMBER 17, 2003
PLACE HELD: REID & REIGE
ONE FINANCIAL PLAZA
HARTFORD, CONNECTICUT

REPORTER: Theresa Bergstrand, LSR
BRANDON SMITH REPORTING SERVICE, LLC
44 Capitol Avenue
Hartford, CT 06106
(860) 549 - 1850

APPEARANCES

REID & REIGE
One Financial Plaza
Hartford, CT 06103
By: Thomas Armstrong, Esq.

SABIA & HARTLEY, LLC
190 Trumbull Street #202
Hartford, CT 06103-2205
By: Jill Hartley, Esq.

BRENNER, SALTZMAN & WALLMAN, LLP
271 Whitney Avenue
New Haven, CT 06511
By: Brian P. Daniels, Esq.

LUBY OLSON, P.C.
405 Broad Street
Meriden, CT 06450-1695
By: Thomas S. Luby, Esq.

JOSEPH F. DEPAOLO, JR.
Attorney at Law
16 Cornerstone Court
Plantsville, CT 06479

INDEX

WITNESS
JON GLUCKNER

EXAMINATIONS PAGE
Direct Examination
By Attorney Armstrong . . . . . . . .9

Cross-Examination
By Attorney Daniels . . . . . . . . . . .216

DEFENDANT'S EXHIBITS PAGE
Exhibit No. 1
Corporate Structure . . . . . . . . . . .9

Exhibit No. 2
The Cadle Company, company
Record . . . . . . . . . . . . . . . . . . . . .28

Exhibit No. 3
Documents stamped P-01502 and
P-01503 . . . . . . . . . . . . . . . . . . . .31

Exhibit No. 4
Documents stamped P-01501, P-01504
Through P-01510 and P-01518 to 01519
And P-01523 to 01529 . . . . . . . . . .33

Exhibit No. 5
Documents stamped P-01520 to
P-01522 . . . . . . . . . . . . . . . . . . . . . 33

Exhibit No. 6
Notice of Deposition . . . . . . . . . . . . .34

Exhibit No. 7
Renotice of Deposition . . . . . . . . . . . 68

Exhibit No. 8
Articles of Incorporation of Cadle
Properties of Connecticut, Inc . . . . .70

DEFENDANT'S EXHIBITS (CONTD) PAGE

Exhibit No. 9
Corporate document of CadleRock Properties Joint Venture, L.P. . . . . . . .71

Exhibit No. 10
Article of Incorporation of The Cadle Company . . . . . . . . . . . . . . . . . . . . .72

Exhibit No. 11
Articles of Incorporation of CadleRock Inc . . . . . . . . . . . . . . . . . . . . . . . . . 77

Exhibit No. 12
Agreement of Limited Partnership of Cadle Properties Joint Venture, L.P. . .84

Exhibit No. 13
Amended Complaint . . . . . . . . . . . . . .88

Exhibit No. 14
Appraisal prepared by Jim Hoffman . . .113

Exhibit No. 15
Appraisal stamped 52328 . . . . . . . . . 114

Exhibit No. 16
Appraisal with starting Bates Stamp 53720 . . . . . . . . . . . . . . . . . . .114

Exhibit No. 17
Agreement for Purchase and Sale of Notes and Loans and Loan documents .117

Exhibit No. 18
Open Ended Mortgage from Ashford Development Co. to State Savings Bank . . . . . . . . . . . . . . . . . . . . . . . . 127

Exhibit No. 19
Guarantee . . . . . . . . . . . . . . . . . . . . 129

Exhibit No. 20
Quick Claim Deed for Ashford Development, Co. to Cadle Properties Of Connecticut, Inc. . . . . . . . . . . . . . .129

DEFENDANT'S EXHIBITS (CONTD) PAGE

Exhibit No. 21
Document dated December 5, 1997
From Alan Adams to Anthony
Denorfia . . . . . . . . . . . . . . . . . . . . . . .132

Exhibit No. 22
Release . . . . . . . . . . . . . . . . . . . . . . . .135

Exhibit No. 23
Satisfaction of Judgement dated May
28, 1998 . . . . . . . . . . . . . . . . . . . . . . .137

Exhibit No. 24
University of Connecticut Newspaper
Clipping dated February 4, 1992 . . . . 145

Exhibit No. 25
Report of Complaint from DEP dated
September 28, 1987 . . . . . . . . . . . .146

Exhibit No. 26
Letter dated May 5, 1998 to Charles
Hill . . . . . . . . . . . . . . . . . . . . . . . . .146

Exhibit No. 27
Letter written by Mr. Dziadus dated
August 8, 1991 . . . . . . . . . . . . . . . . .148

Exhibit No. 28
Order from DEP dated February 26, 1997
Signed by Commissioner Sidney
Holbrook . . . . . . . . . . . . . . . . . . . . .148

Exhibit No. 29
Order issued to CadleRock Properties
Joint Venture, L.P. dated August
15, 1997 . . . . . . . . . . . . . . . . . . . . . . .149

Exhibit No. 30
Document dated April 25, 1996 with
Signature page and signed by
Thomas O'Connor . . . . . . . . . . . . . 151

Exhibit No. 31
Document stamped 5451 signed by
Mr. Cadle . . . . . . . . . . . . . . . . . . . . . .153

DEFENDANT'S EXHIBITS (CONTD) PAGE

Exhibit No. 32
Offer by Roy Robert Thompson . . . .158

Exhibit No. 33
Offer from Western Partners . . . . . .159

Exhibit No. 34
Offer from Andy Goodhall, Broker
CCR, Inc. . . . . . . . . . . . . . . . . . . . . .159

Exhibit No. 35
Offer of Mr. Raymond and
Mr. Chaloult . . . . . . . . . . . . . . . . . . . .160

Exhibit No. 36
Purchase and Sale Agreement with
RNC, LLC . . . . . . . . . . . . . . . . . . . . . .160

Exhibit No. 37
List of Expenditures . . . . . . . . . . . . .166

Exhibit No. 38
Warranty Deed . . . . . . . . . . . . . . . . . .170

Exhibit No. 39
Mortgage Assignment of Rents and
Security Agreement dated November
15, 1996 . . . . . . . . . . . . . . . . . . . . . . .180

Exhibit No. 40
Scope of Work . . . . . . . . . . . . . . . . . .186

Exhibit No. 41
Disapproval dated July 14, 1999 . . . . .186

Exhibit No. 42
Expert Report . . . . . . . . . . . . . . . . . . . .193

Exhibit No. 43
Figure One, Malcolm Pernie . . . . . . . .193

Exhibit No. 44
Contract for Obtaining Expert . . . . . . .193

Exhibit No. 45
Document produced . . . . . . . . . . . . . .199

DEFENDANT'S EXHIBITS (CONTD) PAGE

Exhibit No. 46
Document produced . . . . . . . . . . . . . .199

Exhibit No. 47
Document produced . . . . . . . . . . . . . .199

Exhibit No. 48
Damage Assessment prepared by HRP 200

Exhibit No. 49
Memorandum Stamped 52186 . . . . . .201

Exhibit No. 50
Letter dated August 9, 1998 . . . . . . .202

Exhibit No. 51
Ashford Development Payment and
Expenses . . . . . . . . . . . . . . . . . . . . 202

Exhibit No. 52
Agreement for Cutting Timber . . . . . . 202

Exhibit No. 53
Payment for Cutting Timber . . . . . . . . 202

Exhibit No. 54
Document Concerning Tower Ventures . 205

Exhibit No. 55
Overflight Map . . . . . . . . . . . . . . . . . 222

STIPULATIONS

It is stipulated by the attorneys for the Plaintiff and the Defendants that each party reserves the right to make specific objections in open court to each and every question asked and the answers given thereto by the witness, reserving the right to move to strike out where applicable, except as to such objections as are directed to the form of the question.

It is stipulated and agreed between counsel for the parties that the proof of the authority of the Notary Public before whom this deposition is taken is waived.

It is further stipulated that any defects in the Notice are waived.

It is further stipulated that the reading and signing of the deposition transcript by the witness is not waived.

(The deposition commenced at 8:25 a.m.)

(Defendant's Exhibit No. 1 marked for identification.)

JON GLUCKNER, Deponent, after having been duly sworn, was examined and testified as follows:

DIRECT EXAMINATION

BY MR. ARMSTRONG:

Q Your name is Mr. Gluckner, is that correct?

A Correct.

Q My name is Tom Armstrong and I have scheduled the deposition for today. I represent the Defendant, Anthony Milo, in this particular case and I understand we issued a corporate deposition notice and the corporation has offered your name to provide testimony on behalf of the corporation, is that correct?

A Correct.

MS. HARTLEY: Can we have the usual stipulations just before you --

MR. ARMSTRONG: We may.

indicated that she was not absolutely certain. I would just like the attorney/client privilege log updated to includes those so that we can be certain that they are attorney/client privilege documents and I just reserve the opportunity to explore those further if that's not the case.

You may want to refer to Document 29 which is the Order in this case. Can you tell me whether the Plaintiff is in compliance with the order that was issued to It on 15, August, 1997?

A I don't believe so.

Q Do you know the areas where it is noncompliant?

Let me ask this, under paragraph four, do you know whether the respondent, which is the Plaintiff in this case, has submitted a scope of study and investigation to the DEP for its review?

A I believe we did, yes.

Q Do you know what the outcome of that study was -- sorry. Do you know what the outcome of that submission was?

A If I recall correctly it was denied.

Q May I have that marked as the next Defendant's Exhibits.

(Defendant's Exhibit No. 40 marked

for identification.)

BY MR. ARMSTRONG:

Q Defendant's Exhibit number 40 a copy of the Scope of Work that was submitted?

A It appears to be.

(Defendant's Exhibit No. 41 marked for identification.)

BY MR. ARMSTRONG:

Q And I am showing you Defendant's Exhibit number 41, which is the disapproval dated July 14, 1999 is that the denied or disapproval that you are referring to relating to that Scope of Work?

A Yes.

Q Have the deficiencies identified in this document been corrected?

A I don't believe so, no.

Q Have, since July 14, 1999 other requests for approval been submitted to the Department by the Plaintiff or its engineers?

A No, I don't recall.

Q Do you recall whether the Department has approved, has given any written approvals since

July 14, 1999?
A Not to my knowledge.
Q Has the Plaintiff received any notices of deficiencies or notices of violation for its current status of noncompliance from the Department of Environmental Protection?
A I don't recall any.
Q Referring again to paragraph four and subsequent, there is a series of dates that require, again, submissions of scopes of work within 90 days, progress reports monthly in paragraph two on page four, notification of compliance in paragraph eight on page five and the like, is the Plaintiff in compliance with those or other provisions of this order?
A I am not sure. I don't know.
Q Who would know?
A The DEP.
Q Has your engineer or consultants advised you that you are in noncompliance with the order?
A I don't recall anything in the file that pertained to that.
Q And when was the last time you discussed this file with HRP?
A With HRP, I want to say approximately two, two

and a half months ago with HRP.

Q Do you know who made the decision not to follow-up and resubmit the Scope of Work to DEP?

A Do I know who made the decision?

Q Yes.

A No.

Q Do you know whether that decision not to resubmit the work is reflected in the minutes and notes that are Exhibits 2, 3, or 4?

A I don't recall reading anything about that in Exhibits 2, 3 or 4.

Q Okay. Do you recall whether the Plaintiff in this case or its engineer or consultant submitted a Proposed Plan for Removal Activities?

A I would defer that question to our experts. I am not positive.

Q But you do not recall receiving any approvals from the Department of Environmental Protection, is that correct?

A I don't recall, that's correct.

Q Okay. Is there anything in the files that reflect, by notes or otherwise, that the Department has given its approval to any action taken at the site?

A Any action that we have proposed, is that what

your question is?

Q Yes.

A That's a very broad question.

Q Well have you, has the Plaintiff or its predecessors submitted any documents that have been approved to your knowledge by the Department of Environmental Protection?

A In its totality you are speaking of?

Q Yes.

A No.

Q Okay. And has any such document been corrected to comply with the requirements of the Department to obtain its approval?

A No.

Q Are any submissions pending before the Department for approval?

A No.

Q In reviewing documents that you provided to Counsel I noticed a GPR survey ground penetrating radar survey appears to have been done at the property, was that submitted to the Department for prior approval?

A I don't know. I think you are speaking of approximately, February or March of 1999?

Q Or more recently. There was also a geophysical

CERTIFICATE OF REPORTER

I, Theresa Bergstrand, a Notary Public duly commissioned and qualified in and for the State of Connecticut, do hereby certify that pursuant to Notice, there came before me, on the 17th day of September, 2003, at 8:25 a.m, the following named person, to wit: JON GLUCKNER, who was by me duly sworn to testify to the truth and nothing but the truth; that he was thereupon carefully examined upon his oath and his examination reduced to writing under my supervision; that this deposition is a true record of the testimony given by the witness.

I further certify that I am neither attorney nor counsel for, nor related to, nor employed by any of the parties to the action in which this deposition is taken, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in the action.

IN WITNESS THEREOF, I have hereunto set my hand and affixed my seal this 16th day of October, 2003.

Theresa Bergstrand

Theresa Bergstrand
Notary Public
My Commission Expires: 3/31/2006