UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. : | |
| : | |
| Plaintiff : | CIVIL ACTION NO. |
| : | 301:CV896 (MRK) |
| vs. : | |
| : | |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED : | |
| METALS CORP.; THOMAS NIGRO; ASHFORD : | |
| DEVELOPMENT CO.; DENNIS V. LOVELY; : | |
| ANTHONY M. MILO; JAMES A. STEVENS; WILSON : | |
| MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; : | |
| THOMAS STANTON, JR.; CHRISTIAN R. : | |
| BRAYFIELD; CHARLES HILLS; and SUBURBAN : | |
| EXCAVATORS, INC. : | |
| : | |
| Defendants : | JULY 2, 2004 |

ANTHONY M. MILO'S
LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Rules of the United States District Court for the District of Connecticut, Anthony M. Milo submits this statement in support of his Motion for Summary Judgment in the above-entitled action.

1. On August 23, 1988, the Ashford Development Company ("Defendant Ashford") acquired approximately 335 acres in the Towns of Ashford and Willington intending to develop such property for commercial and residential use. (Exhibit A).

2. Simultaneously, it entered into a mortgage in the principal amount of $3,000,000 with State Savings Bank. (Exhibit C).

3. This mortgage was further secured by limited personal guarantees from each of the shareholders, including Defendant Milo. (Exhibit D).

17086.001/354947.1

4. The Cadle Company of Connecticut, Inc. acquired the note and mortgage from Shawmut by an Assignment dated February 18, 1994. (Exhibit F).

5. The Loan Purchase Agreement acknowledged receipt of environmental reports on the property (Exhibit E).

6. The Plaintiff commenced a foreclosure action naming Ashford Development and substantially all the investors including Defendant Milo. (Exhibit I).

7. In 1995, Defendant Ashford settled the foreclosure action by conveying a Quit Claim deed to Cadle Properties of Connecticut, Inc. (Exhibit G).

8. A deficiency action was pursued against the investors/shareholders who personally guaranteed the mortgage notes (Exhibit J).

9. The parties agreed to a stipulated fair market value for the Ashford property of $795,000 and, thereafter, a deficiency judgment was entered on or about August 15, 1997. (Exhibit J).

10. Defendant Milo's guaranty was limited to $300,000 and he and several other shareholders negotiated a payment of $217,500 each, for what Defendant Milo considered to be a full settlement of all his obligations for the property. (Exhibit K).

11. Defendant Milo provided a release to Cadle and expected to receive a mutual release in return. (Exhibit L).

12. Instead, he received a Satisfaction of Judgment dated May 28, 1998. (Exhibit M).

13. On April 17, 1995, representatives of Cadle Properties met with the Department of Environmental Protection to discuss the environmental condition and development of the Ashford Property. (Exhibit O).

14. In August of the following year, the Department of Environmental Protection ("DEP") issued an Order to the Plaintiff alleging non-compliance with the State's solid waste laws. (Exhibit P).

15. On May 4, 1999, the Plaintiff commenced its third action against Defendant Ashford and the shareholders, including Defendant Milo and other defendants, for alleged contamination of the Ashford Property (Exhibit N).

16. Paragraph 6 of the Mortgage states, in relevant part, "Borrower shall not destroy, *damage*, or substantially change *the Property*, allow the Property to deteriorate or commit waste." (*emphasis added*) (Exhibit C).

17. Specifically, paragraph 7 of the Mortgage states, in relevant part:

> If Borrower fails to perform the covenants and agreements contained in this Security Instrument [. . .], then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. [. . .] Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument.

(attached as Exhibit C).

18. After entry of the deficiency judgment in favor of Plaintiff against Defendant Milo, Plaintiff presented settlement terms to Defendant Milo. (Exhibit K).

19. The settlement agreement required Defendant Milo to provide a release with his negotiated payment in satisfaction of the judgment, and this he did. (Exhibit L).

20. Upon Defendant Milo's satisfaction of the terms of the settlement, provided him with a Satisfaction of Judgment. (Exhibit M).

21. the Connecticut Superior Court determined that Defendant Milo was liable as a Guarantor of the Note for a total of $225,665.26 (Two Hundred Twenty Five Thousand Six Hundred Sixty Five Dollars and Twenty Six Cents). (Attached as Exhibit J).

22. Plaintiff offered to settle Defendant Milo's obligations for $217,500.00 (Two Hundred Seventeen Thousand Five Hundred Dollars) and an executed release. (Exhibit K).

23. Thomas O'Connor, an environmental analyst at the State of Connecticut Department of Environmental Protection, sent a letter to the Plaintiff in April of 1996, describing environmental concerns at the Ashford real property. (Exhibit O).

24. Defendant Milo was a minority shareholder in defendant Ashford, a corporation created for the development of the property at issue in Plaintiff's action. (Exhibit R).

25. Defendant Milo's interest in the Corporation was limited to a ten percent (10%) share during the relevant time period. (Exhibit R).

26. Defendant Milo did not manage the day-to-day operations of defendant Ashford during the period alleged by the Plaintiff to be associated with hazardous waste activities. (Exhibit R).

27. Defendant Milo did not participate in the operations involving the razing of the buildings or the disposal of the remains of the structures. (Exhibit R).

28. Defendant Milo did not manage, direct or conduct operations involving the disposal of hazardous waste. (Exhibit R).

29. The order issued to the Plaintiff by DEP asserts a violation of solid waste, not hazardous waste, laws. (Exhibit P).

30. There is no underlying governmental action to substantiate Plaintiff's action. (Exhibits W, X).

Respectfully Submitted

DEFENDANT ANTHONY M. MILO

BY _____
Thomas M. Armstrong
Fed. Bar ID No. Ct03545
Reid and Riege, P.C.
One State Street
Hartford, CT 06103
Tel: (860) 240-1038
Fax: (860) 240-1002

17086.001/354947.1