UNTIED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


FILED
JUL 19  1 34 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

-----------------------------------------------------------------x

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. :<br><br>Plaintiff :<br>:<br>:<br>VS. :<br>:<br>BENJAMIN SCHILBERG; SCHILBERG INTEGRATED :<br>METALS CORP.; THOMAS NIGRO; ASHFORD :<br>DEVELOPMENT CO.; DENNIS V. LOVELY; :<br>ANTHONY M. MILO; JAMES A. STEVENS; WILSON :<br>MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; :<br>THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD :<br>CHARLES HILLS; AND SUBURBAN EXCAVATORS :<br>INC. :<br>:<br>Defendants : | CIVIL ACTION NO.<br>301CV896(MRK)<br><br><br><br><br><br><br><br><br><br><br><br><br>July 19, 2004 |

-----------------------------------------------------------------x

<u>DEFENDANT JEAN MARTIN'S MEMORANDUM OF LAW IN SUPPORT OF JEAN
MARTIN'S MOTION FOR SUMMARY JUDGMENT</u>

I.   PRELIMINARY STATEMENT

Defendant Jean Martin ("Defendant Martin") respectfully files this Memorandum of Law in support of his Motion for Summary Judgment. Defendant Martin respectfully requests summary judgment as there is no genuine issue of material fact with respect to Defendant Martin's liability under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §9601 et seq.

Plaintiff CadleRock ("Cadle") asserts that Defendant Martin operated and controlled the Defendant Ashford Corporation ("Ashford") located at 392 and 460 Squall

Hallow Road in Ashford and Willington, Connecticut ("the property"). Defendant Martin was only a minority shareholder in Defendant Ashford. Defendant Martin did not manage, direct, or conduct any environmental operations in regards to hazardous waste disposal as is required by CERCLA.

Defendant Martin also respectfully requests summary judgment with respect to derivative liability as he was a shareholder in a corporation. No evidence has been promulgated by plaintiff Cadle showing that Mr. Martin controlled or dominated Defendant Ashford. Defendant Martin was a ten-percent minority shareholder in Defendant Ashford and did not dominate or control the operation to accomplish illegitimate or illegal goals as is required to pierce the corporate veil.

Finally, there is no genuine issue of material fact on Defendant Martin's claim of release. In a prior action with plaintiff Cadle regarding a mortgage and note on the Defendant Ashford, plaintiff had agreed to deliver to Defendant Martin a general release absolving him from all causes of action relating to the property, in return for substantial consideration ($217,500.00) from Mr. Martin to the plaintiff. Although Mr. Martin signed and delivered the release to plaintiff Cadle; Cadle has failed to provide the general release to Defendant Martin. The release prevents the present action and when delivered, would prevent the current action from being litigated.

II.  LAW

  A. Defendant Martin Should Be Granted Summary Judgment Because Defendant Martin Was Not An Operator or Owner.

    1.  Summary Judgment Should Be Granted in Regard to Defendant Martin Under Well-Settled Principles Establsihed By *Bestfoods*.

Jean Martin was a ten-percent minority shareholder in Defendant Ashford. (Defendant Martin's Affidavit ("Affidavit"), ¶ 6.) Defendant Ashford was a corporation created to develop a golf course at the property in question. Defendant Martin had very little, if any, input regarding the management and/or maintenance of Defendant Ashford (Affidavit, ¶¶ 8-13). Defendant, during his tenure as a ten-percent minority shareholder with Ashford did not participate in the razing of buildings, the disposal of the remains of the structures or any other aesthetic changes to the property (Affidavit ¶ 10).

Plaintiff Cadle erroneously contends that Defendant Martin elected to bury the remains of the razed building at Ashford. Plaintiff's claim is unsubstantiated and plaintiff has not produced any evidence to create a genuine issue of material fact. Plaintiff Cadle has not produced any evidence that Defendant Martin managed, conducted, or directed hazardous waste disposal or any other environmental matters for Defendant Ashford. To the contrary, Defendant Martin did not manage, conduct or direct environmental matters at the Defendant Ashford (Affidavit ¶¶ 10-11).

Plaintiff Cadle's amended complaint contains no claims or allegations that Defendant Martin assisted in or sanctioned the alleged environmental contamination at the property.

2. Standard for Summary Judgment

Federal Rules of Civil Procedure mandate that, a party moving for summary judgment is entitled to judgment, if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. Pro. R. 56 (c). The moving party has the initial burden of establishing there is an absence of any material fact. *Lujan v.*

*Nat'l Wildlife Fed'n*, 497 US 871, 881. All reasonable inferences and any ambiguities are drawn in favor of the non-moving party. *Id.* The burden of proof then shifts to the non-moving party to demonstrate that there are issues of material fact that must be decided by the trier of fact. *Id.* The Federal Rules of Civil Procedure mandate that the non-moving party is not permitted to rely on its pleadings but must produce evidence that demonstrates a material issue for trial. See Fed. R. Civ. Pro. R. 56 (e). The moving party is entitled to summary judgment unless the Court finds that the trier of fact could reasonably return a verdict for the non-moving party. *Kimmel v. Seven Up Bottling Co.*, 993 F. 2d 410, 412.

CERCLA imposes liability on, "any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C. § 9607(a) *et seq*. In the leading case of *United States v. Best Foods*, 524 U.S. 51, 118 S.Ct 1876, 141 L.Ed.2d 43 (1998), a unanimous United States Supreme Court defined operator under CERCLA. *Bestfoods, supra,* in holding that a parent company was not liable as an operator under the statute for the actions of its subsidiary, ruled that:

> Under CERCLA, an operator is simply someone who directs the workings of, manages, or conducts the affairs of a facility. To sharpen the definition for purposes of CERCLA's concern with environmental contamination, an operator must manage, direct, or conduct operations specifically related to pollution, that is, operations having to do with leakage or disposal of hazardous waste, or decisions about compliance with environmental regulation. *Bestfoods* at 542 U.S. 66-67.

In addition the Court further opinioned that, "with regard to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C.S. § 9601 et seq., "operation" requires the exercise of direction over the facilities activities." Bestfoods at

541 U.S. 71. The opinion suggests that the definition is not limited to the parent-subsidiary corporation context and would indicate that Defendant Martin is not liable. See *U.S. v. Green*, 33 F. Supp. 2d 203, 216-218 (W.D.N.Y. 1998). Defendant Martin did not manage, conduct, or direct any operations involving the disposal of hazardous waste, nor did Defendant Martin exercise direction over the facilities activities.

Plaintiff alleges that Defendant Martin elected to bury the remains from the razed buildings on the property in question. Plaintiff has not produced any facts that support this allegation. Further, plaintiff has not produced any evidence that Defendant Martin managed, conducted, or directed any environmental matters relating to Defendant Ashford as mandated by *Bestfoods* and CERCLA. Defendant Martin in no way participated in the operation or control of Defendant Ashford (Affidavit, ¶¶ 8-13).

> B. <u>Defendant Martin is entitled to Summary Judgment on Plaintiff's Attempt to Pierce the Corporate Veil.</u>
>
>> 1. Relevant Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment.

Defendant Martin was a ten-percent minority shareholder in Defendant Ashford. Defendant Martin at no time controlled Ashford, nor did Defendant Martin dominate its affairs or direct its course (Affidavit ¶¶ 22). Defendant Martin could not dominate or control the corporation to pursue or achieve illegitimate or illegal goals. Plaintiff's allegations to the contrary are unsupported by any evidence.

>> 2. Relevant Facts and Law Entitle Defendant Martin to Summary Judgment.

The concept of piercing the corporate veil is equitable in nature and Courts should pierce the corporate veil only under exceptional circumstances. *Hersey v. Lonrho, Inc.*, 73 Conn. App. 78, 87. Under Connecticut law the corporate shield may be disregarded

either under the "instrumentality" or "identity" rules. *Falcone v. Night Watchman, Inc.*, 11 Conn. App. 218, 220. Plaintiff appears to rely on the instrumentality theory rule which requires,

> "in any case but an express agency, proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the Defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." *Saphir v. Neustadt*, 177 Conn. 191, 209, 413 A.2d 843 (1979). Federal law will consider piercing the corporate veil by considering similar factors. See *In Re Acushnet River* and *New Bedford Harbor Proceed*, 675 F. Supp. 22, 33 (D. Mass 1987).

Defendant Martin did not control, dominate, or possess complete control of the available stock of the Defendant Ashford corporation. Defendant Martin was a ten-percent minority shareholder with very limited, if any, input into corporate affairs and did not manage Defendant Ashford with regard to environmental operations (Affidavit ¶ 11). Defendant Martin did not commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights. Finally, Defendant Martin did not cause or was the proximate cause of an injury based on domination or control of Defendant Ashford. Based on Defendant Martin's limited role in the corporation, especially with regard to environmental concerns, there is no basis to pierce the corporate veil as against Defendant Martin. Defendant Martin is entitled to summary judgment.

C.  **Defendant Martin is Entitled to Summary Judgment Based on Well-Settled Principle of Release and Discharge.**

1. Relevant Undisputed Facts in Support of Defendant Martin's Motion for Summary Judgment.

Cadle Company of Connecticut Inc. and/or The Cadle Company ("Cadle"), had previously commenced an action against numerous Defendants, including Defendant Martin, for damages in relation to a mortgage and a note on the property issue (Affidavit, ¶ 10). After the property was foreclosed, Defendant Martin transferred $217,500.00 to Cadle in consideration of a release from any and all liability of claims that Ashford may have incurred or may incur in the future. Attached to the release proposed by Cadle was a letter representing that, "Once we [Cadle] receive the signed release . . . we [Cadle] will send you [Defendant Martin] a release . . ." Exhibit A.

The release that Cadle drafted and required Defendant Martin to execute required Defendant Martin to release Cadle from:

> [A]ny and all claims or causes of action of any kind whatsoever, at common law, statutory, or otherwise . . . whether known or unknown, now existing or arising hereafter this Release being intended and understood to release all present and future claims of any kind which obligor(s) and those on whose behalf obligor(s) . . .might have against those hereby released, arising from or growing out of any act or omission occurring prior to the date of this Release.

Based upon Plaintiff's representations, assurances, and promises Defendant Martin reasonably believed that his payment would constitute the end of any further litigation regarding him (Affidavit ¶¶ 15-23). Accordingly, the parties should be prevented from any litigation regarding Defendant Martin's liability.

2. Motion for Summary Judgment.

The parties agreement in the prior action to release Defendant Martin from any and all future liability regarding Defendant Ashford bars Plaintiff Cadle from relitigating the present action and therefore Defendant Martin is entitled to summary judgment. A

release is a contract to be interpreted like any other contract. *Tallmadge Brother, Inc. v. Iroquois Gas Transmission System*, 252 Conn. 479, 746 A 2d. 1277 (2000). Under Connecticut law a contract, the language is definite and unambiguous, the contract is to be interpreted as a matter of law. *Id.* Plaintiff's predecessor in the previous action Cadle, and Defendant Martin, for consideration of $217,500.00, agreed to exchange releases to absolve Defendant Martin of any and all present or future liability regarding Defendant Ashford. Defendant Martin executed a general release and in exchange Cadle represented that Defendant Martin would receive a corresponding general release. Cadle's correspondence represented: "Once we receive the signed release . . . we will send . . . a release . . ." (emphasis added). Exhibit A.

On its face, the language contained in the correspondence and the plain language of the release, constitute irrefutable proof that Cadle and Defendant Martin agreed to exchange mutual releases. Exhibits A.

Defendant Martin executed and delivered the general released drafted and required by Cadle. Plaintiff's predecessor Cadle did not deliver to Defendant Martin the release as promised and required. Defendant Martin is entitled to the delivery of the release. Once the release is delivered, plaintiff's instant action cannot be maintained.

    D.    **Plaintiff's Claims Are Barred Because This Court Lacks Jurisdiction, And The Plaintiff Lacks Standing, Due To The Absence Of Statutorily Required Underlying Government Action Pursuant To Sections 106 And 107(A) Of CERCLA.**

Defendant Martin respectfully adopts and incorporates by reference the well reasoned and persuasive argument set forth in the memorandum of law submitted by Defednant Milo on July 2, 2004, page 6.

III.   Conclusion

Based on the aforementioned reasons, Defendant Martin respectfully request that the Court grant Defendant Martin's Motion for Summary Judgment.

                                                 Respectfully submitted,

                                                 THE DEFENDANT
                                                 JEAN MARTIN

By: _____
    Jon D. Biller
    Federal ID No. ct03546
    Biller, Sachs, Raio & Zito
    2750 Whitney Avenue
    Hamden, CT 06518
    Telephone No. (203) 281-1717