FILED

JUL 19  1 34 PM '04

UNTIED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x

| | | |
|---|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : | CIVIL ACTION NO. 301CV896(MRK) |
| Plaintiff | : | |
| VS. | : | |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS CORP.; THOMAS NIGRO; ASHFORD DEVELOPMENT CO.; DENNIS V. LOVELY; ANTHONY M. MILO; JAMES A. STEVENS; WILSON MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD; CHARLES HILLS; AND SUBURBAN EXCAVATORS INC. | : | |
| Defendants | : | July 9, 2004 |

-----------------------------------------------------------------x

## DEFENDANT JEAN MARTIN'S AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

STATE OF CONNECTICUT     )
                         )  ss:  NEW HAVEN     July 9, 2004
COUNTY OF NEW HAVEN      )

Jean G. Martin, being duly sworn, deposes and states:

1. I am over the age of eighteen years and believe in the obligation of an oath.

2. This affidavit is based on personal knowledge.

3. I am one of the Defendants in this action.

4. This affidavit is in support of my motion for summary judgment as I did not participate in any disposal of hazardous waste.

5. In 1988, the Defendant Ashford Development Corporation purchased the properties known as 392 and 460 Squaw Hallow Road in Ashford and Willington, Connecticut.

6. I was a ten-percent minority shareholder in Defendant Ashford. Ashford was a corporation that had shareholders and officers.

7. I was asked to become an investor and I did that through the corporation and the corporation purchased the property and borrowed money to purchase the property.

8. I had no involvement in the day to day operations of Ashford, and I did not participate in any operations relating to the disposal of hazardous waste on the site.

9. I did attend a meeting where the investors approved a payment to Suburban Excavators for demolishing and removing buildings on the site.

10. I had no involvement in supervising, directing or planning the work done by Suburban Excavators.

11. I had no involvement regarding any environmental matters with Ashford.

12. I did not control any of the financial records of Ashford.

13. I had no knowledge of and no role in burning anything on the site, and I had no knowledge of and no role in any alleged burying of materials on the site

14. I was the subject of a previous action brought by the Plaintiff Cadlerock or a successor, predecessor or related company of Cadle commencing in 1995.

15. The action was settled in 1997.

16. I negotiated a payment of $217,500.00 to Cadle in consideration of a release of any and all present and future claims relating to Defendant Ashford and myself.

17. Plaintiff's predecessor, successor or related company promised to execute and deliver to me any and all releases, documentation, and agreements relating to the withdraw of any present and future claims against me.

18. Upon information and belief, I signed a release drafted by the Plaintiff. I did transfer $217,500.00 to Plaintiff's predecessor, successor or related company the lawsuit against me was withdrawn.

19. I did not receive the signed mutual release from Plaintiff's predecessor, as promised by Cadle.

20. When I paid the Plaintiff or its related company over $200,000.00 I did so only and solely in consideration for the fact that any claims against me by the Plaintiff would be settled and released and the pending lawsuit brought against me withdrawn. I was led to believe that neither the Plaintiff nor any of its related companies would or could ever sue or bother me again for any involvement in this property.

21. On May 4, 1999 Plaintiff Cadle commenced this present action against myself and other shareholders for alleged environmental contamination by Defendant Ashford.

22. I never owned, controlled or operated any facility participating in the disposal of hazardous waste.

23. My payment of over $200,000.00 was intended to be and should be a bar to this lawsuit against me.

24. Plaintiff Cadle should not be able to sue me individually as any activity on my part was done through a corporation.

25. The above facts and true and accurate to the best of my knowledge and belief.

_____
Jean Martin

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the 9th of July, 2004, to certify which, witness my hand and seal of office.

_____
Notary Public
My Commission Expires April 30, 2005
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CADLEROCK PROPERTIES JOINT VENTURE, L.P.** | : | CASE NO. 3:01CV896(SRU) (MRK) |
| | : | |
| vs. | : | |
| | : | |
| **BENJAMIN SCHILBERG, ET AL** | : | July 19, 2004 |

### CERTIFICATION

  I hereby certify that a copy of the foregoing was mailed to the following counsel and pro se parties of record on the above date:

Jill Hartley, Esq.
Michael G. Albano, Esq.
Sabia & Hartley
190 Trumbull Street
Suite 202
Hartford, CT 06103-2205

Thomas A. Armstrong, Esq.
Dominic Fulco, III, Esq.
Reid & Reige, P.C.
One Financial Plaza
Hartford, CT 06103

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT 06489

1

Joseph B. Sappington, Esq.
Levy & Droney
74 Batterson Park Road
P.O. Box 887
Farmington, CT 06034-0887

Steven Berglass, Esq.
Sloan W. Farrell, Esq.
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510

Mr. Thomas Nigro
7 Howard Road
Ashford, CT 06278

Thomas S. Luby, Esq.
Luby Olson, PC
405 Broad Street
P.O. Box 2695
Meriden, CT 06450



Jon D. Biller

2

**The Cadle Company**
100 North Center Street
Newton Falls, OH 44444
(330) 872-0918
(888) 462-2353 (888-GOCADLE)
FAX (330) 872-5367

December 5, 1997

Anthony DeNorfia, Esq.
133 Main Street
Southington, CT 06489

RE:   Ashford
      Our File No. 0T010003

Dear Mr. DeNorfia:

This lettter is to confirm our conversation of December 5, 1997, regarding settlement of the judgement against your clients Anthony Milo, Jean Martin, and David Florian.

As we have agreed, The Cadle Company of Connecticut, Inc. will accept two hundred seventeen thousand five hundred dollars ($217,500.00) from each of these judgement debtors as settlement in full of their individual obligations in this matter as long as the transaction has been consummated on or before December 12,1997.

Enclosed with this letter is a release in favor of The Cadle Company of Connecticut, Inc. for each of the aforementioned debtors. The signed release must be received by The Cadle Company, with the certified funds as above, or in any event before we will be able to release the judgement pertaining to these individuals. Once we receive the signed release and the certified funds, we will send you a release for each of your clients to record.

As I am sure you understand, this payment of six hundred fifty-two thousand five hundred dollars ($652,500.00) will only release the abovementioned debtors from the judgement. The other debtors who are part of this matter will still be held liable for their full portion of the debt as outlined by the court and settlement with them on an individual basis is in no way to be misconstrued or implied by this agreement to settle with your clients.

If you have any questions, please do not hesitate to contact me. I can be reached at the above telephone number between the hours of 8:30 a.m. and 5:00 p.m. Monday through Friday.

Yours very truly,

Alan C. Adams
Account Officer

ACA:LA
Enclosures
By fax (860)-276-1047

53414