UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : CASE NO.3:01CV896(MRK) |
| V. | : |
| BENJAMIN SCHILBERG, SCHILBERG INTEGRATED METALS, CORP., THOMAS NIGRO, ASHFORD DEVELOPMENT CO., DENNIS V. LOVLEY, ANTHONY M. MILO, JAMES A. STEVENS, WILSON MORIN, JEAN G. MARTIN, DAVID W. FLORIAN, THOMAS STANTON, JR., CHRISTIAN R. BRAYFIELD, CHARLES HILL, AND SUBURBAN EXCAVATORS, INC. | : JULY 20, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ANTHONY M. MILO'S MOTION
FOR STAY OF PROCEEDINGS**

I. BACKGROUND

The Supreme Court of the United States is scheduled to review the scope of private Superfund actions permitted by Section 113(f) of CERCLA in its October Term 2004. At that time, the Court will be hearing arguments in *Cooper Industries v. Aviall Services*, Docket No. 02-1192 (*see* Granted and Noted List, Attached as Exhibit A), and will consider the one question presented for review; specifically, the issue is whether a private party who has not been the subject of an underlying civil action pursuant to CERCLA Sections 106 or 107, 42 U.S.C. §§ 9606 or 9607, may bring an action against third parties seeking contribution pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), to recover costs spent voluntarily to

1

clean up property contaminated by hazardous substances. (Question Presented in *Cooper Industries v. Aviall Services*, at http://www.supremecourtus.gov/qp/02-01192qp.pdf (last visited July 12, 2004)). The resolution of this issue would be dispositive of Plaintiff Cadlerock Properties Joint Venture, L. P.'s CERCLA claims if the Supreme Court holds in favor of the petitioner, by ruling that a contribution action under Section 113(f)(1) must be predicated on an underlying Section 106 or 107 action.

Plaintiff Cadlerock Properties Joint Venture, L.P. asserted three counts arising under CERCLA, 42 U.S.C. § 9601 *et seq*. in its Amended Complaint. (Amended Complaint). Subsequently, the Plaintiff conceded that it is not entitled to bring an indemnification action under Section 107 of CERCLA, 42 U.S.C. § 9607. (Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss dated March 20, 2002, pp. 2-3, n.6). The Plaintiff maintains that it has viable claims under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), (3/20/02 Memorandum, pp. 2-3), and has withdrawn its other claims based upon Section 107. Moreover, the Plaintiff is not and has not been a defendant in a government action arising under either Section 107 or Section 106 (42 U.S.C. § 9607 and 9606, respectively (*see* Affidavit of Attorney Armstrong, Exhibit X and Pending Action Search Record, Exhibit W to Anthony M. Milo's Memorandum of Law in Support of Summary Judgment). Therefore, the legal issue and relevant facts of this action are identical to the case pending before the Supreme Court.

Defendant Milo requests that the Stay be effective immediately after the date which the Plaintiff is required to file its reply to the Summary Judgment/Dispositive Motions in this

matter, presently set for August 4, 2004.  Requiring the Plaintiff to submit its responses would facilitate settlement and case management in the event the Supreme Court declines to accept the Solicitor General's position in *Cooper Industries*.  The exchange of Summary Judgment memoranda would allow the parties to narrow the facts and issues of their arguments, which would further settlement.[1]  It also would assist the Court's case management by preparing the Summary Judgment motions for disposition.  This Stay would affect the Plaintiff's recently filed notices of deposition relating to five individuals.

## II. ARGUMENT

### A. THIS COURT HAS THE AUTHORITY TO STAY THESE PROCEEDINGS.

In *Landis v. North American Co.*, 229 U.S. 248 (1936) the Supreme Court of the United States acknowledged the inherent power of the United States District Courts to stay proceedings while awaiting appellate decisions in other matters that would prove either dispositive or would settle and simplify issues in cases before the District Court. *Landis*, at 254-56.  The *Landis* Court noted that each court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*, at 254.  The United States Court of Appeals for the Second Circuit has likewise recognized the District Courts' authority to stay proceedings while awaiting a decision from the Supreme Court of the United States on a pertinent issue. *See, e.g., Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2nd Cir. 1977) (remanding and instructing the district court to

---

[1] This timing would also permit the parties to complete their responses to prior discovery

3

17086.001/364281.1

stay further proceedings pending a decision of the Supreme Court of the United States in a closely related case). The United States District Court for the Southern District of New York has set forth a guideline in considering whether to grant a stay; specifically, that court has stated:

> In deciding whether to grant a stay, courts generally consider five factors:
> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Authors Guild v. Dialog Corp.*, 2001 U.S. Dist. LEXIS 2047, at *6. (S.D.N.Y., No. 00-Civ.-6049, 2001)(*In re Literary Works in Electronic Databases Copyright Litigation*) (citation omitted).

>   B. A STAY SHOULD BE GRANTED IN THE INSTANT CASE, BECAUSE AWAITING THE SUPREME COURT'S DECISION IN *COOPER INDUSTRIES V. AVIALL SERVICES*, DOCKET NO. 02-1192, WOULD AVOID WASTEFUL EXPENDITURE OF RESOURCES BY ALL OF THE PARTIES AND THE COURT.

The Plaintiff has asserted three counts under CERCLA, 42 U.S.C. §§ 9601 *et seq.* in its amended complaint. Subsequently, the Plaintiff conceded that it could not sustain an action under CERCLA Section 107, 42 U.S.C. § 9607, (3/20/02 Memorandum, n.6); therefore, as acknowledged by the Plaintiff, the theory remaining to the Plaintiff as pled would be an action

---

requests, as ordered by Magistrate Judge Garfinkel.

under CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1). Plaintiff's reliance upon Section 113(f)(1) necessitates a Stay.

Plaintiff Cadlerock Properties Joint Venture, L. P. has not been the subject of a civil action pursuant to CERCLA Sections 106 or 107, 42 U.S.C. §§ 9606 or 9607. Plaintiff did not assert in its amended complaint that such a predicate action exists (*see* Amended Complaint), and, subsequently, Plaintiff has not faced any such action. (*See* Affidavit of Attorney Armstrong, Exhibit X and Pending Action Search Record, Exhibit W to Anthony M. Milo's Memorandum of Law in Support of Summary Judgment). The sole issue before the Supreme Court of the United States in *Cooper Industries* in whether a private party who has not been the subject of an underlying Superfund civil action pursuant to CERCLA Sections 106 or 107, 42 U.S.C. §§ 9606 or 9607, may bring an action seeking contribution pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), to recover costs spent voluntarily to clean up properties contaminated by hazardous substances. (Question Presented in *Cooper Industries v. Aviall Services*, at http://www.supremecourtus.gov/qp/02-01192qp.pdf (last visited July 12, 2004). Accordingly, *the resolution of that issue by the Supreme would be determinative and dispose of Plaintiff's action entirely if the Court's decision favors the petitioner by holding that an action under Section 113(f)(1) requires an underlying governmental Section 106 or 107 action.* Moreover, because this matter goes to whether the Plaintiff actually has asserted a valid cause of action, *this inquiry calls into question the subject matter jurisdiction of the District Court* in relation to the present matter.

17086.001/364281.1

Balancing the interests discussed in *Authors Guild, supra*, this Court should conclude that justice requires the present matter to be stayed until the Supreme Court issues its decision in *Cooper Industries*. While the Plaintiff has an interest in having its claims addressed expediently, the parties would suffer significantly were it to expend its time and resources to complete discovery and bring this case to trial, only to learn in a matter of months that this Court never had subject matter jurisdiction to hear this case. Further, the Plaintiff would incur no significant disadvantage from a Stay. A delay of months would not threaten the Plaintiff's ability to present its case, and could save the Plaintiff time and money by precluding what might be unnecessary litigation.

A Stay would not adversely affect the interests of persons not parties to this action. The conditions at the property are localized and have continued unabated for decades. The land is unoccupied and undeveloped and does not pose a risk to the neighbors if a stay is entered by this Court.

Also, a Stay would be in the best interests of the public and this Court. This Court may not need to spend the time that it would take to oversee the completion of discovery and, ultimately, the trial of the present matter. By continuing this matter before the Supreme Court has the opportunity to decide this determinative question of law in its October Term 2004 would take this Court's focus away from other matters before the Court. Therefore, the utility in awaiting the decision of the Supreme Court weighs in favor of a Stay, regardless of the outcome to be reached in that case.

17086.001/364281.1

### III. CONCLUSION

This Court should grant Defendant Anthony M. Milo's Motion for Stay of Proceedings, and stay the present matter pending the publication of the decision of the Supreme Court of the United States in *Cooper Industries v. Aviall Services*, Docket No. 02-1192, which is scheduled to be heard by the Court in its October Term 2004. To proceed with the present matter would be extremely wasteful, because the *Cooper Industries* decision could operate to nullify this Court's subject matter jurisdiction and defeat the Plaintiff's claims.

DEFENDANT,
ANTHONY M. MILO

By /s/ Thomas M. Armstrong
Thomas M. Armstrong, Esq.
Federal Bar Number ct03545
Reid & Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
(860) 278-1150 - Telephone
(860) 240-1002 - Fax
Email:  tarmstrong@reidandriege.com

17086.001/364281.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, U.S. Mail, postage prepaid on this 20th day of July, 2004 to:

Michael Albano, Esq.
Jill Hartley, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06130-2205

Joseph Sappington, Esq.
Levy & Droney PC
P.O. Box 887
Farmington, CT 06034-0887

Steven Berglass, Esq.
Sloan W. Farrell
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510

Thomas S. Luby
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

Mr. Thomas Nigro
7 Howard Road
Ashford, CT 06278

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT 06489

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

_____
Thomas M. Armstrong

17086.001/364281.1

# SUPREME COURT OF THE UNITED STATES
## GRANTED & NOTED LIST – CASES TO BE ARGUED
## OCTOBER TERM 2004

As of June 21, 2004


EXHIBIT A

| | | | |
|---|---|---|---|
| 105, Orig. | | KANSAS V. COLORADO | |
| | | Order: 6/1/04 - Set for oral argument | |
| 02-1028 | CFX | NORFOLK SOUTHERN RWY. CO. V. JAMES N. KIRBGY PTY. | |
| | | Court: USCA-11 | Grant: 1/9/04 |
| 02-1192 | CFX | COOPER INDUSTRIES V. AVIALL SERVICES | |
| | | Court: USCA-5 | Grant: 1/9/04 |
| 02-1472)[1] | CFX | CHEROKEE NATION OF OKLAHOMA V. THOMPSON, SEC. OF H&HS | |
| 03-853 )[2] | CFX | THOMPSON, SEC. OF H&HS V. CHEROKEE NATION OF OKLAHOMA | |
| | | Court: [1]USCA-10; [2]USCA-Fed. | Grant: 3/22/04 |
| 02-1672 | CFX | JACKSON V. BIRMINGHAM BOARD OF EDUCATION | |
| | | Court: USCA-11 | Grant: 6/14/04 |
| 03-184 )[1] | CFX | BALLARD V. CIR | |
| 03-1034)[2] | CFX | ESTATE OF KANTER V. CIR | |
| | | Court: [1]USCA-11; [2]USCA-7 | Grant: 4/26/04 |
| 03-287 | CFX | WILKINSON V. DOTSON | |
| | | Court: USCA-6 | Grant: 3/22/04 |
| 03-377 | CFX | KOONS BUICK PONTIAC GMC V. NIGH | |
| | | Court: USCA-4 | Grant: 1/20/04 |
| 03-407 | CFX | KOWALSKI V. TESMER | |
| | | Court: USCA-6 | Grant: 1/20/04 |
| 03-409 | CFX | KP PERMANENT MAKE-UP, INC. V. LASTING IMPRESSIONS, INC. | |
| | | Court: USCA-9 | Grant: 1/9/04 |
| 03-583 | CFX | LEOCAL V. ASHCROFT, ATTY. GEN. | |
| | | Court: USCA-11 | Grant: 02/23/04 |
| 03-633 | CSH | ROPER V. SIMMONS | |
| | | Court: SC-MO | Grant: 1/26/04 |
| 03-636 | CFX | JOHNSON V. CALIFORNIA | |
| | | Court: USCA-9 | Grant: 3/1/04 |
| 03-674 | CFH | JAMA V. INS | |
| | | Court: USCA-11 | Grant: 02/23/04 |
| 03-710 | CFX | DEVENPECK V. ALFORD | |

|  |  |  |
|---|---|---|
|  |  | Court: USCA-9　　Grant: 4/19/04 |
| 03-725 | CFY | PASQUANTINO V. UNITED STATES |
|  |  | Court: USDC-Dist. of MD　　Grant: 4/5/04 |
| 03-750 | CFY | SMALL V. UNITED STATES |
|  |  | Court: USCA-3　　Grant: 3/29/04 |
| 03-814 | CFX | STEWART V. DUTRA CONSTRUCTION COMPANY |
|  |  | Court: USCA-1　　Grant: 2/23/04 |
| 03-878 )[1] | CFH | CRAWFORD V. MARTINEZ |
| 03-7434)[2] | CFH | BENITEZ V. WALLIS, DIST. DIR., INS |
|  |  | Court: [1]USCA-9; [2]USCA-11　Grant: [1]3/1/04; [2]1/16/04 |
| 03-892)[1] | CFX | COMMISSIONER OF INTERNAL REVENUE V. BANKS |
| 03-907)[2] | CFX | COMMISSIONER OF INTERNAL REVENUE V. BANAITIS |
|  |  | Court: [1]USCA-6; [2]USCA-9　　Grant: 3/29/04 |
| 03-923 | CSY | ILLINOIS V. CABALLES |
|  |  | Court: SC-IL　　Grant: 4/5/04 |
| 03-931 | CSH | FLORIDA V. NIXON |
|  |  | Court: SC-FL　　Grant: 3/1/04 |
| 03-1039 | CFH | GOUGHNOUR V. PAYTON |
|  |  | Court: USCA-9　　Grant: 5/24/04 |
| 03-1116)[1] | CFX | GRANHOLM, GOV. OF MI V. HEALD |
| 03-1120)[1] | CFX | MI BEER & WINE WHOLESALERS V. HEALD |
| 03-1274)[2] | CFX | SWEDENBURG V. KELLY |
|  |  | Court: [1]USCA-6; [2]USCA-2　　Grant: 5/24/04 |
| 03-1160 | CFX | SMITH V. CITY OF JACKSON |
|  |  | Court: USCA-5　　Grant: 3/29/04 |
| 03-1164) | CFX | VENEMAN, SEC. OF AGRIC. V. LIVESTOCK MARKETING |
| 03-1165) | CFX | NEBRASKA CATTLEMEN, INC. V. LIVESTOCK MARKETING |
|  |  | Court: USCA-8　　Grant: 5/24/04 |
| 03-1293) | CFY | WHITFIELD V. UNITED STATES |
| 03-1294) | CFY | HALL V. UNITED STATES |
|  |  | Court: USCA-11　　Grant: 6/21/04 |
| 03-1407 | CFX | ROUSEY V. JACOWAY |
|  |  | Court: USCA-8　　Grant: 6/7/04 |
| 03-1423 | CFX | MUEHLER V. MENA |
|  |  | Court: USCA-9　　Grant: 6/14/04 |
| 03-8661 | CSY | SMITH V. MASSACHUSETTS |

　　　　　　　　　　　Court: AP-MA　　　　　　　　　Grant: 6/14/04

*03-9168*　　**CFY**　**SHEPARD V. UNITED STATES**
　　　　　　　　　Court: USCA-1　　　　　　　　　Grant: 6/21/04

## NOTE:

No. of Cases made available for Argument: **39**

No. of Hours made available: **31**

**NOTE**:　　* Unanimous Court
　　　　　** Unanimous Court in Part
　　　　　# Unanimous in Judgment

### CASE CODE KEY

**First Letter = Jurisdictional Grounds** (ex. 99-804 **C**FY)

C - Certiorari
A - Appeal
Q - Certified Question

**Second Letter = Court Below** (ex. 99-804 C**F**Y)

S - State
F - U.S. Court of Appeals
T - Three-Judge District Court
M - U.S. Court of Appeals for the Armed Forces
O - Other Court

**Third Letter = Nature of Case** (ex. 99-804 CF**Y**)

X - Civil
Y - Criminal
H - Habeas Corpus or other collateral attack