UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : | |
| | : | |
| V. | | |
| | : | |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS, CORP.; THOMAS NIGRO; ASHFORD DEVELOPMENT CO.; DENNIS V. LOVELY; ANTHONY M. MILO; JAMES A. STEVENS; WILSON MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD; CHARLES HILL; and SUBURBAN EXCAVATORS, INC. | : : : : : | CASE NO. 3:01cv896 (MRK) JULY 21, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO SCOPE OF DEFENDANT MILO'S MOTION FOR STAY
OF PROCEEDING, AND CROSS-MOTION AND MEMORANDUM
OF LAW FOR COMPLETE AND IMMEDIATE STAY**

Plaintiff, CadleRock Properties Joint Venture, L.P. ("Plaintiff"), submits its

Memorandum of Law in Opposition to Scope of Defendant Milo's Motion for Stay of

Proceedings, and its Cross-Motion and Memorandum of Law for Complete and Immediate

Stay. Because the issues raised in the parties' motions for stay are extremely time-sensitive,

Plaintiff respectfully requests that this motion be heard in an expedited manner. Accordingly,

TELEPHONIC ORAL ARGUMENT REQUESTED

Plaintiff joins in Defendant Milo's request that argument on these motions be heard via a telephonic conference.

## I. INTRODUCTION

Because Plaintiff acknowledges that the United States Supreme Court's pending decision in <u>Cooper Industries v. Aviall Services</u>, Docket No. 02-1192, may have a substantial effect on this litigation, Plaintiff has no objection to a stay.[1]  On the contrary, in order to conserve Court resources and to save Plaintiff and the other parties from incurring unnecessary expense, Plaintiff vigorously advocates a stay.  Plaintiff objects, however, to the scope of the stay that has been proposed by Defendant Milo and several of the other Defendants.

## II. ARGUMENT AND AUTHORITIES

### A.  **A Complete Stay Is The Only Effective Way To Avoid The Wasteful Expenditure Of Resources By All Of The Parties.**

Defendant Milo advocates that the briefing on the various pending motions for summary judgment be completed prior to the imposition of a stay.  Defendant Milo also advocates that

---

[1]  The background surrounding the Supreme Court's decision to grant *certification* to the Court of Appeals for the Fifth Circuit regarding its *en banc* decision is set forth at length in Defendant Milo's Memorandum of Law in Support of Motion for Stay of Proceedings, pp. 1-2.  The principle issue before the Supreme Court is whether a party has no standing to seek contribution under CERCLA Section 113(f) (42 U.S.C. § 9613(f) unless it has already been the subject of either a CERCLA Section 106 or Section 107 (42 U.S.C. §§ 9606 and 9607) claim for indemnification.  Because Plaintiff is not and has not been the subject of a Section 106 or Section 107 claim, a reversal of <u>Aviall</u> by the Supreme Court would likely result in the loss of Plaintiff's standing to maintain this lawsuit.

the parties comply with the Discovery Directive of Magistrate Judge Garfinkel dated July 1, 2004 (the "Discovery Directive") before the stay is imposed.  The Discovery Directive requires Plaintiff and Defendants to work out their respective discovery disputes by July 22, 2004 and to attend a conference before Magistrate Judge Garfinkel on July 29, 2004 should the parties not fully resolve these disputes by July 27, 2004.  Other defendants, however, including Defendants Stanton and Brayfield, apparently advocate that any stay that may be ordered by this Court should not effect the timing of this Court's ruling on the pending motions for summary judgment by Defendants Milo, Stanton, Brayfield, and Florian.

Rather than the limited stays that the various Defendants advocate, Plaintiff cross-moves for a complete and immediate stay of all proceedings.  As of the date of this opposition and cross-motion, Plaintiff is faced with the prospect of opposing five separate motions for summary judgment.[2]  Plaintiff is in agreement with the sound reasoning of the Fifth Circuit's *en banc* decision and believes that its decision should be affirmed by the Supreme Court.  If the Supreme Court, however, finds for the Petitioner in Aviall, Plaintiff may lack standing to continue to pursue its claims before this Court, and such lack of standing may warrant dismissal.  The fact that federal courts should decide issues of subject matter jurisdiction as a

---

[2]  Defendant Martin's and Lovley's motions for summary judgment were not filed until July 19, 2004.  Plaintiff did not receive Defendant Lovley's motion until the date of this memorandum.  Plaintiff has yet to receive a copy of Defendant Martin's motion.

threshold issue is a compelling argument for a complete and immediate stay.[3]  See In re Gucci, 126 F.3d 380387-88 (2d Cir. 1997) ("Whether a claimant has standing is 'the threshold question in every federal case determining the power of the court to entertain the suit.'") (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)); United States v. 105,800 Shares of Common Stock of FirstRock Bancorp., Inc., 830 F. Supp. 1101, 1115 (D. Ill. 1993) (standing is threshold issue that is fundamental to court's subject matter jurisdiction).

Although Defendant Milo advocates a stay because it "would avoid wasteful expenditure of resources by all of the parties and the Court,"[4] he nonetheless seeks a stay that would require Plaintiff to fully brief the arguments set forth in the five moving memoranda of law in support of summary judgment, and that will require the parties to resolve and complete certain outstanding discovery.  The terms of Defendant Milo's proposed stay are contrary to the very decisions on which he relies in his supporting memorandum of law.  In order to truly avoid wasteful expenditures by <u>all</u> of the parties, the stay should be immediate and complete, rather than selective, and should, therefore, specifically stay all discovery as well as Plaintiff's obligation to oppose the motions for summary judgment.

---

[3]   Whether this Court has subject matter jurisdiction over this litigation should be the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

[4]   See Memorandum of Law in Support of Defendant Anthony M. Milo's Motion for Stay of Proceedings, Section II.B.

**B.        Plaintiff Should Not Be Prejudiced By Defendants' Needless Delay In Moving For A Stay.**

In an effort to bolster their argument in support for their motion for a partial stay, Defendants essentially argue that Plaintiff should be required to oppose the motions for summary judgment because the moving Defendants already incurred the time and expense of drafting their respective motions. Plaintiff should not, however, be prejudiced by being required to respond to these five motions that might all be rendered moot by the reversal of Aviall. It should be stressed that all of the Defendants who are now seeking only a partial stay of the proceedings knew that the Supreme Court had decided to accept *certification* from the Fifth Circuit before they filed their motions for summary judgment. Indeed, the first argument in Defendant Milo's supporting memorandum of law specifically addresses this very issue. Moreover, Defendants Stanton and Brayfield expressly refer to and join in Defendant Milo's argument on the issue that the Supreme Court will address in Aviall.[5] Similarly, Defendants Martin and Lovley must be deemed to have known that the Supreme Court was scheduled to hear Aviall well before they filed their respective motions for summary judgment on July 19,

---

[5] The point heading of Section IV of Stanton's and Brayfield's memorandum is captioned: Plaintiff's Claims Are Barred Because This Court Lacks Jurisdiction, And The Plaintiff Lacks Standing, Due To The Absence Of The Statutorily Required Underlying Government Action Pursuant to Sections 106 and 107(a) Of CERCLA.

2004, in light of the fact that Defendant Milo's motion was filed and served more than two weeks earlier on July 2, 2004.[6]

Because Defendants Milo, Stanton, Brayfield, Martin, and Lovley all knew that the Supreme Court would hear the Aviall appeal before they filed their respective motions, they could have, and should have, refrained from filing their motions, and Plaintiff should not be forced to spend needless time and expense responding to same.

### III. CONCLUSION

For all the foregoing reasons, this Court should issue a complete and immediate stay of this litigation.

> PLAINTIFF, CADLEROCK PROPERTIES
> JOINT VENTURE, L.P.
>
>
> _____
> Jill Hartley
> Fed. Bar No. CT 10570
> Michael G. Albano
> Fed. Bar No. 21440
> Sabia & Hartley, LLC
> 190 Trumbull Street, Suite 202
> Hartford, CT 06103
> Phone: (860) 541-2077
> Facsimile: (860) 713-8944

---

[6] Like Defendants Stanton and Brayfield, Defendant Lovley also joined in Defendant Milo's argument that this Court lacks subject matter jurisdiction over Plaintiff's claims.

## **CERTIFICATION OF SERVICE**

      I hereby certify that a copy of the foregoing has been faxed and mailed, postage pre-paid this 21th day of July, 2004 to counsel of record and pro se party as follows:

Thomas M. Armstrong, Esq.  
Lawrence H. Lissitzyn, Esq.  
Reid & Riege, P.C.  
One State Street - 18th Floor  
Hartford, CT 06103-3185  

Joseph F. DePaolo, Jr., Esq.  
132 Main Street  
P.O. Box 554  
Southington, CT 06489  

Steven Berglass, Esq.  
Seeley & Berglass  
121 Whitney Avenue  
New Haven, CT 06510  

Mr. Thomas Nigro  
7 Howard Road  
Ashford, CT 06278  
(regular mail only)  

Jon David Biller, Esq.  
Biller, Sachs, Raio & Bonadies  
2750 Whitney Avenue  
Hamden, CT 06518  

Joseph Sappington, Esq.  
Levy & Droney PC  
P.O. Box 887  
Farmington, CT 06034-0887  

Thomas S. Luby, Esq.  
Luby, Olson, Mango, Gaffney &  
DeFrances, P.C.  
405 Broad Street  
P.O. Box 2695  
Meriden, CT 06450-1695  

_____  
Michael G. Albano

E:\WPDOCS\CADLE\ASHFORD\CERCLA\mol.opp.stay1.wpd