UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : CASE NO.3:01CV896(MRK)<br>:<br>: |
| V. | :<br>: |
| BENJAMIN SCHILBERG, SCHILBERG INTEGRATED METALS, CORP., THOMAS NIGRO, ASHFORD DEVELOPMENT CO., DENNIS V. LOVLEY, ANTHONY M. MILO, JAMES A. STEVENS, WILSON MORIN, JEAN G. MARTIN, DAVID W. FLORIAN, THOMAS STANTON, JR., CHRISTIAN R. BRAYFIELD, CHARLES HILL, AND SUBURBAN EXCAVATORS, INC. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: DECEMBER 16, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ANTHONY M. MILO'S MOTION FOR JUDGMENT ON THE PLEADINGS

I. INCORPORATION OF PRIOR ARGUMENT

Defendant Anthony M. Milo ("Mr. Milo") incorporates by reference the arguments put forth in support of his July 20, 2004 Motion for Stay of Proceedings. (See Defendant Anthony M. Milo's Memorandum of Law in Support of Motion for Stay of Proceedings, July 20, 2004).

II. ARGUMENT

Mr. Milo is entitled to judgment on the pleadings based upon the holding of the Supreme Court of the United States in Cooper Industries v. Aviall Services, Inc., No. 02-1192, slip. op. (December 13, 2004). As Mr. Milo argued in the aforementioned and substantively unopposed Memorandum in Support of Motion for Stay of Proceedings, Plaintiff CadleRock

1

17086.001/376170.1

Properties Joint Venture, L.P. asserted three counts arising under CERCLA, 42 U.S.C. § 9601 et seq. in its Amended Complaint. (Amended Complaint). Subsequently, the Plaintiff conceded that it is not entitled to bring an action under Section 107 of CERCLA, 42 U.S.C. § 9607. (Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, March 20, 2002, pp. 2-3, n.6). The Plaintiff maintained that its viable claims arose under Section 113(f) of CERCLA, 42 U.S.C. § 6913(f). (Id., at 2-3).

This Court stayed proceedings in this action based upon the question presented before the Supreme Court of the United States in <u>Aviall</u>; specifically, whether a private party who has not been the subject of any underlying Superfund civil action pursuant to CERCLA Sections 106 or 107, 42 U.S.C. §§ 9606 or 9607, may bring an action seeking contribution pursuant to Section 113(f)(1), 42 U.S.C. § 9613(f)(1), to recover costs spent voluntarily to clean up property contaminated by hazardous substances. (See Defendant Anthony M. Milo's Memorandum of Law in Support of Motion for Stay of Proceedings, July 20, 2004, at p. 5). Whereas Plaintiff CadleRock Properties Joint Venture, L.P. has never pled that it was the subject of any underlying Superfund action pursuant to Sections 106 or 107 of CERCLA, a holding by the Supreme Court that such a predicate action is necessary for recovery under Section 113(f)(1) of CERCLA would dispose of the Plaintiff's claims.

On December 13, 2004, the Supreme Court published its ruling in <u>Aviall</u>. The Court held, "Section 113(f)(1), 100 Stat. 1647, authorizes contribution claims only 'during or following' a civil action under §106 or§ 107(a), and it is undisputed that Aviall has never been subject to such an action. Aviall therefore has no §113(f)(1) claim." <u>Cooper Industries, Inc. v.</u>

2

17086.001/376170.1

Aviall Services, Inc., No. 02-1192, slip. op. at 9 (December 13, 2004). The Court summarized its holding as follows:

> The issue we must decide is whether a private party who has not been sued under S106 or §107(a) may nevertheless obtain contribution under §113(f)(1) from other liable parties. We hold that it may not.

Id., at 1. The Court's holding that a predicate Section 106 or 107(a) action must have occurred in order for one to seek contribution under Section 113(f)(1) of CERCLA is dispositive of Plaintiff's claims.

### III. CONCLUSION

Mr. Milo is entitled to judgment on the pleadings, because the only claims that the Plaintiff has not conceded, arise under Section 113(f)(1) of CERCLA. These claims necessarily fail as a matter of law, because Plaintiff was not subject to a requisite action under Section 106 or 107(a) of CERCLA.

DEFENDANT,
ANTHONY M. MILO

By /s/ Thomas M. Armstrong
Thomas M. Armstrong, Esq.
Federal Bar Number ct03545
Reid & Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
(860) 278-1150 - Telephone
(860) 240-1002 - Fax
Email: tarmstrong@reidandriege.com

17086.001/376170.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, U.S. Mail, postage prepaid on this 16th day of December, 2004 to:

Michael Albano, Esq.
Jill Hartley, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06130-2205

Joseph Sappington, Esq.
Levy & Droney PC
P.O. Box 887
Farmington, CT 06034-0887

Steven Berglass, Esq.
Sloan W. Farrell
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510

Thomas S. Luby
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

Mr. Thomas Nigro
7 Howard Road
Ashford, CT 06278

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT 06489

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

_____
Thomas M. Armstrong

17086.001/376170.1