# STATE OF CONNECTICUT
## DEPARTMENT OF ENVIRONMENTAL PROTECTION



STATE OF CONNECTICUT                    :
V.                                      :
CADLEROCK PROPERTIES JOINT VENTURE, L.P.:

**MP-00592**

### ORDER

A.  The Commissioner of Environmental Protection ("the Commissioner") finds:

1.  CadleRock Properties Joint Venture, L.P. ("Respondent"), an Ohio limited partnership, with its principal place of business at 100 North Center Street in Newton Falls, Ohio, is the owner of properties located between 392 and 460 Squaw Hollow Road (aka Route 44) in Ashford and Willington, Connecticut ("the site") more fully described in deeds which are recorded at page 576 of volume 110 of the Town of Ashford land records, and at page 534 of volume 128 of the Town of Willington land records.

2.  Solid waste in excess of 10 cubic yards has been disposed of on the site without a permit required by Section 22a-208a(b) of the Connecticut General Statutes.

3.  The site was used for the purpose of burning insulation off of wire to recover metals and wastes from such activity were disposed of on the site.

4.  Soil on the site is polluted with heavy metals including but not limited to copper and lead, volatile organic compounds and petroleum hydrocarbons.

5.  Ground water on the site is polluted with volatile organic compounds.

6.  By virtue of the above, Respondent has created or is maintaining a facility or condition which reasonably can be expected to create a source of pollution to the waters of the State.

7.  By virtue of the above, Respondent is maintaining a solid waste disposal facility without a permit pursuant to Secction 22a-208a(b) of the Connecticut General Statutes.

B.  Pursuant to Sections 22a-6, 22a-225, 22a-424, and 22a-432 of the Connecticut General Statutes, the Commissioner orders Respondent as follows:

I CERTIFY THAT THIS DOCUMENT
IS A TRUE COPY OF THE ORIGINAL.

NAME

*Supervising Sanitation Engineer*

TITLE                6/4/97
DEPARTMENT OF ENVIRONMENTAL
PROTECTION, BUREAU OF WATER
MANAGEMENT

2

1. Within thirty (30) days from the issuance of this Order, Respondent shall retain one or more qualified consultants acceptable to the Commissioner to prepare the documents and implement or oversee the actions required by this order and shall, by that date, notify the Commissioner in writing of the identity of such consultants. Respondent shall retain one or more qualified consultants acceptable to the Commissioner until this order is fully complied with, and, within ten days after retaining any consultant other than one originally identified under this paragraph, Respondent shall notify the Commissioner in writing of the identity of such other consultant. Respondent shall submit to the Commissioner a description of a consultant's education, experience and training which is relevant to the work required by this order within ten days after a request for such a description. Nothing in this paragraph shall preclude the Commissioner from finding a previously acceptable consultant unacceptable.

2. Within thirty (30) days from the issuance of this Order, Respondent shall secure the site from unauthorized vehicular entry.

3. a. Within sixty (60) days from the issuance of this Order, Respondent shall remove all solid waste disposed of at the site to a lawfully operating solid waste facility.

   b. At least three (3) business days prior to removing any solid waste from the site, Respondent shall notify the Commissioner, in writing, of the planned activity and of the identity of the solid waste facility to which such wastes are to be taken.

4. a. Within ninety (90) days from the issuance of this order Respondent shall submit for the Commissioner's review and written approval a scope of study for the investigation of the activities described above in paragraphs A.2. through A.5. of this order, and the potential impact of such activities on human health and the environment both on-site and off-site, including but not limited to the existing and potential extent and degree of soil, ground water and surface water pollution. Such scope of study shall include at least the proposed location and depths of ground water monitor wells and soil and surface water sampling, a proposed sampling and analytical program including at least the parameters to be tested, proposed sampling and analytical methods, and quality assurance and quality control procedures, and a schedule for conducting the investigation.

   b. If the investigation carried out under an approved scope of study does not fully characterize the extent and degree of soil, surface water and ground water pollution to the satisfaction of the Commissioner, additional investigation shall be performed in accordance with a supplemental plan and schedule approved in writing by the Commissioner. Unless otherwise specified in writing by the Commissioner, the supplemental plan and schedule shall be submitted for the Commissioner's review and written approval on or before thirty days after notice from the Commissioner that they are required.

MP-00593

3

c. Respondent shall perform the investigation and other actions specified in the approved scope of study and in any approved supplemental plan(s) in accordance with the approved schedule(s). Respondent shall notify the Commissioner of the date and time of installation of monitoring wells and of each soil and water sampling event at least five full business days prior to such installation or sampling.

d. Except as may be provided in the investigation schedule approved by the Commissioner, on or before thirty days after the approved date for completion of the investigation, Respondent shall submit for the Commissioner's review and written approval a comprehensive and thorough report which describes in detail the investigation performed; defines the existing and potential extent and degree of soil, surface water and ground water pollution which is on, is emanating from or has emanated from the site; and evaluates the alternatives for remedial actions to abate such pollution, including but not limited to any alternative specified by the Commissioner; states in detail the most expeditious schedule for performing each alternative, and lists all permits and approvals required for each alternative, including but not limited to any permits required under sections 22a-32, 22a-42a, 22a-342, 22a-361, 22a-368 or 22a-430 of the Connecticut General Statutes; proposes a preferred alternative with supporting justification therefor; and proposes a detailed program and schedule to perform the preferred remedial actions, including but not limited to a schedule for applying for and obtaining all permits and approvals required for such remedial actions. Such report shall also include but not be limited to a soil, surface water and ground water monitoring program to determine the degree to which the approved remedial actions have been effective, and a schedule for performing the approved monitoring program.

e. Unless another deadline is specified in writing by the Commissioner, on or before sixty days after approval of the report described in the preceding paragraph, Respondent shall (1) submit for the Commissioner's review and written approval contract plans and specifications for the approved remedial actions, a revised list of all permits and approvals required for such actions, and a revised schedule for applying for and obtaining such permits and approvals, and (2) submit applications for all permits and approvals required under section 22a-430 of the Connecticut General Statutes for such actions. Respondent shall use best efforts to obtain all required permits and approvals.

f. Respondent shall perform the approved remedial actions in accordance with the approved schedule(s). Within fifteen days after completing such actions, the Respondent shall certify to the Commissioner in writing that the actions have been completed as approved.

MP-00594

4

g.   Respondent shall perform the approved monitoring program to determine
the effectiveness of the remedial actions in accordance with the approved
schedule(s).   If the approved remedial actions do not result in the
prevention and abatement of soil, surface water and ground water pollution
to the satisfaction of the Commissioner, additional remedial actions and
measures for monitoring and reporting on the effectiveness of those actions
shall be performed in accordance with a supplemental plan and schedule
approved in writing by the Commissioner.   Unless otherwise specified in
writing by the Commissioner, the supplemental plan and schedule shall be
submitted for the Commissioner's review and written approval on or before
thirty days after notice from the Commissioner that they are required.

h.   On a schedule established by the Commissioner or, if no such schedule
is established, on a quarterly basis beginning no later than ninety days
after initiation of the approved remedial actions or, as applicable,
supplemental   remedial   actions,   Respondent   shall   submit   for   the
Commissioner's review and written approval a report describing the results
to date of the monitoring program to determine the effectiveness of the
remedial actions.

i.   Respondent may, by written request, ask that the Commissioner approve
revisions to any document approved hereunder in order to make such document
consistent with law or for any other appropriate reason.

2.   Progress reports.   On or before the last day of each month following
issuance of this order and continuing until all actions required by this order
have been completed as approved and to the satisfaction of the Commissioner,
Respondent shall submit a progress report to the Commissioner describing the
actions which Respondent has taken to comply with this order to date.

3.   Full compliance.   Respondent shall not be considered in full compliance
with this order until all actions required by this order have been completed as
approved and to the satisfaction of the Commissioner, and all soil, surface
water and ground water pollution which is on, is emanating from or emanated
from Respondent's property and their sources have been abated to the
satisfaction of the Commissioner.

4.   Sampling and sample analyses.   All sample analyses which are required by
this order and all reporting of such sample analyses shall be done by a
laboratory certified by the Connecticut Department of Health Services for such
analyses.   All sampling and sample analyses performed under this order shall be
performed in accordance with procedures specified or approved in writing by the
Commissioner, or, if no such procedures have been specified or approved, in
accordance with 40 CFR Part 136.   Unless otherwise specified by the
Commissioner in writing, the value of each parameter shall be reported to the
maximum level of precision and accuracy specified in the applicable protocol,
and if no such level is specified, to the maximum level of precision and
accuracy possible.

5.  Approvals.  Respondent shall use best efforts to submit to the Commissioner all documents required by this order in a complete and approvable form.  If the Commissioner notifies the Respondent that any document or other action is deficient, and does not approve it with conditions or modifications, it is deemed disapproved, and Respondent shall correct the deficiencies and resubmit it within the time specified by the Commissioner or, if no time is specified by the Commissioner, within thirty days of the Commissioner's notice of deficiencies.  In approving any document or other action under this order, the Commissioner may approve the document or other action as submitted or performed or with such conditions or modifications as the Commissioner deems necessary to carry out the purposes of this order.  Nothing in this paragraph shall excuse noncompliance or delay.

6.  Definitions.  As used in this order, "Commissioner" means the Commissioner or an agent of the Commissioner.

7.  Dates.  The date of submission to the Commissioner of any document required by this order shall be the date such document is received by the Commissioner. The date of any notice by the Commissioner under this order, including but not limited to notice of approval or disapproval of any document or other action, shall be the date such notice is personally delivered or the date three days after it is mailed by the Commissioner, whichever is earlier.  Except as otherwise specified in this order, the word "day" as used in this order means calendar day.  Any document or action which is required by this order to be submitted or performed by a date which falls on a Saturday, Sunday or a Connecticut or federal holiday shall be submitted or performed on or before the next day which is not a Saturday, Sunday, or Connecticut or federal holiday.

8.  Notification of noncompliance.  In the event that Respondent becomes aware that it did not or may not comply, or did not or may not comply on time, with any requirement of this order or of any document required hereunder, Respondent shall immediately notify the Commissioner and shall take all reasonable steps to ensure that any noncompliance or delay is avoided or, if unavoidable, is minimized to the greatest extent possible.  In so notifying the Commissioner, Respondent shall state in writing the reasons for the noncompliance or delay and propose, for the review and written approval of the Commissioner, dates by which compliance will be achieved, and Respondent shall comply with any dates which may be approved in writing by the Commissioner.  Notification by Respondent shall not excuse noncompliance or delay, and the Commissioner's approval of any compliance dates proposed shall not excuse noncompliance or delay unless specifically so stated by the Commissioner in writing.

6

9. <u>Certification of documents.</u> Any document, including but not limited to any notice, which is required to be submitted to the Commissioner under this order shall be signed by the Respondent, as those terms are defined in section 22a-430-3(b)(2) of the Regulations of Connecticut State Agencies and by the individual or individuals responsible for actually preparing such document, each of whom shall certify in writing as follows: "I have personally examined and am familiar with the information submitted in this document and all attachments and certify that based on reasonable investigation, including my inquiry of those individuals responsible for obtaining the information, the submitted information is true, accurate and complete to the best of my knowledge and belief, and I understand that any false statement made in this document or its attachments may be punishable as a criminal offense."

10. <u>Noncompliance.</u> Failure to comply with this order may subject Respondent to an injunction and penalties under Chapters 439, and 445 or 446k of the Connecticut General Statutes.

11. <u>False statements.</u> Any false statement in any information submitted pursuant to this order may be punishable as a criminal offense under Section 22a-438 or 22a-131a of the Connecticut General Statutes or, in accordance with Section 22a-6, under Section 53a-157 of the Connecticut General Statutes.

12. <u>Notice of transfer; liability of Respondent and others.</u> Until Respondent has fully complied with this order, Respondent shall notify the Commissioner in writing no later than fifteen days after transferring all or any portion of the operations which are the subject of this order, the site or the business, or obtaining a new mailing or location address. Respondent's obligations under this order shall not be affected by the passage of title to any property to any other person or municipality. Any future owner of the site may be subject to the issuance of an order from the Commissioner.

13. <u>Commissioner's powers.</u> Nothing in this order shall affect the Commissioner's authority to institute any proceeding or take any other action to prevent or abate violations of law, prevent or abate pollution, recover costs and natural resource damages, and to impose penalties for violations of law, including but not limited to violations of any permit issued by the Commissioner. If at any time the Commissioner determines that the actions taken by Respondent pursuant to this order have not fully characterized the extent and degree of pollution or have not successfully abated or prevented pollution, the Commissioner may institute any proceeding to require Respondent to undertake further investigation or further action to prevent or abate pollution.

14. <u>Respondent's obligations under law.</u> Nothing in this order shall relieve Respondent of other obligations under applicable federal, state and local law.

15. <u>No assurance by Commissioner.</u> No provision of this order and no action or inaction by the Commissioner shall be construed to constitute an assurance by the Commissioner that the actions taken by Respondent pursuant to this order will result in compliance or prevent or abate pollution.

MP-00597

16.  Notice to Commissioner of changes.  Within fifteen days of the date Respondent becomes aware of a change in any information submitted to the Commissioner under this order, or that any such information was inaccurate or misleading or that any relevant information was omitted, Respondent shall submit the correct or omitted information to the Commissioner.

17.  Submission of documents.  Any document required to be submitted to the Commissioner under this order shall, unless otherwise specified in writing by the Commissioner, be directed to:

       Mr. Thomas K. O'Connor
       Department of Environmental Protection
       Bureau of Water Management
       Permitting, Enforcement & Remediation Division
       79 Elm Street
       Hartford, Connecticut  06106-5127

Issued as an order of the Commissioner of Environmental Protection.

15 Aug 97
Date

Sidney J. Holbrook
Commissioner

ORDER NO. SRD-088

MP-00598