UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : |
| V. | : CASE NO.: 301 CV 896 (MRK) |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS, CORP.; THOMAS NIGRO; ASHFORD DEVELOPMENT CO.; DENNIS V. LOVELY; ANTHONY M. MILO; JAMES A. STEVENS; WILSON MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD; CHARLES HILL; and SUBURBAN EXCAVATORS, INC. | : : : : : : : : : : MARCH 11, 2005 |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS STANTON AND BRAYFIELD ON THE ISSUE OF COOPER INDUSTRIES, INC. V. AVIALL SERVICES, INC.

The Amended Complaint in this action sets forth claims pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 29 U.S.C. §9601 et seq. ("CERCLA"). The plaintiff owns property in Ashford and Willington, Connecticut, and seeks to compel the defendants to contribute to environmental cleanup costs incurred or to be incurred by the plaintiff. Defendant Ashford Development Corp. was a prior owner of the property. Defendants Stanton and Brayfield were minority shareholders of defendant Ashford.

In July 2004, defendants Stanton and Brayfield, along with other codefendants, filed Motions for Summary Judgment. One of the grounds set forth was the absence of a preexisting or currently pending action under CERCLA, which according to the defendants was a prerequisite to the plaintiff's suit. This same issue had been raised in a case then before the U.S. Supreme Court: *Cooper Industries, Inc. v. Aviall Services, Inc.*, 125 S. Ct. 577

1

(2004)(hereinafter "*Cooper*"). Because the U.S. Supreme Court had scheduled oral argument on that case for October, this court entered a stay of proceedings pending the decision of the Supreme Court.

On December 13, 2004, the U.S. Supreme Court rendered its decision. According to the Supreme Court in *Cooper*, the explicit language of the CERCLA statute states that a necessary precondition "to seek[ing] contribution from any other person" under §113(f) of CERCLA is that the contribution claim be made "during or following a civil action under section 106 or section 107(a)." 29 U.S.C. §9613(f)(1). The court found this statutory language governed the matter. As a result, the court held that a private party who itself is a potentially responsible party under CERCLA, but who has not been sued by the government under §§106 or 107 of CERCLA, 29 U.S.C. §9601 et seq., may not bring a contribution action under §113(f) of CERCLA, 29 U.S.C. §9613. The holding by the Supreme Court in *Cooper* is fatal to the plaintiff's case. In the present action, no "civil action under section 106 or section 107" has been brought. Accordingly, summary judgment should enter for the defendants on all counts.

In its opinion in *Cooper*, the U.S. Supreme Court also identified, but did not decide, two other CERCLA issues: 1) whether §107 itself, without reference to §113, grants a private right of action for cost recovery; and, if not, 2) whether §107 provides an implied right of action for contribution. Substantial precedent, some from the federal circuit courts, some from the U.S. Supreme Court itself, answers both questions in the negative.

With regard to the question whether there is a private right of action for cost recovery under §107, the Second Circuit has already ruled that §107 does not provide a potentially responsible party under §107(a)(1)-(4), including an owner/plaintiff such as Cadlerock, with the right to recover the cost of cleanup from other potentially responsible parties. *Bedford*

2

*Affiliates v. Sills*, 156 F.3d 416, 424-25 (2d Cir. 1998). See *Bello v. Barden Corp.*, 180 F.Supp. 2d 300, 308 (D. Conn. 2002). As the court in *Cooper* noted, many Circuits have determined likewise. *Cooper*, 125 S. Ct. at 585. The Second Circuit in <u>Bedford</u> ruled that the only avenue of relief available to a potentially responsible party was a contribution action, and that the only mechanism under CERCLA for contribution was §113(f). Thus an action based upon the theory that §107 explicitly provides a remedy to the plaintiff in the present action must fail.

On the other issue mentioned but not explicitly decided by the *Cooper* court-- whether §107 provides an implied right of contribution-- the Supreme Court in *Cooper* signaled its likely rejection of such an argument in a future case by referring to its prior decisions discouraging such an approach. See, *Cooper Industries Inc. v. Aviall Services Inc.*, 125 S. Ct. at 586, citing *Texas Industries v. Radcliff Materials, Inc.* 451 U.S. 630, at 638-647 (1981) (declining to imply a private cause of action for contribution under the antitrust statutes), and *Northwest Airlines Inc. v. Transport Workers*, 451 U.S. 77, at 90-99 (1981)(declining to imply a cause of action for contribution under the discrimination statutes). The court in *Cooper* also noted that in amending CERCLA by inserting the language of §113(f)(1), Congress had explicitly narrowed the statutory language on contribution actions to allow only those "during or following" a CERCLA action brought against the plaintiff seeking contribution. Congress had done so, the Court noted, in response to lower court decisions judicially interpreting CERCLA to provide a broader contribution right. *Cooper*, 125 S. Ct. at 586. When the legislature provides a specific and narrow remedy, a court cannot thereafter conclude that a broader remedy is implied. As the Supreme Court explained in *Northwest Airlines, Inc. v. Transport Workers Union*, supra, 451 U.S. at 97, "the presumption that a remedy was deliberately omitted from a statute

3

is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." As noted above, under CERCLA, the Congress has established a comprehensive scheme, including contribution actions under certain circumstances. Such circumstances are not present here. As a result, no further rights to contribution can be implied beyond the explicit statutory language.

For the foregoing reasons, judgment should be entered for the defendants on all counts.

Respectfully Submitted,

THE DEFENDANTS
THOMAS STANTON, JR.
and CHRISTIAN R. BRAYFIELD

by /s/ Thomas S. Luby
Thomas S. Luby
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450
Their Attorneys
Phone: 203-639-3560
Facsimile: 203-639-3569
Federal Bar No.: ct00187

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P. | : |
| V. | : CASE NO.: 301 CV 896 (MRK) |
| BENJAMIN SCHILBERG; SCHILBERG INTEGRATED METALS, CORP.; THOMAS NIGRO; ASHFORD DEVELOPMENT CO.; DENNIS V. LOVELY; ANTHONY M. MILO; JAMES A. STEVENS; WILSON MORIN; JEAN G. MARTIN; DAVID W. FLORIAN; THOMAS STANTON, JR.; CHRISTIAN R. BRAYFIELD; CHARLES HILL; and SUBURBAN EXCAVATORS, INC. | : MARCH 11, 2005 |

### CERTIFICATION OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 11th day of March, 2005, to:

Jill Hartley, Esq.
Michael G. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street – Suite 202
Hartford, CT 06103

Joseph F. DePaolo, Jr., Esq.
16 Cornerstone Court
Plantsville, CT 06479-1551

Steven Berglass, Esq.
John W. Sullivan, Esq.
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510

John David Biller, Esq.
Benjamin R. Boutaugh, Jr.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

Joseph B. Sappinton, Esq.
Jeffrey J. Mirman, Esq.
Levy & Droney, PC
74 Batterson Park Road
Farmington, CT 06034-0887

Thomas Armstrong, Esq.
Lawrence H. Lissitzyn, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103

Thomas Nigro
7 Howard Road
Ashford, CT 06278

_____
Thomas S. Luby

5