UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CADLE ROCK PROPERTIES | ) | |
| JOINT VENTURE, LP | ) | |
|     Plaintiff | ) | CIVIL ACTION NO: |
| | ) | 3:01CV9896 (MRK) |
| V. | ) | |
| | ) | |
| BENJAMIN SCHILBERG, ET AL | ) | |
|     Defendants | ) | MARCH 21, 2005 |

## MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OF DEFENDANT BENJAMIN SCHILBERG

Pursuant to F.R.C.P. Rule 12(c) and the reasons set forth in the Motion of Defendant Anthony M. Milo dated December 16, 2004, the Defendant Benjamin Schilberg, by and through undersigned counsel, moves for judgment on the pleadings, dismissing the Plaintiff's Complaint and entering judgment in favor of Defendant and against the Plaintiff.

Since the issuance of the Supreme Court's decision in Cooper Industries v. Aviall Services, ____ U.S. ____, 106 L. Ed. 2d 548, 125 S. Ct. 577 (2004) on December 16, 2004, District Courts within the Second Circuit have followed the Court's reasoning. In Elementis Chemicals, Inc. v. TH Agricultural and Nutrition, LLC, 2005 U.S. Dist. LEXIS 1404 (S.D.N.Y. January 31, 2005), the Court held "Not having been previously sued under Section 106 or 107 of CERCLA, . . . [the

Plaintiff] is precluded by Cooper Industries from seeking recovery under §113(F)(1) . . ." In <u>AMI Materials Testing, Inc. v. Town of Babylon</u>, 348 F. Supp. 2d 4, 14 (E.D.N.Y. December 20, 2004), the Court stated: "The Court in Cooper explained that no provision in CERCLA exists for maintaining an action for contribution when the cleanup is purely voluntary." Inasmuch as Plaintiff's Amended Complaint is devoid of any allegations that it has been sued under Sections 106 or 107 of CERCLA, its claims must be dismissed.[1]

        Respectfully submitted,

        THE DEFENDANT
        BENJAMIN SCHILBERG

BY_____
        Jeffrey J. Mirman, Esq.
        LEVY & DRONEY, P.C.
        74 Batterson Park Road
        Farmington, CT 06032
        Ph: (860) 676-3120
        Fx: (860) 676-3200
        Federal Bar No: ct05433

---

[1] Because a suit against Plaintiff under Sections 106 or 107 of CERCLA is a prerequisite to any claim for contribution, the Court lacks subject matter jurisdiction, for the Court lacks the statutory power to adjudicate the matter, <u>Makarova v. United States</u>, 201 F. 3d 110, 113 (2d Cir. 2000), and the action should be dismissed. F.R.C.P. Rule 12(b)(3).

**CERTIFICATION**

      I hereby certify that on this 21st day of March, 2005, a copy of the foregoing was mailed, postage prepaid, to the following:

Benjamin R. Boutaugh, Jr., Esq.
Biller, Sachs, Raio & Zito
2750 Whitney Avenue
Hamden, CT  06518

Jill Hartley, Esq.
Michael G. Albano, Esq.
Sabia & Hartley
190 Trumbull Street, Suite 202
Hartford, CT  06103-2205

Thomas A. Armstrong, Esq.
Dominic Fulco III, Esq.
Reid & Reige, P.C.
One Financial Plaza
Hartford, CT  06103

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT  06489

Steven Berglass, Esq.
Sloan W. Farrell, Esq.
Seeley & Berglass
121 Whitney Avenue
New Haven, CT  06510

Mr. Thomas Nigro
7 Howard Road
Ashford, CT  06278

Thomas S. Luby, Esq.
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT  06450

                                              _____
                                              Jeffrey J. Mirman, Esq.