FILED

2005 APR -9 P 3: 03

U.S. ... COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CADLEROCK PROPERTIES JOINT : 
VENTURE, L.P.
                                                   :
V.                                                 :
BENJAMIN SCHILBERG;
SCHILBERG INTEGRATED METALS,        :        CASE NO. 3:01cv896 (MRK)
CORP.; THOMAS NIGRO; ASHFORD
DEVELOPMENT CO.; DENNIS V.          :
LOVELY; ANTHONY M. MILO; JAMES
A. STEVENS; WILSON MORIN; JEAN G .:
MARTIN; DAVID W. FLORIAN;
THOMAS STANTON, JR.; CHRISTIAN R.:
BRAYFIELD; CHARLES HILL; and
SUBURBAN EXCAVATORS, INC.           :        APRIL 8, 2005

## PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER
## OPPOSITION TO DEFENDANTS' MOTIONS
## FOR JUDGMENT ON THE PLEADINGS

Plaintiff, CadleRock Properties Joint Venture, L.P., ("Plaintiff" or "CadleRock"),[1]

respectfully submits this memorandum of law in further opposition to the motions for judgment

on the pleadings filed by various Defendants.

---

[1]  CadleRock hereinafter incorporates all terms previously defined in its
memorandum of law dated March 11, 2005.

**SABIA & HARTLEY, LLC**
ATTORNEYS AT LAW

190 Trumbull Street    Suite 202    Hartford, CT 06103-2205
tel 860.541.2077    fax 860.713.8944    www.sabiahart.com

A.    **Plaintiff Has Never Conceded That It Could Not Maintain A Contribution Claim Under § 107; Plaintiff Merely Acknowledged That Under Second Circuit Law It Was Not Entitled To Maintain An Indemnification Claim Under § 107.**

CadleRock, contrary to Defendant Milo's assertion, never conceded at any point in this lawsuit that it could not maintain a contribution claim under § 107(a)(4). Instead, as Defendant Milo properly quoted Plaintiff's Memorandum in Opposition of March 20, 2002 (Doc. No. 91) at p. 3, n. 6, CadleRock "decided not to dispute Movants' claim that CadleRock is not entitled to indemnification pursuant to CERCLA § 107." Neither Defendants' motions to dismiss, nor CadleRock's opposition memorandum of law, made any reference to CadleRock's implied right to seek contribution under § 107. Indeed, considering the well-established legal precedent at the time regarding a PRP's right to seek contribution from other PRPs,[2] it is no surprise that Defendants sought only to dismiss any claim that CadleRock may have had under § 107 for indemnification. No Defendant has ever sought to dismiss any claim for contribution that Plaintiff might have under § 107. Consequently, any assertion by Defendants that CadleRock abandoned or waived any claim it had to seek contribution under § 107 should be disregarded.[3]

---

[2]    See Bedford Associates v. Sills, 156 F.3d 416 (2d Cir. 1998) and its progeny.

[3]    In its Memorandum of Law dated March 11, 2005, p. 14, n. 11, CadleRock argued that it had specifically alleged Defendants' liability under § 107 in asserting its § 113(f) claim. When faced with similar precedent from the Court of Appeals for the Fifth Circuit, Aviall understandably pled its contribution claim in an identical manner. See Aviall, 125 S. Ct. 577, 587 (2005) (Ginsburg, J., dissenting) (in light of Fifth Circuit precedent regarding joint operation of § 107 and § 113, "[a] party obligated by circuit precedent to plead in a certain way can hardly be deemed to

-2-

**B.**  **As Member Of The Class Of Persons Protected By § 107(a), Plaintiff Is Entitled To Seek Contribution Under § 107.**

Milo is simply incorrect when he states at p. 12 that "there is no clear intention of Congress to provide for a right of contribution under § 107." Section 107(a)(4)(B) plainly provides that the four categories of liable parties set forth in § 107(a)(1) to § 107(a)(4) "shall be liable for . . . any other necessary costs of response incurred by any other person consistent the national contingency plan . . . ." (Emphasis added). As Judge Scalia argued in his dissent in Key Tronic, and as reiterated by Justice Ginsberg in her dissent in Aviall, § 107 provides a PRP with the means "to sue other covered persons for reimbursement, in whole or in part, of cleanup costs the PRP legitimately incurred." Aviall, at 587. Moreover, as argued by Justice Ginsberg, the holdings of both Texas Industries and Northwest Airlines are not necessarily applicable to a right of action for contribution under CERCLA. This is particularly evident where, as here, Plaintiff (contrary to Milo's assertion p. 13) is a "covered person" that Congress sought to protect under § 107 by virtue of the undisputed fact that it is a person that incurred response costs as a result of releases caused by Defendants, whom Plaintiff alleges are PRPs.

It is ludicrous for Milo to equate Plaintiff's liability as a PRP – who is potentially liable under § 107 merely by virtue of its current ownership status of the property at issue – with the liability of the employer in Northwest Airlines, whose recovery was barred, inter alia, because it

_____

have waived a plea the party could have maintained had the law of the Circuit permitted him to do so").

-3-

SABIA & HARTLEY, LLC
ATTORNEYS AT LAW

190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

"discriminated on the basis of gender in establishing its pay scale for employees." There has

never been an allegation by any Defendant that Plaintiff is liable as a PRP because of any

wrongdoing such as a deliberate act of contamination. As Defendants are fully aware,

Plaintiff's status as a potential PRP in this litigation results by virtue of its status as the current

owner of the Site – and not because of any conscious or unconscious act or acts of

contamination. Indeed, no Defendant, including Defendant Milo, has ever alleged that any

contamination of the property occurred after Plaintiff came into possession of the property.

### C.     The Holding of *Bedford Associates* Does Not Stand In The Way Of Plaintiff's Contribution Claim Under § 107(a)(4).

The holding of Bedford Associates does not impede Plaintiff's ability to pursue a

contribution claim under § 107(a)(4). Bedford held that a PRP is not entitled to seek cost

recovery/indemnification under § 107; Bedford did not address whether a PRP had an implied

right to contribution under § 107. That issue was not before the Bedford Court, nor would it

have been since the court did not examine, let alone determine, whether the plaintiff satisfied

the language of § 113 that was at issue before the Aviall Court. The holdings of Prisco[4] and

Bello Associates[5] are therefore unremarkable in that they simply repeat the holding of Bedford

Associates: i.e., a PRP cannot seek cost recovery/indemnification from other PRPs, but is

instead limited to a claim for contribution.

---

[4]     Prisco v. A & D Carting Corp.,168 F.3d 593, 603 (2d Cir. 1999).

[5]     Bello Associates Limited Partnership v. Barden Corp.,180 F. Supp. 2d 300, 308 (D. Conn. 2002).

-4-

**SABIA & HARTLEY, LLC**
ATTORNEYS AT LAW
190 Trumbull Street   Suite 202   Hartford, CT 06103-2205
tel 860.541.2077   fax 860.713.8944   www.sabiahart.com

Defendant Milo proffered no case within the Second Circuit that expressly states that a PRP's implied right to contribution under § 107(a)(4) was deleted after the enactment of § 113 in 1986. Although Defendant Milo attempts to argue at pp. 2-7 of his Supplemental Brief that Bedford Associates stands for the proposition that a PRP within Second Circuit may not seek either indemnification or contribution under § 107, there is no language in Bedford Associates – or in any other case cited by Defendant Milo – that expressly extends the rule of Bedford Associates to prohibit a claim for contribution under § 107(a)(4). On the contrary, the holding of Bedford Associates is limited to cost recovery/indemnification claims, which the court stated were unavailable to a PRP.

In light of the foregoing, Defendant Milo misplaces his reliance on Bedford Associates as a means to thwart Plaintiff from pursuing a contribution claim pursuant to § 107(a)(4).

**D.    There is Precedent Within This Circuit To Support Plaintiff's Declaratory Judgment Claim, Even If This Court Dismisses Plaintiff's Claims Under § 107 and § 113.**

As Plaintiff argued in its memorandum of law dated March 11, 2005 at pp. 14-19, even if Plaintiff's § 113 claim does not survive Aviall, this Court should issue a declaratory judgment regarding the extent of Defendants' liability for contribution. In addition to the decisions to which Plaintiff already cited in support of this argument, Plaintiff also relies on Bernbach v. Times Corp., 989 F. Supp. 403, 407 (D. Conn. 1996), a decision holding that even if the plaintiffs were barred from seeking § 113 relief because there was no "allegation of an ongoing or past cost recovery action," the plaintiffs could seek § 113 relief against § 107

-5-

actions that might arise in the future via a declaratory judgment: "To the extent plaintiffs merely seek a prophylactic against future § 107 actions, such protection may be provided by the § 113 declaratory judgment sought in Count 1." Bernbach, 989 F. Supp. at 407.

### III. CONCLUSION

For all the foregoing reasons, and for all the reasons set forth in Plaintiff's memorandum of law dated March 11, 2005, this Court should hold that Aviall has no bearing on this litigation and deny the Defendants' motions for judgment on the pleadings. In the alternative, this Court should permit Plaintiff to continue its pursuit of its declaratory judgment claim.

PLAINTIFF, CADLEROCK PROPERTIES
JOINT VENTURE, L.P.

Jill Hartley
Fed. Bar No. CT 10570
Michael G. Albano
Fed. Bar No. 21440
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103
Phone: (860) 541-2077
Facsimile: (860) 713-8944

-6-

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, postage pre-paid this 8th day of April, 2005 to counsel of record and pro se party as follows:

Thomas M. Armstrong, Esq.
Lawrence H. Lissitzyn, Esq.
Reid & Riege, P.C.
One State Street - 18th Floor
Hartford, CT 06103-3185
*Counsel for Defendant Anthony Milo*

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT 06489
*Counsel for Defendant Dennis Lovely*

Steven Berglass, Esq.
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510
*Counsel for Defendant David Florian*

Mr. Thomas Nigro
7 Howard Road
Ashford, CT 06278
*Pro Se*

Jon David Biller, Esq.
Benjamin R. Boutaugh, Jr., Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518
*Counsel for Defendant Jean Martin*

Jeffrey R Mirman, Esq..
Joseph Sappington, Esq.
Levy & Droney PC
P.O. Box 887
Farmington, CT 06034-0887
*Counsel for Defendant Benjamin Schilberg*

Thomas S. Luby, Esq.
Luby, Olson, Mango, Gaffney &
DeFrances, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450-1695
*Counsel for Defendants Thomas Stanton
and Christian Brayfield*

Michael G. Albano

E:\WPDOCS\CADLE\ASHFORD\CERCLA\mo11.reply.opp.jud.plead.wpd

-7-