UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CADLEROCKPROPERTffiS
JOINT VENTURE, L.P.

        V.           : CASE NO.: 301 CV 896 (MRK)

BENJAMIN SCHILBERG;  :
SCHILBERG INTEGRA TED METALS, :
CORP.; THOMAS NIGRO; ASHFORD :
DEVELOPMENT CO.; DENNIS V.  :
LOVELY; ANTHONY M. MILO; JAMES:
A. STEVENS; WILSON MORIN; JEAN G.:
MARTIN; DAVID W. FLORIAN;  :
THOMAS STANTON, JR.; CHRISTIAN R.:
BRAYFIELD; CHARLES HILL; and  :
SUBURBAN EXCAVATORS, INe.  : APRIL 8, 2005

**REPLY MEMORANDUM OF DEFENDANTS STANTON AND BRAYFIELD
REGARDING THE IMPACT OF COOPER INDUSTRIES. INC. V. A VIALL
SERVICES. INC.**

      Defendants Thomas Stanton, Jr. and Christian R. Brayfield submit the following in

response to the plaintifrs Memorandum of Law dated March 11,2005, on the impact ofthe

u.S. Supreme Court decision in *Cooper Industries, Inc.* v. *Aviall Services, Inc,-,* 125 S.Ct. 577

(2004).

**I. The State Administrative and Judicial Proceedings Do Not Constitute A Prior "Civil
Action under §106 or §107(a).**

      Section 113(f)(1) ofCERCLA provides that any party may seek contribution from

another potentially responsible party as defined under § 107(a) "during or following any
civil
action under § 1 06 or § 107(a)" of CERCLA. (Emphasis added). The plaintiff argues that the

legal proceedings brought by the Connecticut Department of Environmental Protection

constitute such a "civil action." However, the claims brought by the state agency in state

court were not actions brought by the federal government pursuant to §106 or §107(a). The

orders entered by the state agency commissioner, and the subsequent court proceedings, were

1

based solely on state law. See, e.g., Plaintiff's Memorandum, dated March 11, 2005, Exhibits A & C. Indeed, a civil action under §1O6 or §107(a) could not have been brought in state court. 42 D.S.C. §9613(b)("The United States District Courts shall have exclusive original jurisdiction over all controversies arising under this Act. . . "). As a result the mere existence of state agency or state court proceedings unrelated to §1O6 or §107(a) does not provide the necessary jurisdictional prerequisite to a contribution action as explicitly set forth under §113(f)(1).

**II. The Exercise of Jurisdiction on the Basis of the Declaratory Judgment Act.**

The Federal Declaratory Judgment Act, 28 U.S.C. §2201, (hereinafter "the Act") grants jurisdiction to "any court of the United States" to render a declaratory judgment. However, the Act merely provides the court with jurisdiction to provide a remedy for legal rights based upon a separate and independent source of subject matter jurisdiction. *Skelly Oil Co.* v. *Phillips Petroleum Co.,* 339 U.S. 667 (1950). The authority of the court to provide declaratory relief is discretionary. Wilton v. Seven Falls Co., 515 U.S. 277 (1995}. A court must avoid futile or premature interventions. *Public Service Commission of Utah* v. *Wycoff Co, Inc.,* 344 U.S. 237 (1952); *Certain Underwriters of Lloyd's, London* v. *St. Joe Minerals Corp.,* 90 F.3d 671,675 (3d Cir. 1996). The authority to issue a declaratory judgment is restrained by the constitutional limitation on judicial power found in the Article III "case or controversy" language of Article III, §2 and by the "actual controversy" language of the Act itself. The fundamental issue is whether there is a substantial controversy between parties with adverse interests, which interests are of such immediacy and reality to warrant the issuance of a declaratory judgment. *Lake Carriers' Ass'n* v. *MacMullen,* 406 U.S. 498 (1972).

2

The present case does not provide the subject matter jurisdiction necessary to justify this court's continuing role. Because the current CERCLA action for contribution lacks the prerequisite of a prior "civil action under § 1 06 or § 1 07( a)," there is no jurisdictional basis to enter declaratory relief. lfthe facts ofthis case were different, e.g., a prior action had been brought, and the plaintiff had expended some funds in cleanup, the plaintiff might be entitled to a declaratory judgment determining an equitable formula for assessing future cleanup costs. However, because there is no preexisting federal action, there is an insufficient likelihood that such an action will be brought, and there is no likelihood that the plaintiff would actually recover against defendants Stanton and Brayfield (for reasons discussed in the defendants' prior summary judgment filing), the substantial effort required of this court to determine an equitable allocation would constitute a waste of judicial resources.

### III. The Present Suit Does Not Constitute An Action Under §107 of CERCLA.

The defendants Stanton and Brayfield adopt the argument set forth in the memorandum of defendant Milo that the present action, based upon the prior proceedings of this case, cannot be considered an action under § 1 07 of CERCLA.

### IV. Section 107 Does Not Create An Implied Right of Action for Contribution under CERCLA.

The defendants rely upon their previously filed Memorandum dated March 11, 2005.

### V. Adoption of Other Arguments by Defendants.

Defendants Stanton and Brayfield adopt all other arguments of their codefendants to the extent not covered by their own prior filings.

        Respectfully Submitted,

        THE DEFENDANTS
        THOMAS STANTON, JR.
        and CHRJSTIAN R. BRAYFIELD

by _____
    THomas S. Luby
    Luby Olson, P.C.
    405 Broad Street
    P.O. Box 2695
    Meriden, CT 06450 Their
    Attorneys
    Phone: 203-639-3560
    Facsimile: 203-639-3569
    Federal Bar No.: ctOO187

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CADLEROCKPROPERTffiS
JOINT VENTURE, L.P.

      V.             : CASE NO.: 301 CV 896 (MRK)

BENJAMIN SCHILBERG;  :
SCHILBERG INTEGRATED METALS, :
CORP.; THOMAS NIGRO; ASHFORD :
DEVELOPMENT CO.; DENNIS V.  :
LOVELY; ANTHONY M. MILO; JAMES:
A. STEVENS; WILSON MORIN; JEAN G.:
MARTIN; DAVID W. FLORIAN;  :
THOMAS STANTON, JR.; CHRISTIAN R.:
BRA YFffiLD; CHARLES HILL; and  :
SUBURBAN EXCAVATORS, INe.  : APRIL 8, 2005

## CERTIFICATION OF SERVICE

      This is to certify that a true and accurate copy of the foregoing was served by United States first-class mail, postage prepaid, this 8th day of April, 2005, to:

Jill Hartley, Esq.
Michael G. Albano, Esq. Sabia
& Hartley, LLC
190 Trumbull Street - Suite
202 Hartford, CT 06103

Joseph F. DePaolo, Jr., Esq.
16 Cornerstone Court
Plantsville, CT 06479-1551

Steven Berglass, Esq.
John W. Sullivan, Esq.
Seeley & Berglass 121
Whitney Avenue New
Haven, CT 06510

John David Biller, Esq.
Benjamin R. Boutaugh, Jr.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

Joseph B. Sappinton, Esq.
Jeffrey J. Mirman, Esq. Levy
& Droney, PC
74 Batterson Park Road
Farmington, CT 06034-0887

Thomas Armstrong, Esq.
Lawrence H. Lissitzyn, Esq.
Reid & Riege, P.C.
One Financial Plaza
Hartford, CT 06103

Thomas Nigro
7 Howard Road
Ashford, CT 06278

_____
Thomas S. Luby

5