Southern District of New York held that the failure to argue a claim during the proceedings justified the dismissal of that claim with prejudice. *See id.*, at 907 & n.11. It would be prejudicial to allow a CadleRock to reintroduce this claim after abandoning it on the record two years ago, having consciously decided not to defend the claim on the merits.

Additionally, this Court should resist CadleRock's attempt to obfuscate this issue by suggesting that pleading claims under §§107 and 113(f) of CERCLA together, as it did in its Amended Complaint, somehow binds CadleRock's claims together in some way that is advantageous to CadleRock. CadleRock appears to be suggesting to this Court that either 1) it never intended to assert an independent claim under §107 or 2) the relationship between §§107 and 113(f) precluded CadleRock from abandoning §107 as a cause of action. These arguments are not supported on the record and would be illogical.

First, CadleRock originally intended to pursue a claim of cost recovery under §107. CadleRock stated in its March 20, 2002 Memorandum of Law in Opposition to Motions to Dismiss of Schilberg, SIMCO, Milo, Lovley, Nigro, and Florian that it had "decided not to dispute Movants' claim that Plaintiff is not entitled to indemnification pursuant to CERCLA §107." CadleRock's Memorandum of Law, March 20, 2002, at n.6. CadleRock could have argued that it had not asserted an action under §107, or could have defended its claim, but instead *expressly* refused to defend its claim. Moreover, in the recent CadleRock Memorandum CadleRock asserts that it did not "pursue a cost recovery action pursuant to §107" and directs this Court to its March 20, 2002 concession as support. CadleRock's Memorandum of March 11, 2005, at n.11. Again, the election to abandon the claim, which CadleRock expressed in its March 20, 2002 Memorandum, in no way signified that it had never asserted the §107 claim in the first place. The only chain of events that makes sense is that CadleRock intended to pursue

claims under both of the specified sections of CERCLA, but then realized its §107 claim lacked merit under *Bedford Affiliates* and *Commander Oil, supra*. One only needs to consider the prayer for relief in CadleRock's Amended Complaint to be convinced that CadleRock sought to pursue more than a contribution action, although §113(f) of CERCLA only provides for contribution. Accordingly, this Court should not be mislead into a belief that CadleRock never abandoned the cause of action originally alleged under §107 in its Amended Complaint.

Likewise, any suggestion that the interrelation of §§107 and 113(f) of CERCLA in some way saves CadleRock's expressly abandoned §107 claim would be absurd. Taking CadleRock's remarks that the joint operation of §§107 and 113(f) necessitated pleading both sections together, see CadleRock's Memorandum of March 11, 2005, at n.11, this Court should not entertain the suggestion that by continuing its pursuit of contribution under §113(f), CadleRock has somehow preserved a cause of action under the interconnected §107, despite expressly abandoning such a cause of action. If the Plaintiff continues to pursue this meritless theory, Defendant Milo would urge the Court to instead consider that CadleRock's express abandonment of its §107 claim on March 20, 2002 would amount to an abandonment of the intertwined §113(f) claim. Without §107 liability there could be no obligation to which the defendants could contribute under §113(f). Accordingly, this Court should rule that CadleRock has no CERCLA claim, hence no federal jurisdiction.

### IV. A. CadleRock Cannot Seek A Declaratory Judgment, Because The Law Of The Second Circuit Precludes It From Proceeding Under §107(a) of CERCLA.

CadleRock's claim under §107(a) of CERCLA also is foreclosed by the Second Circuit's interpretations of CERCLA. As argued consistently by Defendant Milo, the Court of Appeals in *Bedford Affiliates v. Sills*, 156 F.3d 416, 423-24 (2d Cir. 1998), holds that no

potentially responsible person, as that term is employed in CERCLA, may proceed with a cause of action under §107(a). "... [W]e have previously held that potentially responsible parties may pursue only contribution claims against other potentially responsible parties and may not seek indemnification [citing *Bedford Affiliates*]" *See also*, *Commander Oil Corp v. Barlo Equipment Corp.*, 215 F.3d 321, 332 (2d. Cir. 2000). Numerous decisions of the Courts of Appeals have held that a private party that is itself a PRP may not pursue a §107(a) action against other PRPs for joint and several liability. *See*, e.g. in *Bedford Affiliates v. Sills*, 156 F.3d 416, 423-424 (2d. Cir. 1998); *Centerior Service Company v. Acme Scrap Iron & Metal Corp.* 153 F.3d 344, 349-356 (6th Cir., 1998); *Pneumo Abex Corp. v. High Point, T. & D.R. Co.,*. 142 F.3d 769, 776 (4th Cir., 1998); *Pinal Creek Group v. Newmont Mining Corp.*, 118 F.3d 1298, 1301-1306 (9th Cir., 1997); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1120-1124 (3d Cir. 1997).

The Second Circuit in *Bedford* acknowledges that §113(f)(1) of CERCLA embodies the only CERCLA remedy available to potentially responsible persons. Id., at 424. This holding precludes any argument that an implied right of action under §107 is available to potentially responsible persons, as does the Second Circuit's holding in *U.S. v. Alcan Aluminum Inc.*, 990 F.2d 711, 724 (2d Cir. 1993) and *Commander Oil Corp, supra*. In *Alcan*, as described in Defendant Milo's Supplemental Memorandum of March 11, 2005, the court held that the enactment of §113(f)(1) codified what had previously been an implied cause ~~of action under~~ §107 of CERCLA. *Alcan*, at 724. Finally, the Second Circuit has held that no implied right of action remains under §107(a) for potentially responsible parties and that §113(f)(1) is the sole CERCLA remedy available for such parties. *See Bedford*, at 423-24; *Alcan*, at 724; *Commander Oil Corp*, at 332. These cases continue today as the holding of the Second Circuit. CadleRock,

therefore, could not prevail upon a claim under §107 of CERCLA, even if its cause of action had not been abandoned.

### IV. B. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Judgment Claim.

Despite its assertions in CadleRock's Memorandum, the Plaintiff cannot pursue a declaratory judgment under CERCLA, because this Court lacks subject matter jurisdiction over such a claim. The Declaratory Judgment Act, 28 U.S.C. §2201, does not provide a basis for federal jurisdiction. In order for the District Court to consider granting a declaratory judgment pursuant to 28 U.S.C. §2201, federal jurisdiction must be demonstrated independently. *See Albradco, Inc. v. Benova*, 982 F.2d 82, 85 (2d Cir. 1992); *Cable Television Ass'n v. Finneran*, 954 F.2d 91, 94 (2d Cir. 1992). Accordingly, for this Court to have jurisdiction to consider CadleRock's declaratory action claim, Plaintiff would need to establish a controversy implicating the Court's subject matter jurisdiction. CadleRock has failed to do so.

As argued above, *Aviall* has established that CadleRock's claim under CERCLA §113(f) cannot be adjudicated, because CadleRock is lacking the predicate civil action or settlement. Therefore, CadleRock has no standing to invoke §113(f). This Court does not have subject matter jurisdiction to consider the Plaintiff's declaratory judgment claim, because without standing under §113(f), CadleRock cannot invoke this Court's authority.

### IV. C. CadleRock Cannot Receive Declaratory Judgment On Its Abandoned §107 Claim.

CadleRock cites *Rockwell International Corp. v. IU International Corp.*, 702 F. Supp. 1384 (N.D. Ill. 1988) to support its declaratory judgment claim. CadleRock's Memorandum, at 18. After *Aviall*, *Rockwell* is no longer good law. "The Illinois Environmental Protection Agency had directed Rockwell to initiate various testing and monitoring procedures pursuant for

medial investigation work plan. No governmental or private entity has as of yet filed an action against Rockwell ordering a cleanup or seeking reimbursement for costs of cleanup." Rockwell filed the action to recover costs already incurred and to seek recovery of costs to be incurred in the future. *Rockwell* at 1386.

The *Rockwell* district court noticed that some district courts had agreed with the contention that Rockwell could not maintain an action to recover costs until it begins to implement a government-approved cleanup program. The Rockwell court declined to adopt those holdings or their reasoning and instead followed the numerous decisions expressly rejecting this limitation to CERCLA §107(a) actions.

After the Supreme Court decision in *Cooper Industries v. Aviall Services, Rockwell* is no longer good law. Rockwell could not bring its complaint today for the reasons cited above. Like Aviall, Rockwell had no government order, had no government settlement. Like Aviall, like Rockwell, CadleRock's claims fail.

In the present action, CadleRock cannot prevail because it cannot pursue declaratory judgment based upon §107 of CERCLA. As argued at length in Defendant Milo's Supplemental Memorandum , CadleRock abandoned its asserted cause of action under §107 of CERCLA. The case law cited by Defendant Milo in his Supplemental Memorandum of Law of March 11, 2005 illustrates that this abandonment of CadleRock's §107 claim should be treated as a resolution of the claim on the merits, and a ruling on the claim should be entered for Defendant Milo. CadleRock cannot now revive this cause of action.

Because CadleRock has surrendered its §107 claim, it is barred from seeking a declaration of its rights under that provision. When a cause of action is unavailable to a party, declaratory judgment based upon that claim is likewise unavailable. *See Luckenbach Steamship*

*Co. v. United States*, 312 F.2d 545, 549-50 (2d Cir. 1963) (discussing the effect of a statute of limitations upon a related declaratory judgment claim). Due to the estoppel effect of CadleRock's abandonment of its §107 claim, the Plaintiff will never be able to assert against Defendant Milo any duplicative §107 action based upon the same underlying facts; therefore, this Court should either consider that CadleRock cannot seek a declaration of rights or that Plaintiff's rights have been extinguished via abandonment. Moreover, this Court lacks subject matter jurisdiction to consider the declaratory judgment under §107 of CERCLA, because CadleRock cannot establish any actual controversy under §107, having abandoned that cause of action.

Case law cited by CadleRock for the most part is outside the Second Circuit. However, these cases fail to support its assertion that courts have permitted declaratory judgment actions pursuant to §113(f)(1) of CERCLA, where no §107 action were available. For example, note that the selection quoted by CadleRock from *Alloy Briquetting Corp. v. Niagara Vest, Inc.*, 756 F. Supp. 713, 718 (W.D.N.Y. 1991) specifically states that the declaratory judgment involved would be for response costs under §107 of CERCLA. *See* CadleRock's Memorandum, at 16-17. Any implication that a plaintiff could receive a declaratory judgment of its contribution rights under §113(f)(1) of CERCLA without having the predicate action under CERCLA §113 or CERCLA §113(f)(3)(B) makes absolutely no sense post-*Aviall*.

V.    **This Court Should Adhere To The Binding Precedent Of The United States Court Of Appeals For The Second Circuit, Which Forecloses Any Claim By CadleRock Under §107 of CERCLA.**

The United States District Courts within the jurisdiction of the United States Court of Appeals for the Second Circuit are required to follow the binding precedent of that court. *United*

*States ex rel. Schnitzler v. Follette*, 406 F.2d 319, 322 (2d Cir. 1969), *cert. denied* 395 U.S. 926 (1969).

This Court should not accept CadleRock's invitation to dispose of the Second Circuit's holding in *Bedford* (1998) based upon the United States Supreme Court dicta from *Key Tronic Corp. v. U.S.*, 511 U.S. 809 (1994) as quoted by CadleRock's Memorandum at page 11. The *Key Tronic* Court was engaged in summarizing an observation regarding trial courts' treatment of §107 of CERCLA, when it observed that §107 implied a cause of action that seems to overlap with the remedy provided in §113(f)(1)   *See Key Tronic*, at 816.   This was dicta (as acknowledged by the United States Supreme Court in *Aviall*, slip. op., at 11), but in context may be appreciated as an observation that the <u>cost recovery</u> action available under §107 of CERCLA and the <u>contribution action</u> provided by §113(f)(1) are interrelated. *Aviall*, slip. op., at n.5. Despite CadleRock's assertions and misplaced reliance, the *Key Tronic* Court did not open the door to some unexplored cause of action hiding between the lines of CERCLA. The Second Circuit plainly did not interpret *Key Tronic* as creating any implied right of action, which is evident from the *Bedford* decision, published four years after and *Commander Oil Corp* published six years after the Supreme Court's decision in  *Key Tronic*.  Moreover, the United States Supreme Court in *Aviall* expressly refused to address the issue at the heart of *Bedford*, the holding that a potentially responsible person may not recover costs under §107 of CERCLA, *Aviall*, slip op., at 10; thereby, maintaining the integrity of the Second Circuit's *Bedford* decision.

This Court should acknowledge the binding precedent of the United States Court of Appeals for the Second Circuit. CadleRock cites only dicta to encourage this Court to break from the law of the Circuit and create a new cause of action under CERCLA. Defendant Milo

urges this Court to adhere to the well reasoned, persuasive, and binding *Bedford, Commander Oil* and *Alcan* decisions, holding that CadleRock is foreclosed as a potentially responsible person from recovery under §107 of CERCLA, and further holding that only identified implied cause of action under §107, was codified as the contribution action of §113(f)(1).

## VI.    Post-Aviall Decisions

The cases sited below have followed the *Aviall* Court:

Decisions handed down after *Cooper Industries, Inc. v. Aviall Services, Inc.* are consistent in the with the arguments advanced by the Defendant Milo: *AMW Materials Testing v. Town of Babylon*, 348 F.Supp.2d 4, (E.D.N.Y. 2004); *Elementis Chemicals Inc. v. T H Agriculture and Nutrition, LLC et al,* 2005 WL 236488 (S.D.N.Y. Jan. 31, 2005)(Exhibit 3); *Pharmacia Corporation v. Clayton Chemical Acquisition, LLC,* 2005 WL 615755 (S.D., Ill., March 8, 2005) in which the court found that an administrative order does not qualify as a civil action under CERCLA §113(f)(1) (Exhibit 4); *Esso Standard Oil Company v. Carlos E. Rodriguez Perez,* 2005 US Dist. LEXIS 4267 (US DC Puerto Rico, March 21, 2005)(Exhibit 5); *Vine Street LLC v. Keeling*, 2005 WL 675786 (E.D. Texas, March 24, 2005)(Exhibit 6), denying plaintiffs claims, as well as Plaintiff's independent CERCLA §107(a) claims.

## VII. Conclusion

In *Cooper Industries, Inc. v. Aviall Services, Inc.* 125 S. Ct. 577 (2004) the United States Supreme Court found that the plain reading of the statute commanded a conclusion that a §113(f)(1) proceeding must be "during or following" a CERCLA §106 or §107(a) civil action as required by the statute.  As explained above, there is no basis for CadleRock continuing this litigation under any analysis.  Under the case law of the Second Circuit there is no independent CERCLA §107(a) cause of action for PRPs like CadleRock.  Further, as the analysis above

demonstrates, CadleRock has no CERCLA §113(f)(3)(B) settlement with the United States or the State of Connecticut. Orders #SRD-080 and #SRD-088, and the litigation that followed those orders demonstrate that there was no administrative or judicially approved settlement as required by the statute and, furthermore, there was no CERCLA settlement. CadleRock quite simply has no cause of action under the First or Second Counts of its Amended Complaint, hence, CadleRock has no cause of action under its Third Count. With no underlying cause of action there is no basis for declaratory judgment under the Declaratory Judgments Act. Milo's Motion for Judgment on the Pleadings should be granted.

**DEFENDANT, ANTHONY M. MILO**

By: _____

Thomas M. Armstrong, Esq.
Federal Bar Number ct03545
Reid & Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
Tel. (860) 278-1150   Fax. (860) 240-1002
tarmstrong@reidandriege.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, U.S. Mail, postage prepaid on this 8th day of April, 2005 to:

Michael Albano, Esq.
Jill Hartley, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06130-2205

Mr. Thomas Nigro
7 Howard Road
Ashford, CT 06278

Jeffrey R. Mirman, Esq.
Levy & Droney PC
P.O. Box 887
Farmington, CT 06034-0887

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT 06489

Steven Berglass, Esq.
Sloan W. Farrell
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

Thomas S. Luby
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

Thomas M. Armstrong

17086.001/383634.3

20