UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CADLEROCK PROPERTIES JOINT VENTURE, L.P.<br>     Plaintiff<br><br>V.<br><br>BENJAMIN SCHILBERG, SCHILBERG INTEGRATED METALS CORP., THOMAS NIGRO, ASHFORD DEVELOPMENT CO., DENNIS V. LOVLEY, ANTHONY M. MILO, JAMES A. STEVENS, WILSON MORIN, JEAN G. MARTIN, DAVID W. FLORIAN, THOMAS STANTON, JR., CHRISTIAN R. BRAYFIELD, CHARLES HILL, and SUBURBAN EXCAVATORS, INC.<br>     Defendants | CASE NO.<br><br>3:01CV896 (MRK)<br><br><br><br><br><br><br><br>June 17, 2005 |

**Defendant Anthony Milo's Supplemental Memorandum of Law
<u>Attaching Recent Caselaw in Support of his Motion for Judgment on the Pleadings</u>**

Defendant Anthony Milo ("Milo"), submits this memorandum of law for the purpose of drawing the Court's attention to the attached case *W.R. Grace & Co. – Conn. v. Zotos International, Inc.*, May 3, 2005 U.S. Dist., LEXIS 8755.

DEFENDANT, ANTHONY M. MILO

By: /s/ Nicholas J. Harding
Nicholas J. Harding, Esq. ct06387
Thomas M. Armstrong, Esq. ct03545
Reid & Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
Tel. (860) 278-1150  Fax. (860) 240-1002
nharding@reidandriege.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, U.S. Mail, postage prepaid on this 17th day of June, 2005 to:

Michael Albano, Esq.
Jill Hartley, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06130-2205

Jeffrey R. Mirman, Esq.
Levy & Droney PC
P.O. Box 887
Farmington, CT 06034-0887

Steven Berglass, Esq.
Sloan W. Farrell
Seeley & Berglass
121 Whitney Avenue
New Haven, CT 06510

Thomas S. Luby
Luby Olson, P.C.
405 Broad Street
P.O. Box 2695
Meriden, CT 06450

Mr. Thomas Nigro
7 Howard Road
Ashford, CT 06278

Joseph F. DePaolo, Jr., Esq.
132 Main Street
P.O. Box 554
Southington, CT 06489

Jon D. Biller, Esq.
Biller, Sachs, Raio & Bonadies
2750 Whitney Avenue
Hamden, CT 06518

_____
Nicholas J. Harding

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755　　　　　　　　　　　Page 1 of 22

Case 3:01-cv-00896-MRK　　Document 288　　Filed 06/20/2005　　Page 3 of 11

*2005 U.S. Dist. LEXIS 8755, ∗*

W.R. GRACE & CO. -- CONN., Plaintiff, v. ZOTOS INTERNATIONAL, INC., Defendant.

98-CV-838S(F)

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

2005 U.S. Dist. LEXIS 8755

May 3, 2005, Decided
May 3, 2005, Filed

**PRIOR HISTORY:** W.R. Grace & Co. -Conn v. Zotos Int'l, Inc., 2000 U.S. Dist. LEXIS 18096 (W.D.N.Y., Nov. 2, 2000)

**CASE SUMMARY:**
**PROCEDURAL POSTURE:** Plaintiff property owner brought claims pursuant to § 113 of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C.S. § 9613(f), and N.Y. C.P.L.R. § 1401, seeking contribution from defendant for costs incurred in connection with the owner's investigation and remediation of contamination at a CERCLA site.

**OVERVIEW:** The district court held that the owner could not obtain CERCLA contribution from defendant because the owner did not meet the prerequisites of § 113 of CERCLA, 42 U.S.C.S. § 9613(f)(1) or 42 U.S.C.S. § 9613(f)(3)(B). Specifically, the court found that because the owner had not been sued for cost recovery or abatement under CERCLA, the owner could not seek contribution from defendant under 42 U.S.C.S. § 9613(f)(1). Likewise, the court added that because a consent order only resolved the owner's liability to New York State under state law, N.Y. Envtl. Conserv. Law §§ 27-1301 et seq.; N.Y. State Fin. Law § 97-b, the owner could not maintain a CERCLA contribution action against defendant under 42 U.S.C.S. § 9613(f)(3)(B) because it had yet to resolve its federal CERCLA liability for the remedial site at issue. Finally, the court held that the owner could not obtain contribution under N.Y. C.P.L.R. § 1401 predicated solely on defendant's CERCLA liability because it did not assert any state law basis for liability.

**OUTCOME:** Judgment was entered in favor of defendant.

**CORE TERMS:** state law, settlement, site, cleanup, remedial, cooperative, common law, hazardous, supplied, authorize, hazardous waste, savings clause, preemption, summary judgment, supplemental jurisdiction, right of contribution, potentially liable, civil action, environmental, post-trial, delegated, inactive, settle, strict liability, briefing, contamination, preempted, arranger, removal, waste

**LexisNexis(R) Headnotes**

Civil Procedure > Trials > Bench Trials
HN1 Rule 52 of the Federal Rules of Civil Procedure provides, in part, that in all actions tried upon the facts without a jury the court shall find the facts specially and state separately its conclusions of law thereon. Fed. R. Civ. P. 52(a).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755   Page 2 of 22

Case 3:01-cv-00896-MRK   Document 288   Filed 06/20/2005   Page 4 of 11

HN2 ⭳ See 42 U.S.C.S. § 9613(f)(1).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN3 ⭳ A private party who has not itself been sued under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C.S. § 9607(a) (a cost recovery action) or 42 U.S.C.S. § 9606 (an abatement action), may not obtain contribution from other liable parties under 42 U.S.C.S. § 9613(f)(1).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN4 ⭳ The Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) § 113 provides two distinct avenues by which a plaintiff may seek contribution, the first being § 113(f)(1). 42 U.S.C.S. § 9613(f)(1). The second avenue, § 113(f)(3)(B), provides that: a person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in CERCLA § 113(f)(2). Section 113(f)(2) states, in relevant part, that: a person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement. 42 U.S.C.S. § 9613(f)(2). In other words, a party that has settled its liability under CERCLA may bring a CERCLA contribution action against a non-settling party and is also protected from any contribution claims made by others relative to the site that is the subject of the settlement.

Civil Procedure > Pleading & Practice > Pleadings > Interpretation

HN5 ⭳ The failure to cite a statute, or to cite the correct one, in no way affects the merits of a claim.

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN6 ⭳ The Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C.S. § 9601 et seq., as amended by the Superfund Amendments and Reauthorization Act of 1986, was enacted to ensure the efficient cleanup of sites contaminated with hazardous wastes and other pollutants. The CERCLA cleanup process is carried out under §§ 104, 106, 120, 121 and 122 of the Act. CERCLA authorizes the President to take a variety of measures when any hazardous substance is released or there is a substantial threat of such a release into the environment. 42 U.S.C.S. § 9604(a). Section 104 of CERCLA authorizes the Environmental Protection Agency (EPA) to use funds from the Hazardous Substance Superfund to clean up a hazardous waste site, after which the EPA may institute a civil action, under § 107, 42 U.S.C.S. § 9607, to recover the costs of cleanup from responsible parties. Alternatively, the EPA may, under § 106, 42 U.S.C.S. § 9606, issue an administrative order or seek a court order directing a potentially responsible party (PRP) to clean up a site. Sections 122(g) and (h) authorize the EPA to enter into settlements with PRPs regarding certain claims under §§ 106 and 107.

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN7 ⭳ Where the Environmental Protection Agency (EPA) determines that the owner or operator of the facility in question, or another Potentially Responsible Party (PRP), can properly and promptly carry out the appropriate response measure, the EPA

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755 Page 3 of 22

Case 3:01-cv-00896-MRK    Document 288    Filed 06/20/2005    Page 5 of 11

may enter into a settlement agreement with that party relative to the cleanup, pursuant to § 122. 42 U.S.C.S. § 9604(a). All settlements involving remedial action by a PRP under § 106, exclusive of de minimus settlements, must be approved by the Attorney General and must be entered in the appropriate United States district court as a consent decree. 42 U.S.C.S. § 9622(d)(1)(A). A settlement in which a PRP agrees to do the cleanup work must be entered as a consent decree and is subject to mandatory judicial review. Response measures may be either "removal" actions or "remedial" actions. 42 U.S.C.S. § 9601(25). Removal actions are intended to prevent or minimize any immediate risks posed by the release of hazardous substances, while remedial actions are intended to be permanent remedies taken instead of or in addition to removal actions. 42 U.S.C.S. § 9601 (23) and (24).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
HN8± See 42 U.S.C.S. § 9604(d)(1)(A).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
HN9± A state that wishes to carry out actions authorized by the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) must make application to, and enter into a contract or cooperative agreement with, the Environmental Protection Agency (EPA). Absent an express delegation by the EPA, a state has no CERCLA authority. However, where a state receives such delegation, its actions taken pursuant to the cooperative agreement are on behalf of the Federal government. 42 U.S.C.S. § 9604(d)(3). Cooperative agreements and the delegation of CERCLA authority are specific to one or more facilities. 42 U.S.C.S. § 9604(d)(1)(B).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
HN10± Actions authorized in § 104 of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) which may be delegated to a state include: providing for the removal or remediation of hazardous substances and any other response measure deemed necessary to protect the public health or welfare or the environment, consistent with the national contingency plan, 42 U.S.C.S. § 9604(a)(1); entering into settlement agreements pursuant to § 122, 42 U.S.C.S. § 9604(a)(1); investigating and inspecting the site of a release or threatened release, 42 U.S.C.S. § 9604(b)(1),(e)(2)-(4); selecting a remedial action, 42 U.S.C.S. § 9604(c)(4); and taking related enforcement actions, which presumably include cost recovery, 42 U.S.C.S. § 9604(d)(1)(A). The delegation of authority in a cooperative agreement may also extend to the settlement of claims against the Superfund. 42 U.S.C.S. § 9611(f). In each instance, however, the Environmental Protection Agency has full discretion to determine whether, and the extent to which, CERCLA authority will be delegated to a state. 42 U.S.C.S. § 9604 (d)(1)(B).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
HN11± All Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) cleanup decisions are guided by the National Oil and Hazardous Substances Pollution Contingency Plan (NCP), which, among other things, prescribes methods for investigating environmental problems resulting from a release or threatened release of hazardous substances, establishes criteria for determining the appropriate extent of response activities authorized by CERCLA,

and defines the roles and responsibilities for the Federal and State governments in effectuating the NCP. 42 U.S.C.S. §§ 9605(a), 9621(f); 40 C.F.R. Part 300. It is pursuant to these cooperative agreements that a state also assumes certain CERCLA responsibilities and costs. 42 U.S.C.S. § 9604(c)(3).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN12 The National Oil and Hazardous Substances Pollution Contingency Plan (NCP), regulations pertaining to state involvement in Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) response actions are found at Subpart F, 40 C.F.R. §§ 300.500-300.525. In cleanups financed by the Superfund, the Environmental Protection Agency (EPA) and the state in which the site is located work together pursuant to a cooperative agreement or contract, with one acting as the lead-agency and the other as the support-agency. 40 C.F.R. § 300.515(a)(1). The EPA has also determined it is appropriate to enter into a cooperative agreement or contract where a state intends to seek credit, pursuant to CERCLA § 104(c)(5), 42 U.S.C.S. § 9604(c)(5), for its own non-Fund-financed response actions. 40 C.F.R. § 300.515(a)(3). Indeed, the EPA encourages states to enter into cooperative agreements pursuant to § 104(c)(3) and (d) of CERCLA to enable them to undertake actions authorized under subpart E Hazardous Substance Response of the NCP. 40 C.F.R. § 300.180(e). However, the regulations do not provide for cooperative agreements or contracts in state-funded or state-lead potentially responsible party cleanups where no CERCLA credit is sought. 40 C.F.R. §§ 300.515(a)(3), 300.515(e)(2)(ii).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN13 Where a state proceeds on its own authority to identify a remedy and settle with a potentially responsible party (PRP), there is a risk that the environmental protection agency (EPA) will take later actions or select different remedies that could expose the PRP to additional liabilities. This possibility is expressly set forth in Comprehensive Environmental Response, Compensation and Liability Act's abatement provision: in addition to any other action taken by a State or local government, the President may require the Attorney General of the United States to secure such relief as may be necessary. 42 U.S.C.S. § 9696(a).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
Environmental Law > Hazardous Wastes & Toxic Substances > Cleanup

HN14 The State of New York has its own mechanism, independent of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), by which to engage in cleanup and enforcement actions. It has enacted legislation that parallels CERCLA's provisions for the cleanup of inactive hazardous waste sites, and has established a hazardous waste remedial fund to be used for, among other things, the identification and investigation of inactive hazardous waste sites, remedial programs and cleanups under state law, and the state's share of costs in CERCLA cleanups. N.Y. Envtl. Conserv. Law §§ 27-1301 et seq.; N.Y. State Fin. Law § 97-b.

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
Environmental Law > Hazardous Wastes & Toxic Substances > Cleanup

HN15 While states may choose to act either in cooperation with the EPA or independently to remediate inactive hazardous waste sites, 42 U.S.C.S. § 9613(f)(2) clearly contemplates a settlement over Comprehensive Environmental

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755    Page 5 of 22

Case 3:01-cv-00896-MRK    Document 288    Filed 06/20/2005    Page 7 of 11

Response, Compensation and Liability Act (CERCLA) liability. A state may settle a potentially responsible party's CERCLA liability, assuming it has been delegated that authority to do so, by entering into an administrative settlement (monetary settlement pursuant to 42 U.S.C.S. § 9622(g) or (h)) or a judicially approved settlement (cleanup settlement pursuant to section 42 U.S.C.S. § 9622(d)(1)(A)).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
HN16 Just as a party must be sued under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) before it can maintain a 42 U.S.C.S. § 9613(f)(1) contribution claim, it must settle CERCLA liability before it can maintain a claim under 42 U.S.C.S. § 9613(f)(3).

Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction
HN17 Although a district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction, the decision to do so is left to the court's discretion. 28 U.S.C.S. § 1367(c). In general, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. If, however, the dismissal of the federal claim occurs late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary.

Torts > Multiple Defendants > Contribution & Indemnity
HN18 See N.Y. C.P.L.R. § 1401.

Torts > Multiple Defendants > Contribution & Indemnity
HN19 A cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action. N.Y. C.P.L.R. § 1403. However, a tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person. N.Y. Gen. Oblig. Law § 15-108.

Torts > Multiple Defendants > Contribution & Indemnity
HN20 Because contribution is a derivative claim, a party seeking contribution must be able to make out all of the essential elements of an underlying cause of action against the proposed contributor.

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments
HN21 To succeed on a claim under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C.S. § 9601 et seq., a plaintiff must establish the following five elements: (i) the site at issue is a "facility" under CERCLA, (ii) there has been a release of one or more hazardous substances at that site, (iii) the release caused the plaintiff to incur response costs, (iv) the costs incurred by the plaintiff were necessary and consistent with the National Contingency Plan (NCP) under CERCLA as administered by the Environmental Protection Agency, and (v) the defendant falls within one of the four categories of persons, including "arranger," liable for the costs of remedial action.

Torts > Multiple Defendants > Contribution & Indemnity
HN22 Many courts have held that the existence, scope and limitations of a right of contribution under a federal statute are governed by federal law. Thus, in general, the source of a state law contribution claim must be an obligation imposed by

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755    Page 6 of 22

Case 3:01-cv-00896-MRK    Document 288    Filed 06/20/2005    Page 8 of 11

state, rather than federal, law.

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN23♣ The Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C.S. § 9601 et seq., has a comprehensive remedial scheme which provides for contribution in specific circumstances. Such an express statement of rights strongly counsels against judicially engrafting additional remedies.

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN24♣ See 42 U.S.C.S. § 9613(f)(1).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN25♣ See 42 U.S.C.S. § 9652(d).

Environmental Law > Hazardous Wastes & Toxic Substances > CERCLA & Superfund Amendments

HN26♣ Federal courts have construed the Comprehensive Environmental Response, Compensation and Liability Act's (CERCLA's) savings clauses, 42 U.S.C.S. § 9652 (d); 42 U.S.C.S. § 9613(f)(1); in accordance with their plain meaning and held that they preserve a party's rights "arising under" state law, including state law-based claims of contribution, so long as those claims are not duplicative of or in conflict with CERCLA.

**COUNSEL:** [*1] For W.R. Grace & Co. -Conn., Plaintiff: Christopher H. Marraro, William F. Hughes, Wallace, King, Marraro & Branson PLLC, Washington, DC; Kevin M. Hogan, Phillips Lytle LLP, Buffalo, NY.

For Zotos International, Inc., Defendant: THOMAS R. Smith, Bond, Schoeneck & King LLP, Syracuse, NY.

**JUDGES:** WILLIAM M. SKRETNY, United States District Judge.

**OPINIONBY:** WILLIAM M. SKRETNY

**OPINION: DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff W.R. Grace & Co.-Conn. ("Grace") is the current owner of a parcel of property on Brewer Road in Waterloo, New York ("Brewer Road Site" or "Site") where hazardous waste was deposited some fifty years ago. Grace commenced this action on December 30, 1998, pursuant to section 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f), the Declaratory Judgment Act, 28 U.S.C. § 2201, and New York law, seeking contribution from Defendant Zotos International, Inc. ("Zotos") for costs incurred in connection with Grace's investigation and remediation of contamination at the Site.

A non-jury trial on the issue of liability was held before this Court on May 17, 19, 20, [*2] 21, 24, 25 and 26, 2004. The parties introduced almost four hundred exhibits and each offered lay and expert witness testimony. Following the trial, each party submitted a post-hearing brief, a responding brief, and a brief on the evidentiary issues raised at trial. Each

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755   Page 7 of 22

Case 3:01-cv-00896-MRK   Document 288   Filed 06/20/2005   Page 9 of 11

party also prepared proposed findings of fact and conclusions of law for the Court's consideration.

On December 15, 2004, Zotos filed a Notice of Recent Decision of the United States Supreme Court in Cooper Industries, Inc. v. Aviall Services, Inc.,   U.S.  , 125 S. Ct. 577, 160 L. Ed. 2d 548 (Dec. 13, 2004), and requested that the parties be given the opportunity to brief the significance of Cooper to the liability issues in this case. Grace joined in Defendant's request by filing a Motion for Supplemental Briefing on Liability Issues. The requests were granted and each party has submitted a supplemental brief and reply brief.

HN1 Rule 52 of the Federal Rules of Civil Procedure provides, in pertinent part, that "in all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions [*3] of law thereon." FED. R. CIV. P. 52(a). Because the parties' post-trial briefing raises fundamental questions of law regarding Grace's ability to maintain a claim against Zotos, the outcome of which may be determinative here, this Court will first address those questions.

## II. BACKGROUND

Grace acquired the Brewer Road Site on or about December 28, 1978, when it purchased the assets of Evans Chemetics, Inc. ("ECI"), a chemical manufacturer. (Docket No. 108, p. 3 n1; No. 136, PP20-21; J. Ex. 163 n2). ECI had used the Brewer Road Site as a dumping ground for waste from a manufacturing facility in Waterloo, New York (the "Waterloo Plant") during the period 1950 through 1959 (the "Disposal Period"). (Docket No. 108, p. 2; No. 136, PP13, 19; J. Exs. 122; 123; 124, p. 4; 152, p. 4).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Docket No. 108 is a Decision and Order filed by this Court on September 30, 2003, which resolved the parties' respective summary judgment motions.

n2 The trial exhibits are identified as either a Joint Exhibit ("J. Ex."), Plaintiff's Exhibit ("P. Ex.") or Defendant's Exhibit ("D. Ex.").

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*4]

During the Disposal Period, ECI manufactured a variety of organic compounds at the Waterloo Plant, some of which were used in the formulation of hair care products. (J. Ex. 152, p. 4; P. Ex. 383, p. 1). ECI also formulated and packaged hair care products for sale to Zotos, as well as to other distributors and customers. (Docket No. 136, P33; P. Ex. 385, p. 3).

In 1983, the New York State Department of Environmental Conservation ("DEC") retained an environmental consultant to conduct a Phase I preliminary investigation of the Site. (Docket No. 136, PP51-52; P. Ex. 383). Among the materials observed at the Site were bottles and plastic tubes for hair care products, some of which bore Zotos' product labels. (P. Ex. 383, p. 7; P. Ex. 385, pp. 1-2; see also, Williams Dep. at 70:9-71:2; Tr. at 67-70).

In 1984, Grace entered into an Administrative Order on Consent with the DEC for a Phase II investigation at the Site (the "1984 Consent Order"). (Tr. at 76-77; P. Ex. 386, p. 2). On or about September 28, 1988, Grace entered into another Order on Consent with the DEC, pursuant to which Grace was to develop and implement a remedial investigation, feasibility study, and, if necessary, [*5] a remedial program for the Site (the "1988 Consent Order").

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755  Page 8 of 22

Case 3:01-cv-00896-MRK    Document 288    Filed 06/20/2005    Page 10 of 11

(Docket No. 108, p. 3; No. 136, P53; P. Ex. 384). In 1993, Grace constructed the remedy set forth by the DEC. (Tr. at 84-87). According to Grace, through April 2004, it expended approximately 1.7 million dollars on investigation and remediation activities at the Site. (Tr. at 86-87).

In its Amended Complaint in this action, filed in November 2000, Grace seeks contribution from Zotos, pursuant to 42 U.S.C. § 9613(f) n3, on the ground that Zotos arranged to have various hazardous substances that it owned or possessed disposed of at the Brewer Road Site, and is therefore a responsible party liable under CERCLA. (Docket No. 38, P28). Alternatively, Grace seeks contribution pursuant to N.Y. C.P.L.R. § 1401 and state common law. (*Id.*, PP35-36).

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n3 While the Amended Complaint cites generally to 42 U.S.C. § 9613(f), Count I quotes from subsection (1) in identifying the basis for the requested relief. (Docket No. 38, P22).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*6]

### III. DISCUSSION AND ANALYSIS

#### A. Grace's Contribution Claim under CERCLA section 113(f)(1)

CERCLA section 113(f)(1) provides, in relevant part, that: $^{HN2}$

> Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, *during or following any civil action* under section 9606 of this title or under section 9607(a) of this title.

42 U.S.C. § 9613(f)(1) [emphasis supplied]. n4

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

N4 CERCLA is codified at 42 U.S.C. §§ 9601 *et seq.*

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

In Cooper Industries, Inc. v. Aviall Services, Inc.,   U.S.  , 125 S. Ct. 577, 160 L. Ed. 2d 548 (Dec. 13, 2004), the Supreme Court held that $^{HN3}$ a private party who has not itself been sued under CERCLA section 106 (an abatement action) or section 107(a) (a cost recovery action) may not obtain contribution from other liable parties under section 113(f)(1). *Id.*, pp. 583-586.

The Amended Complaint [*7] does not allege, nor has Grace ever argued, that it was subject to either of the civil actions specified in section 113(f)(1). Thus, Cooper is dispositive on the issue of section 113(f)(1) liability here, and Grace does not argue otherwise. As Zotos correctly contends, section 113(f)(1) does not authorize Grace's suit against it.

#### B. Grace's Purported Contribution Claim under CERCLA section 113(f)(3)(B)

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755

Case 3:01-cv-00896-MRK   Document 288   Filed 06/20/2005   Page 11 of 11

Page 9 of 22

The Supreme Court noted in Cooper that $^{HN4}$CERCLA section 113 provides two distinct avenues by which a plaintiff may seek contribution, the first being section 113(f)(1). The second avenue, section 113(f)(3)(B), provides that: "[a] person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement referred to in [CERCLA 113(f)(2)]." n5 Section 113(f)(2) states, in relevant part, that: "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution [*8] regarding matters addressed in the settlement." In other words, a party that has settled its liability under CERCLA may bring a CERCLA contribution action against a non-settling party and is also protected from any contribution claims made by others relative to the site that is the subject of the settlement.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 In the Superfund Amendments and Reauthorization Act of 1986 ("SARA") Congress amended CERCLA to, among other things, create a right of contribution in the event of settlement. Pub. L. No. 99-499, 100 Stat. 1613 (1986).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In its supplemental brief, Grace asserts that its right to seek contribution from Zotos is not adversely affected by the decision in Cooper regarding section 113(f)(1). Specifically, Grace urges that "in the instant case, Grace seeks contribution pursuant to CERCLA § 113(f)(3)(B) because Grace has resolved its liability to the State of New York in two administratively approved settlements for response costs and the response actions at the Brewer Road landfill." (Docket No. 200, p. 3). [*9]

At no time prior to this most recent round of post-trial briefing has Grace sought to premise recovery on section 113(f)(3)(B). n6 However, the Second Circuit has held that $^{HN5}$the failure "to cite a statute, or to cite the correct one, in no way affects the merits of the claim." Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (motion to dismiss); see also, Newman v. Silver, 713 F.2d 14, 16 n.1 (2d Cir. 1983) (federal pleading is by statement of claim, not by legal theories) (citing Gins v. Mauser Plumbing Supply Co., 148 F.2d 974, 976 (2d Cir. 1945) ("particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled [after trial], whether demanded or not")). Thus, irregardless of Grace's failure to specifically identify section 113(f)(3)(B) as a basis for recovery, this Court will consider whether Grace has proven that it is entitled to relief under that provision.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 The initial Complaint in this action cited generally to section 113 and then specifically quoted from section 113(f)(1). (Docket No. 1, PP1, 20). In its motion to amend the Complaint, Grace confirmed that it was premising its CERCLA claim on section 113(f)(1). (Docket No. 14, p. 7). Grace filed a motion for partial summary judgment on the issue of Zotos' liability on June 14, 2000, stating that it "brings this action pursuant to Section 113(f)(1) of CERCLA." (Docket No. 26, p. 1). Grace's Amended Complaint, filed on November 9, 2000, again quotes from section 113(f)(1), making no reference to 113(f)(3)(B). (Docket No. 38, PP1, 22). Grace filed a further motion for partial summary judgment on the issue of Zotos' CERCLA liability on December 2, 2002, again stating that it "brings this action pursuant to Section 113(f)(1) of CERCLA." (Docket No. 68, p. 1). In its post-trial brief, Grace