Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755  Page 18 of 22

Case 3:01-cv-00896-MRK   Document 288-3   Filed 06/20/2005   Page 1 of 5

In this case, there is no dispute as to the existence of the first, second and third elements. (Docket No. 136, PP2-4). In addition, there is no dispute as to the fact that at least some of Grace's response costs were necessary and consistent with the NCP. (*Id.,* P5). Thus, if CERCLA liability can form the basis for a state law contribution claim--and Zotos argues otherwise-- Grace need only prove the fifth element.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*30]**

Zotos contends that Grace cannot maintain a state law contribution claim against it because: (1) Grace's claim is not based on any predicate tort liability and merely seeks economic recovery; (2) there is no underlying action or judgment against Grace for the liability for which it seeks contribution; and (3) the right of contribution under state law cannot flow from a federal statute. This Court need only consider whether Grace can obtain state law contribution based upon Zotos' arranger liability under CERCLA. n22

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n22 Although Grace seeks to frame the question as one of Zotos' liability, the fundamental inquiry here is whether Grace has a right to contribution.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

HN22 "Many courts have held that the existence, scope and limitations of a right of contribution under a federal statute are governed by federal law." LNC Investments, Inc. v. First Fidelity Bank, 935 F. Supp. 1333, 1340 (S.D.N.Y. 1996) (citations omitted). Thus, in general, the source of a state law contribution claim must be an **[*31]** obligation imposed by state, rather than federal, law. *Id.* at 1349; *see,* Norwest Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77, 97 n.38, 101 S. Ct. 1571, 67 L. Ed. 2d 750 (1981) ("federal courts, including this Court, have recognized a right to contribution under state law in cases in which state law supplied the appropriate rule of decision"); Herman v. RST Security Services, Inc., 172 F.3d 132, 144 (2d Cir. 1999) (holding that the FLSA's comprehensive remedial scheme preempted the prosecution of FLSA-based contribution claims under New York law and, further, that state law contribution claims must be predicated on a state law rule of decision).

This Court can see no reason to deviate from the general principal here. CERCLA was amended in 1986 to, among other things, expressly set forth the scope of a private party's contribution rights. *See* 99 Cong. House Report 253 (1985), at *18 (the new contribution subsection clarifies and emphasizes "that persons who settle with the EPA (and who are therefore not sued), as well as defendants in CERCLA actions, have a right to seek contribution from other potentially **[*32]** responsible parties") [emphasis supplied]. HN23 CERCLA has a comprehensive remedial scheme which provides for contribution in specific circumstances. Such an express statement of rights "strongly counsels against judicially engrafting additional remedies." Herman, 172 F.3d at 144; *see also,* Bedford Affiliates v. Sills, 156 F.3d 416, 427 (2d Cir. 1998) (discussing CERCLA section 113 and concluding that state law restitution and indemnification actions would bypass this carefully crafted statutory settlement scheme, thereby creating a conflict between CERCLA and state law); Lehman Bros., Inc. v. Wu, 294 F. Supp. 2d 504, 505 n.1 (S.D.N.Y. 2003) (holding that plaintiff could not premise state law contribution claim on federal Copyright Act "because whether contribution is available in connection with a federal statutory scheme is a question governed solely by federal law") (internal quotation and citation omitted)).

In sum, CERCLA does not provide a right of contribution to parties such as Grace--*i.e.,*

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755  Page 19 of 22

Case 3:01-cv-00896-MRK  Document 288-3  Filed 06/20/2005  Page 2 of 5

parties who have not been sued under CERCLA and who have not entered into an administrative or judicially approved settlement of **[*33]** their CERCLA liability. Grace has not identified any state law under which Zotos is liable, in tort or otherwise, for contamination at the Brewer Road Site. Where Grace seeks to recover based on Zotos' CERCLA liability, it is bound by the limitations on contribution actions imposed by CERCLA. Grace cannot circumvent those express limitations by seeking CERCLA-based contribution under New York's contribution statute.

Grace argues that, following the Supreme Court's decision in Cooper, CERCLA no longer preempts state law contribution claims that are premised on a defendant's CERCLA liability. (Docket No. 202, n.9). n23 Grace does not point to any language in Cooper that would support such a conclusion, and this Court's reading of Cooper is to the contrary.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n23 Zotos had previously moved for summary judgment with respect to Grace's state law contribution claim based on preemption. (Docket No. 72). At that time, Grace argued that Zotos' motion should be denied because it had not identified any "actual conflict" between CERCLA's settlement scheme and Grace's contribution claims, and because Grace was not seeking a double recovery. (Docket No. 85, pp. 23-25). This Court held that Grace's state law contribution claim was not preempted insofar as it sought recovery that was not based on CERCLA and was not in conflict with or duplicative of CERCLA's contribution provisions. (Docket No. 108, p. 20). Grace has now confirmed that its state law contribution claim is based solely on Zotos' liability as a potentially responsible party under CERCLA section 107 (a)(3). Accordingly, the conflict preemption analysis set forth in Bedford Affiliates is applicable to Grace's claim.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*34]**

As already noted, Congress has provided two avenues by which a private party, such as Grace, can seek contribution from PRPs under CERCLA: (1) during or following any civil action under section 106 or 107(a), 42 U.S.C. § 9613(f)(1); or (2) following an administrative or judicially approved settlement of its CERCLA liability, 42 U.S.C. § 9613(f)(3)(B). The Supreme Court expressly stated in Cooper that: "there is no reason why Congress would bother to specify conditions under which a person may bring a contribution claim, and at the same time allow contribution actions absent those conditions." 125 S. Ct. at 583. The Court went on to explain that the savings clause of section 113(f)(1) n24 does not itself establish a cause of action, nor authorize CERCLA contribution actions outside those specified in the statute, nor specify what causes of action for contribution, if any, exists outside of section 113(f). Id. at 584.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n24 The final sentence of section 113(f)(1) provides: HN24 "Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title."

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*35]**

Thus, the most that can be garnered from section 113's savings clause is that, to the extent Zotos is found liable under some other federal law or a state law with respect to contamination at the Brewer Road Site, CERCLA does not completely preempt the pursuit of

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755                          Page 20 of 22

Case 3:01-cv-00896-MRK    Document 288-3    Filed 06/20/2005    Page 3 of 5

non-CERCLA remedies. Indeed, CERCLA expressly disclaimed an intent to preempt state tort liability for the release of hazardous substances:

> HN25 Nothing in this chapter shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contaminants. The provisions of this chapter shall not be considered, interpreted, or construed in any way as reflecting a determination, in part or whole, of policy regarding the inapplicability of strict liability, or strict liability doctrines to activities relating to hazardous substances, pollutants, or contaminants or other such activities.

42 U.S.C. 9652(d) [emphasis supplied].

HN26 Federal courts have construed CERCLA's savings clauses in accordance with their plain meaning and held that they preserve a party's [*36] rights "arising under" state law, including state law-based claims of contribution, so long as those claims are not duplicative of or in conflict with CERCLA. See generally, Southeast Texas Envtl., L.L.C. v. BP Amoco Chem. Co., 329 F. Supp. 2d 853, 864-66 (S.D. Tex. 2004); MSOF v. Exxon Corp., 295 F.3d 485 (5th Cir. 2002) (where defendant is potentially liable under both CERCLA and Louisiana causes of action in negligence and strict liability, plaintiffs are free to pursue their claims under state law rather than CERCLA); Edward Hines Lumber Co. v. Vulcan Materials Co., 685 F. Supp. 651, 658 (N.D. Ill. 1988) (CERCLA does not preempt state law remedies to recover the costs of site cleanup from parties who are not potentially liable under CERCLA, but are potentially liable under state law).

This district's decisions are in accord. For example, in Volunteers of Am. of Western N.Y. v. Heinrich, 90 F. Supp. 2d 252 (W.D.N.Y. 2000), the plaintiff property owner asserted claims under CERCLA, RCRA, n25 the New York Navigation Law, common law negligence, common law strict liability, common law public nuisance, indemnification [*37] and contribution relating to costs incurred pursuant to the New York State Superfund Law, common law indemnification and equitable distribution. Id. at 256. The defendants moved to dismiss all of the state law claims on the basis of preemption. In response, the plaintiff argued that certain damages, such as the clean-up costs of petroleum spills, are not covered by CERCLA, leaving state law as its only avenue for recovery. Id. at 257-58. Judge Telesca agreed with the plaintiff and denied the defendants' motion "to the extent that plaintiff's common law causes of action seek recovery for damages that are different than the damages [for which defendants are potentially liable] under CERCLA." Id. at 258.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n25 The Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

In United States v. Hooker Chems. & Plastics Corp., 739 F. Supp. 125 (W.D.N.Y. 1990), one defendant cross-claimed against another, a county, [*38] for CERCLA contribution and also for C.P.L.R. § 1401 contribution based on the county's negligent performance under state law. Id. at 126-27. The county argued that it could not be held liable for contribution under federal or state law because it was not a PRP under CERCLA and CERCLA preempted any state law claims against it. Id. at 127-28. While Judge Curtin agreed that the county was not

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 8755 Page 21 of 22

Case 3:01-cv-00896-MRK    Document 288-3    Filed 06/20/2005    Page 4 of 5

a PRP, and therefore could not be liable for CERCLA contribution, he disagreed that the state law-based contribution claim was preempted. Citing 42 U.S.C. §§ 9607(e)(2) and 9652(d), the Court determined that those savings provisions "'preserve[] actions not provided by CERCLA, if authority for these actions otherwise exists.'" *Id.* at 129 (*quoting* United States v. New Castle County, 642 F. Supp. 1258, 1265 (D. Del. 1986) (emphasis omitted)).

The scenario presented by Grace is quite different. Grace urges that Zotos is strictly liable for environmental damage at the Brewer Road Site as a PRP under CERCLA, but does not assert any state law basis for liability. As already determined, Grace cannot obtain **[*39]** CERCLA contribution from Zotos because it does not meet the prerequisites of section 113(f)(1) or 113(f)(3)(B). Grace now argues that it can obtain contribution under C.P.L.R. § 1401 predicated solely on Zotos' CERCLA liability.

A similar argument was soundly rejected by the Seventh Circuit in PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610 (7th Cir. 1998), and this Court sees no reason to deviate from that decision, which is consistent with the conflict preemption analysis previously employed in this Circuit. In PMC, there was no question that both the plaintiff and defendant were PRPs liable under CERCLA. *Id.* at 613. However, the plaintiff was denied contribution under section 113(f)(1) because it failed to submit its proposed cleanup method for public comment as required by the NCP. *Id.* at 616-17. After denying the plaintiff CERCLA contribution, the district court went on to award it contribution under the Illinois Contribution Act. The Seventh Circuit reversed, noting CERCLA's express limitations on the right of contribution and rejecting the plaintiff's argument that CERCLA's savings clause permitted it to utilize the state's **[*40]** contribution provisions to obtain contribution predicated on CERCLA liability:

> A savings clause is not intended to allow specific provisions of the statute that contains it to be nullified. CERCLA's savings clause must not be used to gut provisions of CERCLA. The purpose of a savings clause is merely to nix an inference that the statute in which it appears is intended to be the exclusive remedy for harms caused by the violation of the statute. . . . The passage of federal environmental laws was not intended to wipe out the common law of nuisance.

*Id.* at 618 (internal citations omitted). In short, a state law contribution claim cannot undermine the statutory limitations on a right to contribution under CERCLA.

This Court finds that, irrespective of Zotos' liability under CERCLA, Grace does not have a right to CERCLA-based contribution. Contrary to Grace's unsupported argument, there is nothing in Cooper that alters the preemption analysis previously employed in this Circuit and elsewhere.

### IV. SUMMARY

Grace is not entitled to an award of contribution from Zotos pursuant to CERCLA section 113 (f), 42 U.S.C. § 9613(f). **[*41]** (Docket No. 38, Count I).

Grace is not entitled to an award of contribution from Zotos pursuant to N.Y. C.P.L.R. § 1401 and common law. (Docket No. 38, Count II).

Grace is not entitled to a declaratory judgment defining Zotos' liability to Grace pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 9613(g)(2).

**ORDERS**

IT HEREBY IS ORDERED that the Clerk of the Court shall enter a Judgment in favor of Defendant Zotos International, Inc., consistent with this Decision and Order, pursuant to Rules 52(a) and 58 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: May 3, 2005

Buffalo, New York

WILLIAM M. SKRETNY

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist Lexis 8755**
View: Full
Date/Time: Friday, June 17, 2005 - 2:45 PM EDT

\* Signal Legend:
- Warning: Negative treatment is indicated
- Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.